Dennis J. Walsh, Esq., State Bar No. 106646
WALSH & ASSOCIATES, APC
Attorneys at Law
16633 Ventura Boulevard, Suite 1210
Encino, California 91436
Telephone Number: (818) 986-1776
Facsimile Number: (818) 382-2071

Attorneys for Defendants, SAUSALITO SCHOOL DISTRICT, MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES, ROSE ROBERSON SAULSALITO SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WINDSOR, SCOTTLAN WINDSOR, through and by his mother and Natural Guardian, Christina Windsor,<br><br>Plaintiff,<br><br>vs.<br><br>MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE, in her official capacity as Superintendent of the Marin County Office of Education, only; MARY OTTO, in her individual capacity and in her official capacity as the Credentials Specialist for the Marin County Office of Education; MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES, as individuals and in their official capacity as Trustees; ROSE ROBERSON, in her individual capacity and in her official capacity as Superintendent of the Sausalito School District, the CALIFORNIA COMMISSION ON TEACHER CREDENTIALING<br><br>Defendants | CASE NO: C07 2897 (EMC)<br><br>NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT; DECLARATIONS OF SUSAN SPAIN AND KATHLEEN BLAZEI and DENNIS J. WALSH; [PROPOSED] ORDER<br><br>DATE: October 22, 2007<br>TIME: 10:30 a.m.<br>COURTROOM: C |

---

1

NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT; CASE NO: C07 2897 (EMC)

TO THE HONORABLE EDWARD M. CHEN:

PLEASE TAKE NOTICE that on October 22, 2007 at 10:30 a.m., located at 450 Golden Gate Avenue, Courtroom C, Fifteenth Floor, San Francisco, California 94102, Defendants MARIN COUNTY OFFICE OF EDUCATION ("MCOE"), MARY JANE BURKE, MARY OTTO, MARIN COUNTY BOARD OF EDUCATION, SAUSALITO MARIN CITY SCHOOL DISTRICT, SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THORNTON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES and ROSE ROBERSON (collectively "defendants") will move to dismiss the "Complaint for Damages" ("complaint") of Plaintiffs CHRISTINA WINDSOR and SCOTTLAN WINDSOR, a minor, by and through and by his mother and natural guardian, CHRISTINA WINDSOR (collectively "plaintiff").

This motion to dismiss is made pursuant to Fed. R. Civ. P. 12(b)(5) on the following grounds:

1. Plaintiff has failed to sufficiently effectuate service of process upon the parties named as defendants in this matter.

This motion to dismiss is based upon this notice of motion, the attached memorandum of points and authorities, Defendants' Request for Judicial Notice, the pleadings and papers on file in this action, together with such oral and documentary evidence as may be presented at the hearing.

DATED: September 11, 2007

Respectfully submitted.

WALSH & ASSOCIATES, APC

By: /s/ Dennis J. Walsh
DENNIS J. WALSH, ESQ.
Attorneys for Defendants,
SAUSALITO SCHOOL DISTRICT, MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES, ROSE ROBERSON

2
NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT;
CASE NO: C07 2897 (EMC)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION/STATEMENT OF FACTS

This action represents the culmination of years of contentious litigation between plaintiff and the named defendants in this matter. After close to seven years, three separate lawsuits and countless pleadings, defendants now find themselves in federal district court facing essentially the same causes of actions alleged by the same plaintiff, CHRISTINA WINDSOR.

The instant pleading is in response to plaintiff's reckless service of process methodology which completely flouts any procedurally recognized methods of ensuring fair and appropriate service. Plaintiff's method of service does not involve a determination of whether or not those taking the complaint are authorized to receive process. In fact, the process server never even informs those who unwittingly took the complaint the nature of their visit in the first place.

Specifically, plaintiff alleges that process was served by her attorney on all of the named defendants by giving the complaint to either Sandy Crippen or Kathleen Blazei on August 21 or 22, 2007. (Plaintiff's Proof of Service of Summons and Complaint filed on August 24, 2007, with this honorable court (hereinafter "Proof of Summons") However, neither of these individuals are authorized to receive process for the individually named defendants or the public entity defendants in this matter. Moreover, when plaintiff's attorney arrived to serve the complaint it was contained in an unmarked envelop and neither Mrs. Crippen nor Kathleen Blazei were told what was in the envelop or what the nature of business the contents of the envelop pertained to. (See Declarations of Kathleen Blazei p.2, ¶5 and Susan Spain p.2, ¶7, incorporated herein by reference.) Most importantly, neither party was asked whether or not they were authorized to receive service of process on behalf of the parties that plaintiff alleges processes was effectuated on in this matter. (See Declarations of Kathleen Blazei p.2, ¶7 and Susan Spain p.2, ¶6, incorporated herein by reference.)

---
1
NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT;
CASE NO: C07 2897 (EMC)

Standards of fair play and substantial justice dictate more diligence on the part of plaintiff to effectuate proper notice when they intend on bringing a lawsuit against another.

## II. PROCEDURAL POSTURE

Plaintiff's Complaint for Damages ("complaint") was filed June 2, 2007. It alleges a potpourri of federal and state claims including 1) violation of 42 U.S.C. Section 1981; 2) violation of 42 U.S.C. Section 1983; 3) negligence; 4) Negligent Selection, Training, Retention, Supervision, Investigation, and Discipline; 5) Breach of Contract; 6) Negligent/Reckless Infliction of Emotional Distress; and 7) Loss of Support and Loss of Consortium.

Plaintiff alleges that her attorney served a true and correct copy of her complaint on all the named defendants in her action on either Sandy Crippen or Kathleen Blazei on either August 21 or 22, 2007. (Proof of Summons.)

## III. A 12(b)(5) MOTION IS APPROPRIATE WHERE DEFECTS IN THE MANNER OF SERVICE ARE PRESENT

Strict compliance is required with rules governing manner of service and "equitable" exceptions are not recognized. *Mid-Continent Wood Products, Inc. V. Harris* (7th Cir. 1991) 936 F2d 297, 301. Moreover, strict compliance is not excused by a finding that defendant has actual notice of lawsuit or actual service came reasonably close. *Id.* at 301-303.

### A. SERVICE OF PROCESS ON PUBLIC ENTITY DEFENDANTS WAS NOT PROPER

"Service upon a state, municipal corporation, or other governmental organization subject to suit shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and *complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant.*" FRCP 4(j)(2) (emphasis added.)

In suits against public authorities or agencies, service is made by delivering copies of the summons and complaint to the "clerk, secretary, president, presiding officer or other

head of its governing body." *Code of Civil Procedure* §416.50(a); see *Wagner v. City of South Pasadena* (2000) 78 Cal.App.4th 943, 951, 93 Cal.Rptr.2d 91, 96-97. Additionally, the mere fact that a person is another's agent for *business matters* is generally *not* enough to establish actual or implied authority to accept service of process ... even if the lawsuit is related to the business matters. *Warner Bros. Records, Inc. v. Golden West Music Sales* (1974) 36 Cal.App.3d 1012, 1018, 112 Cal.Rptr. 71, 75.

In this matter, neither Kathleen Blazei nor Sandy Crippen "is the clerk, secretary, president, presiding officer or other head" of any public entity named in plaintiff's complaint. Moreover, the mere fact that they perform secretarial duties associated with the day to day running of the government agency they serve, these duties do not, and cannot be presumed by plaintiff to extend to receiving service of process on behalf the entity. (See Declarations of Kathleen Blazei p.2, ¶2 and Susan Spain p.2, ¶¶ 3,4, incorporated herein by reference.) Defendants are at a loss as to why plaintiff failed to ask and simply assumed that Mrs. Blazei and Mrs. Crippen were authorized to receive service of process in this matter.

Based on the foregoing, defendants' respectfully request that their motion to dismiss for failure to effectuate proper service of process be granted.

1. **Plaintiff Was On Constructive Notice As To Who Were The Proper Parties To Serve On Behalf Of the Marin County Board Of Education**

As a matter of public record, plaintiff was on constructive notice as to who were the proper parties to serve on behalf of the Marin County Board of Education. (See March 3, 2007, Statement of Facts Roster of Public Agencies Filing attached as Exhibit "A" to both the declaration of Susan Spain and defendants' request for judicial notice filed in support of the instant pleading and incorporated herein by reference.) The Marin County Board of Education must file a Statement of Facts Roster of Public Agencies Filing with the Secretary of State's Office. It contains a list of the names, including the addresses, of individuals who can receive process on behalf of the Marin County Board of Education. Listed nowhere on

the filing is the name Sandy Crippen. Additionally, the only "secretary" listed, who may receive service of process, is Mary Jane Burke. Thus, this is further evidence that plaintiff has not properly served the public entity defendants in this matter.

 2. **Plaintiff Was On Constructive Notice As To Who Were The Proper Parties To Serve On Behalf Of the Marin County Board Of Education**

As a matter of public record, plaintiff was on constructive notice as to who were the proper parties to serve on behalf of the Saulsalito Marin City School District. (See December 8, 2006, Statement of Facts Roster of Public Agencies Filing attached as Exhibit "B" to both the declaration of Kathleen Blazie and defendants' request for judicial notice filed in support of the instant pleading and incorporated herein by reference.) The Sausalito Marin City School District must file a Statement of Facts Roster of Public Agencies Filing with the Secretary of State's Office. It contains a list of the names, including the addresses, of individuals who can receive process on behalf of the Sausalito Marin City School District. The only "secretary" listed, who may receive service of process, is Shirley Thornton, not Kathleen Blazei. Thus, this is further evidence that plaintiff has not properly served the public entity defendants in this matter.

 B. **SERVICE OF PROCESS ON PUBLIC ENTITY EMPLOYEE DEFENDANTS WAS NOT PROPER**

Local government employees who are sued in their individual capacities must be served as individuals. *Allison v. Utah County Corp.* (D UT 2004)335 F.Supp.2d 1310, 1314.

An individual may be served "pursuant to the law of the state in which the district is located, *or in which service is effectuated...*" FRCP 4(e)(1) (emphasis added.)

Substituted Service of process, in lieu of personal delivery of a copy of the summons and complaint to the person to be served, can be accomplished by "*leaving a copy* of the summons and complaint during usual office hours *in his or her office...*" California Code

4
NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT;
CASE NO: C07 2897 (EMC)

of *Civil Procedure* § 415.20(a)) (emphasis added.) Additionally, process of service can be substituted "by delivering a copy of the summons and of the complaint...*to a person authorized by him* to receive service of process." (Code of *Civil Procedure* § 416.90 (emphasis added.)

In this case, by plaintiff's own admission she served the individually named defendants, who are being sued in their official and individual capacity, on either Kathleen Blazei or Sandy Crippen. (See Proof of Summons.) As such, in order for service of process to be effectuated against the individually named defendants in this matter, Mrs. Blazei or Mrs. Crippen would have to be authorized by the named defendants to receive process, or they would have to work in the same office as the named defendant. None of these factual circumstances exist in the instant matter. (See Declarations of Kathleen Blazei p.2, ¶4 and Susan Spain p.2, ¶¶ 3,4, incorporated herein by reference.).

Based on the foregoing, defendants respectfully request that their motion to dismiss for failure to effectuate proper service of process be granted

## VI. CONCLUSION

Based on the foregoing, plaintiff's complaint should be dismissed for failure to effectuate proper service of process on all defendants in this matter.

DATED: September 11, 2007

Respectfully submitted.

WALSH & ASSOCIATES, APC

By: *Dennis J. Walsh*
DENNIS J. WALSH, ESQ.
Attorneys for Defendants,
SAUSALITO SCHOOL DISTRICT, MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES, ROSE ROBERSON

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA   )
                      )§
COUNTY OF LOS ANGELES )

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action. My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

    On **September 11, 2007**, I served the described **NOTICE OF MOTION AND MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT; DECLARATIONS OF SUSAN SPAIN AND KATHLEEN BLAZEI and DENNIS J. WALSH; [PROPOSED] ORDER** on the interested parties in this action, as follows:

Amanda Metcalf, Esq.
Nyanza Shaw, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, California 94901
Telephone Number: (415) 454-0945
Facsimile Number: (415) 454-0145
Counsel for Plaintiffs, Christina Windsor
and Scottlan Windsor

    (BY UNITED STATES POSTAL SERVICE). I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

xxx   (NEXT BUSINESS DAY). I deposited a sealed envelope containing a true and correct copy of the above-entitled document, in a regularly maintained receptacle of the overnight courier, for delivery on the next business day.

xxx   (ELECTRONIC TRANSMISSION). I served a true and correct copy of the above-entitled document upon the interested party, via electronic transmission.

xxx   (FEDERAL). I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on September 11, 2007, at Encino, California.

_Cheryl C. Crowley_ (signature)
Cheryl C. Crowley