Dennis J. Walsh, Esq., State Bar No. 106646
Adam N. Bouayad, Esq., State Bar No. 248087
WALSH & ASSOCIATES, APC
16633 Ventura Boulevard, Suite 1210
Encino, California 91436
Telephone Number: (818) 986-1776
Facsimile Number: (818) 382-2071

Attorneys for Defendants, SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF
EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION;
the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL
DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF,
RONNIE JONES, ROSE ROBERSON SAULSALITO SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTINA WINDSOR, SCOTTLAN WINDSOR, through and by his mother and Natural Guardian, Christina Windsor, <br><br> Plaintiff, <br><br> vs. <br><br> MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE, in her official capacity as Superintendent of the Marin County Office of Education, only; MARY OTTO, in her individual capacity and in her official capacity as the Credentials Specialist for the Marin County Office of Education; MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES, as individuals and in their official capacity as Trustees; ROSE ROBERSON, in her individual capacity and in her official capacity as Superintendent of the Sausalito School District, the CALIFORNIA COMMISSION ON TEACHER CREDENTIALING, <br><br> Defendants | CASE NO: C07 02897 (JSW) <br><br> **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT OF CHRISTINA AND SCOTTLAN WINDSOR PURSUANT TO RULE 12(b)(6); DECLARATION OF DENNIS J. WALSH IN SUPPORT THEREOF; AND [PROPOSED] ORDER** <br><br> **[Filed concurrently with Declaration of Dennis J. Walsh In Support Thereof; Request for Judicial Notice; and [Proposed] Order]** <br><br> **DATE:** December 20, 2007 (JCS) <br> **TIME:** 9:30 a.m. <br> **COURTROOM:** A, Fifteenth Floor |

TO THE HONORABLE JOSEPH C. SPERO:

PLEASE TAKE NOTICE that on December 20, 2007 at 9:30 a.m., located at 450 Golden Gate Avenue, Courtroom A, Fifteenth Floor, San Francisco, California 94102, Defendants MARIN COUNTY OFFICE OF EDUCATION ("MCOE"), MARY JANE BURKE, MARY OTTO, MARIN COUNTY BOARD OF EDUCATION, SAUSALITO MARIN CITY SCHOOL DISTRICT, SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THORNTON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES and ROSE ROBERSON (collectively "defendants") will move to dismiss the "Complaint for Damages" ("complaint") of Plaintiffs CHRISTINA WINDSOR and SCOTTLAN WINDSOR, a minor, by and through and by his mother and natural guardian, CHRISTINA WINDSOR (collectively "plaintiff").

This motion to dismiss is made pursuant to Fed. R. Civ. P. 12(b)(6) on the following grounds:

A.  As to Plaintiffs' First Claim for Relief Alleging a Violation of 42 U.S.C §1981; and Second Claim for Relief for 42 U.S.C.. 1983 - Right to Freedom of Speech and Association and the Right Not to Be Deprived of Life, Liberty and Property Without Due Process of Law under the U.S. Constitution;

   1.  Plaintiffs Fail to State a Claim upon Which the Court Can Grant Relief Because Defendants Are Immune from Suit in Federal Court under the Eleventh Amendment;

   2.  Defendants Roberson, Otto and the Individual Board of Trustees Thornton, Fraser, Huff and Jones Sued in Their Personal Capacities Are Immune from Liability;

   3.  Plaintiffs Fail to State a Claim upon Which the Court Can Grant Relief as to Their First and Second Claims for Relief Because Plaintiffs Are Time Barred from Bringing These Claims;

B.  Plaintiff's State Law Claims Are Barred by California Law;

   1.  All of Plaintiffs' State Claims for Relief Against Defendants Burke, Otto, Board, Board of Trustees, Trustees and Rose Roberson Are Barred as a Matter of Law for Failure to Allege a Timely Filing of a Government Claim;

   2.  All of Plaintiffs' State Claims for Relief Against All Defendants Are Barred as a Matter of Law for Failure To File a Lawsuit Within Six Months after Plaintiff's Governmental Claims Were Rejected;

3.    Plaintiff's Third, Fourth , Sixth and Seventh Claims for Relief Are Barred as a Matter of Law for Failure to Allege Them in a Timely Governmental Claim;

4.    Plaintiffs Failed to File an Application for Leave to File a Late Governmental Claim for Any of Their Claims for Relief;

C.    As to Plaintiffs' Third and Fourth Claims for Relief Alleging Negligence and Negligent Selection, Investigation, Retention, Supervision, and Discipline;

1.    Plaintiff's Are Barred from Bringing Their Third and Fourth Claims for Relief as a Matter of Law for Failing to Exhaust Their Administrative Remedies by Filing a Timely Governmental Claim;

2.    Plaintiffs' Third and Fourth Claims for Relief Against Public Entity Defendants Mcoe; Marin County Board of Education; Sausalito Marin City School District; and Sausalito Marin City School District Board of Trustees Are Without a Statutory Basis;

3.    Defendants Burke; Roberson; Otto; and the Individual Board of Trustees Are Afforded Discretionary Immunity from Suit;

D.    As to Plaintiffs' Fifth Claim for Relief Alleging Breach of Contract Against MCOE, District, Board, Trustees;

1.    Plaintiff's Are Barred from Bringing Their Fifth Claim for Relief Alleging Breach of Contract Against the District, Board, and Trustees as a Matter of Law;

2.    Plaintiffs' Are Barred from Bringing Their Fifth Claims for Relief Alleging Breach of Contract Against MCOE as a Matter of Law;

E.    As to Plaintiffs' Sixth and Seventh Claims for Relief Alleging Negligent/Reckless Infliction of Emotional Distress and Loss of Support/consortium Against Defendants MCOE, District, Board, Trustees, Roberson and Otto;

1.    Plaintiff Scottlan Windsor's Claims for Negligent/Reckless Infliction of Emotional Distress and Loss of Support/consortium Are Barred as a Matter of Law;

2.    Plaintiff Scottlan Windsor Cannot Bring His Claims for Relief Alleging

Negligent/Reckless Infliction of Emotional Distress and Loss of Support/Consortium

as a Matter of Law;

This motion to dismiss is based upon this notice of motion, the attached memorandum of points and

authorities, Defendants' Request for Judicial Notice and Declaration of Dennis J. Walsh filed concurrently

with the instant motion, the pleadings and papers on file in this action, together with such oral and

documentary evidence as may be presented at the hearing.


DATED:   October 25, 2007                          Respectfully submitted.

                                                   WALSH & ASSOCIATES, APC

                               By:                 _____
                                                   DENNIS J. WALSH, ESQ.
                                                   ADAM N. BOUAYAD, ESQ.
                                                   Attorneys for Defendants, SAUSALITO SCHOOL
                                                   DISTRICT , MARIN COUNTY OFFICE OF
                                                   EDUCATION, MARY JANE BURKE; MARY OTTO,
                                                   MARIN COUNTY BOARD OF EDUCATION; the
                                                   SAUSALITO MARIN CITY SCHOOL DISTRICT;
                                                   the  SAUSALITO  MARIN  CITY  SCHOOL
                                                   DISTRICT BOARD OF TRUSTEES, SHIRLEY
                                                   THOMPSON, STEPHAN FRASER, BRUCE HUFF,
                                                   RONNIE JONES, ROSE ROBERSON

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

# **TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.  INTRODUCTION/STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  OCTOBER 2002 RULING ON DEMURRER TO FIRST AMENDED COMPLAINT . . 1

    B.  AUGUST 2005 RULING ON PLAINTIFF'S MOTION TO AMEND/SUPPLEMENT
    HER FIRST AMENDED COMPLAINT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    C.  PLAINTIFF FILES ANOTHER COMPLAINT IN SUPERIOR COURT OF
    CALIFORNIA, COUNTY OF MARIN, CASE NO. 060248 TO CIRCUMVENT
    THE AUGUST 2005 RULING IN CASE NO. CV012272- COURT
    SUBSEQUENTLY RULES THAT THE COMPLAINT IS A "SHAM
    PLEADING" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    D.  PLAINTIFF FILES A MOTION TO AMEND HER COMPLAINT
    AGAINST PREVIOUSLY DISMISSED DEFENDANTS AND DEFENDANT
    MARIN COUNTY OFFICE OF EDUCATION ("MCOE") WHICH IS DENIED BY '
    THE COURT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    E.  PLAINTIFF FILES A COMPLAINT AGAINST DEFENDANT MARIN COUNTY
    OF EDUCATION (MCOE) IN SUPERIOR COURT OF CALIFORNIA, COUNTY
    OF MARIN, CASE NO. CV071483 TO CIRCUMVENT AUGUST 2005 RULING
    IN CASE NO. CV012272 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  PROCEDURAL HISTORY OF THIS LAWSUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  LAW AND ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A.  THE COURT HAS THE POWER TO GRANT A MOTION TO DISMISS FOR
    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED . . . . 5

    B.  AS TO PLAINTIFFS' FIRST CLAIM FOR RELIEF ALLEGING A VIOLATION
    OF 42 U.S.C §1981; AND SECOND CLAIM FOR RELIEF  FOR 42 U.S.C. 1983 -
    RIGHT TO FREEDOM OF SPEECH AND ASSOCIATION AND THE RIGHT NOT
    TO BE DEPRIVED OF LIFE, LIBERTY AND PROPERTY WITHOUT DUE
    PROCESS OF LAW UNDER THE U.S. CONSTITUTION . . . . . . . . . . . . . . . . . . . . 6

        1.  PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH THE COURT
        CAN GRANT RELIEF BECAUSE DEFENDANTS ARE IMMUNE FROM
        SUIT IN FEDERAL COURT UNDER THE ELEVENTH
        AMENDMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

            a.  As To Defendants MCOE, BOARD, DISTRICT, MARIN CITY
            SCHOOL DISTRICT BOARD OF TRUSTEES . . . . . . . . . . . . . . . . . 6

            b.  As To Defendants ROBERSON, OTTO And The Individual Board
            Of Trustees THORNTON, FRASER, HUFF And JONES Sued In
            Their Official Capacities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        2.  DEFENDANTS ROBERSON, OTTO AND THE INDIVIDUAL BOARD
        OF TRUSTEES THORNTON, FRASER, HUFF AND JONES SUED IN

THEIR PERSONAL CAPACITIES ARE IMMUNE FROM LIABILITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

3.    PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH THE COURT CAN GRANT RELIEF AS TO THEIR FIRST AND SECOND CLAIMS FOR RELIEF BECAUSE PLAINTIFFS ARE TIME BARRED FROM BRINGING THESE CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

C.    PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY CALIFORNIA LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

1.    ALL OF PLAINTIFFS' STATE CLAIMS FOR RELIEF AGAINST DEFENDANTS BURKE, OTTO, BOARD, BOARD OF TRUSTEES, TRUSTEES AND ROSE ROBERSON ARE BARRED AS A MATTER OF LAW FOR FAILURE TO ALLEGE A TIMELY FILING OF A GOVERNMENT CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

2.    ALL OF PLAINTIFFS' STATE CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS ARE BARRED AS A MATTER OF LAW FOR FAILURE TO FILE A LAWSUIT WITHIN SIX MONTHS AFTER PLAINTIFF'S GOVERNMENTAL CLAIMS WERE REJECTED . . . . . . . . . 15

3.    PLAINTIFF'S THIRD, FOURTH , SIXTH AND SEVENTH CLAIMS FOR RELIEF ARE BARRED AS A MATTER OF LAW FOR FAILURE TO ALLEGE THEM IN A TIMELY GOVERNMENTAL CLAIM . . . . . . . . . . . 15

4.    PLAINTIFFS FAILED TO FILE AN APPLICATION FOR LEAVE TO FILE A LATE GOVERNMENTAL CLAIM FOR ANY OF THEIR CLAIMS FOR RELIEF . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

D.    AS TO PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF ALLEGING NEGLIGENCE AND NEGLIGENT SELECTION, INVESTIGATION, RETENTION, SUPERVISION, AND DISCIPLINE . . . . . . . . . . 16

1.    PLAINTIFF'S ARE BARRED FROM BRINGING THEIR THIRD AND FOURTH CLAIMS FOR RELIEF AS A MATTER OF LAW FOR FAILING TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BY FILING A TIMELY GOVERNMENTAL CLAIM . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

2.    PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF AGAINST PUBLIC ENTITY DEFENDANTS MCOE; MARIN COUNTY BOARD OF EDUCATION; SAUSALITO MARIN CITY SCHOOL DISTRICT; AND SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES ARE WITHOUT A STATUTORY BASIS . . . . . . . . . . . . . . . . . 16

3.    DEFENDANTS BURKE; ROBERSON; OTTO; AND THE INDIVIDUAL BOARD OF TRUSTEES ARE AFFORDED DISCRETIONARY IMMUNITY FROM SUIT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

E.    AS TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF ALLEGING BREACH OF CONTRACT AGAINST MCOE, DISTRICT, BOARD, TRUSTEES . . . . . . . . . . 19

1.  PLAINTIFF'S ARE BARRED FROM BRINGING THEIR FIFTH CLAIM FOR RELIEF ALLEGING BREACH OF CONTRACT AGAINST THE DISTRICT, BOARD, AND TRUSTEES AS A MATTER OF LAW . . . . . . . . . 19

2.  PLAINTIFFS' ARE BARRED FROM BRINGING THEIR FIFTH CLAIMS FOR RELIEF ALLEGING BREACH OF CONTRACT AGAINST MCOE AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

F.  AS TO PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF ALLEGING NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF SUPPORT/CONSORTIUM AGAINST DEFENDANTS MCOE, DISTRICT, BOARD, TRUSTEES, ROBERSON AND OTTO . . . . . . . . . . 21

1.  PLAINTIFF SCOTTLAN WINDSOR'S CLAIMS FOR NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF SUPPORT/CONSORTIUM ARE BARRED AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

2.  PLAINTIFF SCOTTLAN WINDSOR CANNOT BRING HIS CLAIMS FOR RELIEF ALLEGING NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF SUPPORT/CONSORTIUM AS A MATTER OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

a.  Plaintiff Cannot Allege A Claim For Relief For Negligent/Reckless Infliction of Emotional Distress As A Matter Of Law . . . . . . . . . . . . . . 21

b.  Plaintiff Cannot Allege A Claim For Loss of Support/Consortium As A Matter Of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

G.  IN THE EVENT THAT THIS COURT DOES DISMISS PLAINTIFFS' FEDERAL CLAIMS, BUT NOT PLAINTIFFS' STATE CLAIMS, JUDICIAL ECONOMY, CONVENIENCE, FAIRNESS AND COMITY REQUIRE THAT THE COURT RELINQUISH SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS . . . . . . . . . . . . . . . . . . . . . . 23

VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

# **TABLE OF AUTHORITIES**

*Caldwell v. Montoya* (1995) 10 C4th 972, 42 CR2d 842 ............................... 18, 19

*Dilts v. Cantua Elementary School District* (1987) 189 CA3d 27, 31, 234 CR 612 ............... 13

*Duarte v. San Jose* (1980) 100 Cal.App.3d 648, 653. ............... 16

*Fox v. Fresno* (1985) 170 Cal.App.3d 1238 ............... 16

*Loher v. Ventura County Community College District* (1983) 147 CA3d 1071, 1079, 195 CR 576 ... 13

*Munoz v. State* (1995) 33 Cal.App.4th 1776, 1779, 39 Cal.Rptr.2d 860. ............... 16

*Myers v. County of Orange* (1970) 6 CA3d 626, 86 CR 198. ............... 13

*Thing v. La Chusa,* (1989) 48 Cal.3d 644, 667-668, 771 P.2d 814, 829-830,
        257 Cal.Rptr. 865,880 - 881 ............... 21

*Tolan v. State* (1980) 100 Cal.App.3d 980, 983 ............... 16

*State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, ............... 13

**FEDERAL CASES**

*Balisteri v. Pacifica Police Dept.* (9th Cir. 1990) 901 F.2d 696, 699 ............... 6

*Belanger v. Madera Unified School District,* (9th Cir. 1992) 963 F.2d 248, 250-251 ............... 7, 8

*Carmen v. San Francisco Unified School Dist.* (N.D. Cal. 1993) 982 F.Supp. 1396, 1403 ......... 6, 9

*Del Perico v. Thornsley,* (9th Cir. 1989) 877 F.2d 785, 786 ............... 11

*Doe v. Petaluma City School Dist.,* (N.D. Cal. 1993) 830 F.Supp. 1560, 1577 ............... 8

*Downing v. West Haven Board of Ed., (2001) 162 F.Supp.2d 19, 29-30* ............... 9, 15

*Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California*
        (9th Cir., 1994)  24 F.3d 1545, 1552 ............... 23

*Gibson v. United States,* (9th Cir. 1986) 781 F.2d 1334, 1339 ............... 11, 19

*Harlow v. Fitzgerald,* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 ......... 9, 14

*Hunter v. Bryant,* (1991) 502 U.S. 224, 229, 112 S.Ct. 534, 537 ............... 9, 15

*Kirchmann v. Lake Elsinore Unified School District,*
        (2000) 83 Cal.App.4th 1098, 1101-1102, 100 Cal.Rptr.2d 289, 292 ............... 8

*Lytle v. Wondrash,* (9th Cir. 1999) 182 F.3d 1083, 1086 ............... 9, 14

*McQuirk v. Donneley* (9th Cir. 1999) 189.Fd792 ............... 17, 18

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

*Meredith v. Scruggs,* (9th Cir. 1957) 244 F2d 604. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Mitchell v. Los Angeles Community College Dist.,* (9th Cir. 1988) 861 F.2d 198, 201 . . . . . . . . . . . . . 7

*Neitzke v. Williams* (1989) 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338. . . . . . . . . . 5

*Neveu v. City of Fresno* (E.D.Cal.,2005) 392 F.Supp.2d 1159, 1174 . . . . . . . . . . . . . . . . . . . . . . . 11

*O.H. v. Oakland Unified School District,* (N.D. Cal. 2000) 2000 WL 33376299 . . . . . . . . . . . . . . . . 7

*Regents of the University of California v. Doe,* (1997) 519 U.S.425, 429, 117 S.Ct. 900, 903, 137 L.Ed.2d 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Saul v. United States* (9th Cir. 1991) 928 F.2d 829, 843 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Serrano v. Priest,* (1976) 18 Cal.3d 728, 135 Cal.Rptr. 345, 557 P.2d 929 . . . . . . . . . . . . . . . . . . . 8

*Taylor v. Regents of University of California* (9th Cir. 1993) 993 F.2d 710, 711–712 . . . . . . . . . . . . . 11

*Will v. Michigan Department Of State Police,* (1989) 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 . . . . . . . . 8

*Wilson v. Garcia,* (1985) 471 U.S. 261, 275, 105 S.Ct. 1938, 1946 . . . . . . . . . . . . . . . . . . . . . . . . 11

**STATUTES**

42 U.S.C. §§ 1981 and 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

42 U.S.C.A. §1981 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 12

42 USC § 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 6, 9, 12

*Business & Professions Code* §17200 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*California Code of Civil Procedure* §335.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Cal. Gov't Code* §§§905, 905.2, 945.4 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Government Code* §815 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Government Code* §820.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Government Code* §911.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Government Code* §945.4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION/STATEMENT OF FACTS

Plaintiff's entire complaint arises out of an action that has been pending for more then seven (7) years entitled *Christina v. Windsor v. Sausalito School District* now pending in the Superior Court of California, County of Marin (Case No. CV12272). CHRISTINA WINDSOR'S ("plaintiff") litigation history against the Saulsalito School District ("DISTRICT") and former and present employees of the DISTRICT is illustrative of plaintiff's never-ending quest to maintain frivolous claims against previously dismissed defendants and the DISTRICT.  The filing of this action represents plaintiff's latest attempt at evading what amounts to no less than six (6) prior court orders denying plaintiff CHRISTINA WINDSOR leave to amend and/or supplement her existing complaint in Case No. CV012272.  Plaintiff CHRISTINA WINDSOR is essentially forum shopping in an attempt to revive former claims against the district and previously dismissed defendants by bootstrapping her previously alleged state claims to federal causes of action by alleging violations of 42 U.S.C. §§ 1981 and 1983, both of which are timed barred by the relevant statute of limitations.

### A.   OCTOBER 2002 RULING ON DEMURRER TO FIRST AMENDED COMPLAINT

Plaintiff CHRISTINA WINDSOR filed her initial complaint on *May 11, 2001* in the Superior Court of California, County of Marin, in Case No. CV012272, against the District and certain individually-named defendants.  Plaintiff subsequently filed an amended complaint in Case No. CV012272. (See Plaintiff CHRISTINA WINDSOR'S First Amended Complaint filed the Superior Court of California, County of Marin, Case No. CV12272, filed on or about August 26, 2007, attached as **Exhibit "A"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and Defendants' Request For Judicial Notice in Support of Motion to Dismiss Plaintiff's Complaint Pursuant to 12(b)(6) (hereinafter "RJN") and incorporated herein by reference.)  In response, defendants filed a demurrer to plaintiff's causes of action for Tortious Demotion and Discharge in Violation of Public Policy; *Breach of Contract*; Breach of Covenant of Good Faith and Fair Dealing; Fraudulent Inducement, Conspiracy and Defamation.  Following hearing on the demurrer, the individual defendants were dismissed in October 2002 on the grounds that the complaint failed to allege facts sufficient to state a cause of action against the individuals.  The dismissal included ROSE ROBERSON, SHIRLEY THORNTON, BRUCE HUFF, STEVE FRASER, and RONNIE

JONES, all defendants individually named in the present matter. (See of Honorable Michael B. Dufficy's October 24, 2002, Ruling on Defendants' Demurrer to Plaintiff CHRISTINA WINDSOR'S First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, attached as **Exhibit "B"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and Defendants' Support of RJN and incorporated herein by reference.) The only remaining defendant in case No. CV012272 is the DISTRICT, and plaintiff's sole remaining cause of action is for Tortious Discharge in Violation of Public Policy. This matter is set to go to trial on January 11, 2008.

B.    **AUGUST 2005 RULING ON PLAINTIFF'S MOTION TO AMEND/SUPPLEMENT HER FIRST AMENDED COMPLAINT**

In an attempt to revive claims against Dr. Roberson and the District, plaintiff filed a motion to amend and/or supplement her First Amended Complaint in 2005. On August 25, 2005, the court denied plaintiff's motion to supplement her complaint. Specifically, the Court found that the motion was not based on "new facts." (See of Honorable Michael B. Dufficy's September 6, 2005 Decision and August 8, 2005, Tentative Ruling denying plaintiff CHRISTINA WINDSOR'S Motion to Amend/Supplement First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, attached as **Exhibit "C"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and in Support of RJN and incorporated herein by reference.)

C.    **PLAINTIFF FILES ANOTHER COMPLAINT IN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN, CASE NO. 060248 TO CIRCUMVENT THE AUGUST 2005 RULING IN CASE NO. CV012272- COURT SUBSEQUENTLY RULES THAT THE COMPLAINT IS A "SHAM PLEADING"**

Rather than abide by the court's August 2005 directive, in January 2006, plaintiff CHRISTINA WINDSOR simply took her proposed *supplemental/amended* complaint, walked across the hall of the same courthouse, and filed a new lawsuit, Case No. 060248. (See Plaintiff CHRISTINA WINDSOR'S Complaint For Damages filed in Superior Court of California, County of Marin, Case No. 060248, filed on January 20, 2006, attached as **Exhibit "D"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and Support of RJN and incorporated herein by reference.)

The causes of action alleged and the issues raised in the complaint of Case No. 060248 were the

subjects of two previous court orders in the Case N0. CV012272; the first dismissing plaintiff CHRISTINA WINDSOR'S claims against the Dr. Marie Roberson (former Superintendent of the Sausalito School District) back in October 2002, and the second denying plaintiff leave to amend her complaint to include the causes of action alleged in the complaint for Case No. 060248 for Violation of 42 USC § 1983; Intentional Interference with Economic Relations; Conspiracy to Interfere With Economic Relations; Intentional and *Negligent Infliction of Emotional Distress*; and Deceit.  Although plaintiff's claims against ROBERSON were sustained by demurrer three-and-one-half years ago, plaintiff was simply unwilling to abide by Judge Dufficy's rulings.

Defendant ROBERSON filed a demurrer to the case No. 060248 on the grounds that the entire complaint was a "sham" pleading filed to circumvent a prior judicial directive issued by the court in Case No. CV012272.  The court agreed and sustained Dr. Roberson's demurrer ***without leave to amend***. (See of Honorable John A. Sutro, Jr.'s Order Re Defendant Rose Marie Roberson's Demurrer to Plaintiff's Complaint in Superior Court of California, County of Marin, Case No. 060248, filed on July 18, 2006, attached as **Exhibit "E"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and  Support of RJN and incorporated herein by reference.)

## D.     <u>PLAINTIFF FILES A MOTION TO AMEND HER COMPLAINT AGAINST PREVIOUSLY DISMISSED DEFENDANTS AND DEFENDANT MARIN COUNTY OFFICE OF EDUCATION ("MCOE") WHICH IS DENIED BY THE COURT</u>

In another attempt to resurrect claims against previously dismissed defendants CHRISTINA WINDSOR, as well as the MCOE, plaintiff filed a motion to amend her complaint in January 2007 in Case No. CV012272. (See Declaration of Amanda Metcalf In Support of Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, filed on or about January 25, 2007, attached as **Exhibit "F"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and Support of RJN and incorporated herein by reference.)   The matter was reviewed by the court after it heard oral argument on the matter.  The motion was taken under submission by the court and a ruling was issued by the Court on April 2, 2007.  The court flatly denied plaintiff's motion. (See Honorable James R. Ritchie's March 30, 2007 Order denying plaintiff CHRISTINA WINDSOR'S Motion to File an Amended Complaint in Superior court of California, County of Marin, Case No. CV012272, filed on April 2, 2007,

attached as **Exhibit "G"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and  Support of RJN and incorporated herein by reference.)

Given that the Court denied plaintiff's motion to amend in its entirety, the claims asserted in the Proposed Second Amended Complaint applied to all causes of action against MCOE as well as the DISTRICT and previously-dismissed individual defendants.

E.   **PLAINTIFF FILES A COMPLAINT AGAINST DEFENDANT MARIN COUNTY OF EDUCATION (MCOE) IN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN, CASE NO. CV071483 TO CIRCUMVENT AUGUST 2005 RULING IN CASE NO. CV012272**

In blatant disregard of the Court's April 2, 2007, order denying plaintiff CHRISTINA WINDSOR leave to amend her complaint, once again plaintiff simply walked across the hall of the Marin County Superior Courthouse and filed a separate action on April 3, 2007 (CV071483). (See Plaintiff CHRISTINA WINDSOR'S Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on April 3, 2007, attached as **Exhibit "H"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and  Support of RJN and incorporated herein by reference.) The complaint against defendant MARIN COUNTY OF EDUCATION ("MCOE") which alleges causes of action for breach of contract and negligence was subsequently amended to allege compliance with the tort claims act. Defendant, MCOE, demurred which the court sustained allowing plaintiff 20 days to amend. (See Order Following Tentative Ruling Sustaining Defendant's Demurrer to Plaintiff Complaint For Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on September 25, 2007, attached as **Exhibit "I"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and  Support of RJN and incorporated herein by reference.)

As a further example of plaintiffs' vexatious nature and desire to use this Court as another forum to assert claims and sue defendants previously dismissed in previous state actions, plaintiff CHRISTINA WINDSOR has not dismissed her complaint against MCOE in Marin County Superior Court Case CV071483 as she represented to this Court in her Complaint.  (Complaint ¶24.)  In fact, plaintiff CHRISTINA WINDSOR not only has continued to pursue said lawsuit but has also filed an amended complaint alleging another cause of action against a new, previously unnamed defendant, MARY OTTO.

(See Plaintiff CHRISTINA WINDSOR'S First Amended Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on October 12, 2007, attached as **Exhibit "J"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and Support of RJN and incorporated herein by reference.)

Plaintiff CHRISTINA WINDSOR is now attempting another bite at the apple by filing the instant Complaint in federal court. As such, the instant matter represents plaintiff's attempt to contravene previous state court rulings, and if allowed to survive defendants motion to dismiss, would result in a miscarriage of justice violating traditional notions of fair play and substantial justice by forcing previously dismissed defendants back into court to litigate previously dismissed causes of action.

## II.   PROCEDURAL HISTORY OF THIS LAWSUIT

On June 4, 2007, plaintiffs CHRISTINA WINDSOR and SCOTTLAN WINDSOR, through and by his mother and Natural Guardian, Christina Windsor, filed a Complaint for Damages ("Complaint").

Plaintiffs attempted to effectuate service on defendants on August 21 and 22. Defendants filed a Motion to Quash Service of Summons and Complaint on September 11, 2007. Instead of proceeding on defendants' Motion to Quash, the parties stipulated to receive service of process through and by their counsel of record, Walsh & Associates, APC. Furthermore, it was stipulated that the time for filing a responsive pleading to plaintiffs' Complaint would extend to October 25, 2007. (See Stipulation Re Service of Summons and Complaint and Time for Filing Responsive Pleading, on file with this court.)

## III.   LAW AND ARGUMENT

### A.   THE COURT HAS THE POWER TO GRANT A MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

A motion to dismiss under *Federal Rules of Civil Procedure, Rule 12(b)(6)* tests the legal sufficiency of the claim stated in the complaint. *Neitzke v. Williams* (1989) 490 U.S. 319, 328, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338. *Rule 12(b)(6)* states in pertinent part, "Every defense, in law or fact, to a claim..., shall be asserted in the response thereto if one is required, except that the following defenses may at the option of the pleader be made by motion:...(6) Failure to state a claim upon which relief can be granted... ."

A rule 12(b)(6) dismissal is proper where there is either a lack of a cognizable legal theory or there is absence of sufficient facts under a cognizable legal theory. *Balisteri v. Pacifica Police Dept.* (9th Cir.

1990) 901 F.2d 696, 699; see *Saul v. United States* (9th Cir. 1991) 928 F.2d 829, 843 (not an error for court to deny leave to amend where the amendment would be futile, or here the amended complaint would still be subject to dismissal.)

For the reasons set forth below, dismissal is proper pursuant to the immunities afforded all defendants, the fact that plaintiffs are time barred from bringing their federal claims for relief and barred as a matter of law from bringing each and every state law claim for relief alleged in the complaint for failure to exhaust their administrative remedies. Furthermore, there is no legal basis for recovery in the case law allowing plaintiff SCOTTLAN WINDSOR to recover for loss of consortium or infliction of emotional distress claim.

**B.**   **AS TO PLAINTIFFS' FIRST CLAIM FOR RELIEF ALLEGING A VIOLATION OF 42 U.S.C §1981; AND SECOND CLAIM FOR RELIEF FOR 42 U.S.C. 1983 - RIGHT TO FREEDOM OF SPEECH AND ASSOCIATION AND THE RIGHT NOT TO BE DEPRIVED OF LIFE, LIBERTY AND PROPERTY WITHOUT DUE PROCESS OF LAW UNDER THE U.S. CONSTITUTION**

**1.**   **PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH THE COURT CAN GRANT RELIEF BECAUSE DEFENDANTS ARE IMMUNE FROM SUIT IN FEDERAL COURT UNDER THE ELEVENTH AMENDMENT**

**a.**   **As To Defendants MCOE, BOARD, DISTRICT, MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES**

42 U.S.C.A. §1981 states in pertinent part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishments, pains, penalties, taxes, licenses, and exactions of every kind, and to no other." *Carmen v. San Francisco Unified School Dist.* (N.D. Cal. 1993) 982 F.Supp. 1396, 1403.

42 U.S.C.A. §1983 states, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any

rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

The Eleventh Amendment prohibits federal courts from hearing "any suit in law or equity, commenced or prosecuted against one of the United States...." The prohibition "encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities." *Regents of the University of California v. Doe* (1997) 519 U.S. 425, 429, 117 S.Ct. 900, 903, 137 L.Ed.2d 55.

"[T]he Ninth Circuit is silent on this issue and the Court declines to hold that the Eleventh Amendment has been abrogated with respect to section 1981." *Carmen, supra,* 982 F.Supp. at 1403. Moreover, "Eleventh Amendment immunity has not been abrogated with respect to section 1983 claims." *Supra.*

In *Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248, 250-251, "the Ninth Circuit considered whether a California school district is a state agency for the purposes of the Eleventh Amendment. The court examined the following factors in making its determination: 1) whether a money judgment would be satisfied out of state funds; 2) whether the school district performs 'central governmental functions'; 3) whether the school district may sue or be sued; 4) whether the school district has the power to take property in its own name or only that of the state; 5) the corporate status of the entity." *O.H. v. Oakland Unified School District* (N.D. Cal. 2000) 2000 WL 33376299, citing *Belanger*, 963 F.2d at pp. 250-251 (applying the five-part test articulated in *Mitchell v. Los Angeles Community College Dist.* (9th Cir. 1988) 861 F.2d 198, 201.) "The court looked to California law to determine whether these factors supported a finding that California school districts are state agencies and therefore are immune from suit in federal court." *O.H., supra,* citing *Belanger*, 963 F.2d at p. 254.

The court concluded the city school district was an arm of the state, and therefore enjoyed Eleventh Amendment immunity. "The court noted that, unlike school districts in most states, California districts were

funded primarily by the state.  This was attributable to two factors - - first, the need to ensure quality of funding as required by *Serrano v. Priest* (1976) 18 Cal.3d 728, 135 Cal.Rptr. 345, 557 P.2d 929, and second, the limitations on local property tax revenues imposed by Proposition 13.  Therefore, a judgment against the school district would be paid using state funds. *Kirchmann v. Lake Elsinore Unified School District* (2000) 83 Cal.App.4th 1098, 1101-1102, 100 Cal.Rptr.2d 289, 292, citing *Belanger*, *supra*, 963 F.2d at pp. 251-252.

"In addition, the *Belanger* court noted, public education was a matter of statewide concern in California.  The state exercised substantial control over school affairs and maintained beneficial ownership of school district property.  The California Supreme Court had described school districts as "'agencies of the state for the local operation of the state school system.'" *Kirchmann v. Lake Elsinore Unified School District* (2000) 83 Cal.App.4th 1098, 1102, 100 Cal.Rptr.2d 289, 292, citing *Belanger*, *supra*, 963 F.2d at p. 254 and quoting *Hall v. City of Taft* (1956) 47 Cal.2d 177, 179, 302 P.2d 574.

In *Doe v. Petaluma City School Dist.* (N.D. Cal. 1993) 830 F.Supp. 1560, 1577, the federal district court in the Ninth Circuit extended Eleventh Amendment immunity to a city school district.

Based on the foregoing, plaintiffs' First and Second claim for relief must be dismissed as to defendant DISTRICT, a city school district.  Moreover, these claims must also be dismissed as to defendant BOARD as it is an agency that "oversees districts within the County of Marin" and accordingly derives its funding from the same state source.  (Complaint ¶9)  Furthermore, defendant MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES ("BOARD OF TRUSTEES") a "governing body of the Sausalito School District operating under the laws of the State of California," also derives its funding from the same source as the DISTRICT.  (Complaint ¶3)  Finally, "MCOE as an *education district*/agency organized as existing under the laws of the State of California" must also have plaintiff's First and Second Claims for Relief against it dismissed.  (Complaint ¶3) (Emphasis added.)

          b.    **As To Defendants ROBERSON, OTTO And The Individual Board Of Trustees THORNTON, FRASER, HUFF And JONES Sued In Their Official Capacities**

With respect to the individual defendants, sued in their official capacities, in *Will v. Michigan Department Of State Police* (1989) 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, the court, in interpreting the

"person" requirement under §1983, unambiguously stated that state officials acting in their official capacities are not "persons" under §1983.

Moreover, the remedies available against the individual defendants for section 1981, 1983, 1985 and 1986 claims depend on whether they are sued in their official or personal capacities. *Plaintiff is limited to injunctive and declaratory relief against the individual defendants in their official capacities*, and damages against the individual defendants in their personal capacities. Carmen, supra 982 F.Supp. at 1407 (Emphasis added) (Citations omitted.)

Therefore, plaintiffs' First and Second Claims for Relief must be dismissed as to the following defendants: defendant ROBERSON, in her official capacity; defendant OTTO, in her official capacity; and the individual Board Member defendants, in their official capacity.

2.    **DEFENDANTS ROBERSON, OTTO AND THE INDIVIDUAL BOARD OF TRUSTEES THORNTON, FRASER, HUFF AND JONES SUED IN THEIR PERSONAL CAPACITIES ARE IMMUNE FROM LIABILITY**

Both the Supreme Court and the Ninth Circuit have consistently held that the doctrine of qualified immunity shields "'government officials performing discretionary functions ... from liability for *civil damages* ...'" *Harper*, supra, 345 F.Supp. at 1117, citing *Lytle v. Wondrash* (9th Cir. 1999) 182 F.3d 1083, 1086, and quoting *Harlow v. Fitzgerald* (1982) 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396.

"A government official is entitled to qualified immunity from suit for actions taken as a government official if: (1) the conduct attributed to the official is not prohibited by federal law, constitutional or otherwise; (2) the plaintiff's right not to be subjected to such conduct by the official was not clearly established at the time of the conduct; or (3) the official's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." *Downing v. West Haven Board of Ed.* (2001) 162 F.Supp.2d 19, 29-30.

"This standard "'gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Harper*, *supra*, 345 F.Supp. at 1117, citing *Hunter v. Bryant* (1991) 502 U.S. 224, 229, 112 S.Ct. 534, 537. Here, plaintiffs allege defendants are liable for damages, in their personal capacity, for engaging in the following acts: (1) "WINDSOR was hired by the DISTRICT, on or about May 5, 1999, pursuant to a one year written contract." (Complaint ¶9.)  (2)

1  "WINDSOR did not (and defendants, and each of them, knew but failed to disclose to her) that there existed

2  between the COMMISSION, MCOE, the BOARD, the TRUSTEES and the DISTRICT an agreement,

3  created for the benefit of the class of persons of which WINDSOR was a member, requiring said defendants

4  to secure temporary credentials for WINDSOR pursuant to her employment with the DISTRICT.

5  (Complaint ¶10.); (3) "Upon WINDSOR"S employment with the DISTRICT each defendant sued herein

6  assumed the duty and obligation to apply for, seek, request and secure for WINDSOR the temporary (one

7  year, non-renewable) credentials required for her lawful employment in a California public school."

8  (Complaint ¶11.); (4) "Defendants, and each of them, failed and refused to apply for, seek or otherwise

9  obtain or provide the credentials required for WINDSOR'S lawful employment." (Complaint ¶15); (5) "On

10  or about July 27, 2000, after WINDSOR had served in the capacity of principal for approximately one year,

11  the DISTRICT, MCOE, TRUSTEES and ROBERSON claimed that they had just discovered that she did

12  not have California credentials, and that see was being demoted from her position as principal. Defendants."

13  (Complaint ¶18.); (6) "Defendants further informed WINDSOR that she was being reclassified to a lower

14  position; that she would have to take credential examination(CBST) in one week....(Complaint ¶18.); (7)

15  "On August 10, 2000, WINDSOR was summarily dismissed from her employment for alleged

16  'insubordination' in failing to take the CBST on August 5, 2000" (Complaint ¶20.); (8) "Defendants did

17  not provide WINDSOR the same benefits, privileges, terms and conditions in the application, interpretation

18  and enforcement of either 1) the contract/agreement or arrangement for securing temporary credentials, or

19  2) plaintiff's conduct of employment, that were provided to other similarly situated public employees,

20  because of plaintiff's race....in violation of 42 U.S.C., Section 1981." (Complaint ¶28, 29.); and (9) "as a

21  proximate result of said deprivations of their constitutional rights plaintiffs suffered damages and injuries

22  hereinbefore alleged." (Complaint ¶36.)

23      With respect to defendants ROBERSON and the individual BOARD OF TRUSTEES, they are

24  qualifiedly immune because, at all times, they performed discretionary functions and the conduct attributed

25  to them is not prohibited by federal law, constitutional or otherwise. When defendants were put on notice

26  that plaintiff did not have her necessary credentials, defendants made the decision to demote her based upon

27  her lack of credentialing.  Furthermore, when plaintiff failed to take the CBST in order to acquire her

28  credentials in accordance with defendants deadline and state law requirements, they used their discretionary

1   authority thereby releasing her from her employment with the District.  Plaintiff's argue that these actions

2   were prompted by racial animus; however, this is patently untrue.  As plaintiffs allege, she was hired by the

3   District on May 5, 1999, pursuant to a one year contract, and was released from her employment on August

4   5, 2000.  This period of time is illustrative of the fact that defendants did not take issue with plaintiff's race

5   as they rehired her after her contract had expired.  All, plaintiff has alleged is a factual situation wherein

6   plaintiff's inability to complete the necessary credentialing required by state law was the deciding factor in

7   defendants' decision to release her from her employment with the District.

8       With respect to defendant OTTO, plaintiffs  fail to state a claim upon which relief can be granted.

9   There are no charging allegations against this defendant or facts demonstrating any wrongdoing by her.

10  There are no facts stated by plaintiff CHRISTINA WINDSOR which factually links defendant OTTO to the

11  allegations of 42 U.S.C. Sections 1981 and 1983 other than the fact that she works for defendant MCOE and

12  conclusory allegations of generalized wrong doing.  (Complaint ¶4, 23, 26, 30)

13      For these reasons, all defendants sued in their personal capacities are entitled to qualified immunity.

14  The conduct attributed to them is not prohibited by federal, law, constitutional or otherwise.  Even if it were,

15  their actions were objectively legally reasonable in light of the legal rules clearly established at the time the

16  alleged wrongs took place.

17      **3.**     **PLAINTIFFS FAIL TO STATE A CLAIM UPON WHICH THE COURT CAN**

18             **GRANT RELIEF AS TO THEIR FIRST AND SECOND CLAIMS FOR**

19             **RELIEF BECAUSE PLAINTIFFS ARE TIME BARRED FROM BRINGING**

20             **THESE CLAIMS**

21      "California's one-year statute of limitations for personal injury governs claims brought pursuant  to

22  42 U.S.C. §§ 1981, 1983, 1985." *Taylor v. Regents of University of California* (9th Cir. 1993) 993 F.2d 710,

23  711–712. (See *Wilson v. Garcia,* (1985) 471 U.S. 261, 275, 105 S.Ct. 1938, 1946; *Del Perico v. Thornsley,*

24  (9th Cir. 1989) 877 F.2d 785, 786.)  "Although state law prescribes the statute of limitations applicable to

25  section 1983 claims, federal law governs the time of accrual. Under federal law, a cause of action generally

26  accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Neveu*

27  *v. City of Fresno* (E.D.Cal.,2005) 392 F.Supp.2d 1159, 1174. ( Quoting *Gibson v. United States,* (9th Cir.

28  1986) 781 F.2d 1334, 1339.)

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

In the instant matter, "On August 10, 2000, CHRISTINA WINDSOR was released from her employment for alleged 'insubordination' in failing to take the CBST on August 5, 2000" (Complaint ¶20.) As such, her claims against the district, on a conservative estimate, arose on or about August 10, 2000 with regards to her Second Claim for Relief under 42 U.S.C. §1983 claim. Moreover, any cause of action under her First Claim for Relief under 42 U.S.C. § 1981, would also have accrued on the date she was released from her employment as plaintiffs allege that various defendants made no secret of their racial biases. (Complaint ¶¶ 13, 14and 16.) Moreover, the identities of all the defendants alleged in plaintiffs' First and Second Claims for Relief have been known to them for over one year, the last being MCOE and OTTO who plaintiff alleges became known to her on or about March 24, 2006 while taking ROBERSON'S deposition (Complaint ¶23.) Plaintiffs' complaint was filed on June 4, 2007. Accordingly, plaintiffs are time barred from bringing their First and Second Claims for Relief for failure to bring these claims within a year of the date they accrued.

## C.  **PLAINTIFF'S STATE LAW CLAIMS ARE BARRED BY CALIFORNIA LAW**

Cal. Gov't Code §§ 901, 905.2, 911.2, 911.4 and 945.4 mandate that plaintiff file a written claim to the appropriate government entity within *six (6) months* of the accrual of any and all causes of action, *prior to bringing any action for moneys or damages against a public entity. The rejection of a claim, in whole or in part, is a prerequisite to filing suit.* Cal. Gov't Code §§ 905, 905.2, 945.4; *State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234. (Emphasis added.) The presentation of a tort claim is an element of a cause of action against a *government entity and its employees*, and no cause of action can proceed against a government entity where the legal theories are not first presented and rejected by the entity. *State v. Superior Court, supra,* 32 Cal.4th at 1236-1237.

Cal. Gov't Code § 945.4 states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefore has been presented to the public entity" and has been rejected in whole or in part. *Presentation of a claim,* when required by law, is thus a mandatory prerequisite to maintaining a cause of action against a public entity, and failure to file a claim is *fatal* to the claimant's cause of action. *Id.*

*A litigant must file a suit within six months after the date the public entity serves the notice of rejection of the claim.* Cal. Gov't Code §945.6(a)(1).

In *State v. Superior Court (Bodde)* (2004) 32 Cal.4th 1234, *a plaintiff filed suit against various public entities, and the defendants* filed a writ petition after their demurrer was not sustained for failure to file a tort claim prior to filing suit. Plaintiff's complaint alleged that she had submitted a claim to the Office of Attorney General, and that the Attorney General had represented that it had authority to accept service for the State Board of Control. *Id.* at 1237. The California Supreme Court granted review, and *overturned the Court of Appeal,* holding:

> "[F]ailure to timely present a claim for money or damages to a public entity bars a plaintiff
> from filing a lawsuit against that entity." *Id.* at 1239.

Therefore, the California Supreme Court acknowledged the long-standing precedent in California that failure to timely file a tort claim with the government entity *bars a lawsuit against a public entity.* See, e.g., *Williams v. Horvath* (1976) 16 Cal.3d 834, 842 ["the filing of a claim for damages is more than a procedural requirement, it is a *condition precedent* to plaintiff's maintaining an action against defendants, in short, an integral part of plaintiff's cause of action"]. Additionally, the *Bodde* Court explained:

> "*California statutes or ordinances which condition the right to sue the sovereign upon timely*
> *filing of claims and actions are . . . elements of the plaintiff's cause of action and conditions*
> *precedent to the maintenance of the action.*" *Bodde, supra,* at 1238. (Emphasis added.)

It is now abundantly clear that the failure to timely file a tort claim before filing suit is a condition precedent to maintaining a lawsuit against a public entity. *Ibid.* Failure to do so *bars suits against a public entity.* There is no exception for breach of contract claims; the Court of Appeals has repeatedly applied the claims presentation requirement to contract claims. See *Dilts v. Cantua Elementary School District* (1987) 189 CA3d 27, 31, 234 CR 612; *Loher v. Ventura County Community College District* (1983) 147 CA3d 1071, 1079, 195 CR 576; and *Myers v. County of Orange* (1970) 6 CA3d 626, 86 CR 198.

Moreover, in *Janis v. State Lottery Comm'n* (1998) 68 Cal.App.4th 824, the Lottery Commission was not liable for an alleged violation of *Business & Professions Code* §17200 [unfair competition] where the plaintiff did not file a government claim *until after his litigation had begun.*

The *Janis* Court held

> "*Any party with a claim against a public entity must first present the claim. The purpose of this rule*
> *is to afford the public entity an opportunity to investigate the claim and determine the facts as well*

*as to settle the matter without incurring the expense of litigation.*" *Id.* at 832. (Emphasis added.)

The *Janis* court recognized that filing a government claim *after* filing suit effectively bars the causes of action against the public entity. There is no exception to this bar under the law. *Ibid.*

Furthermore, causes of action are barred if a plaintiff does not seek leave to file a late tort claim, but instead files a lawsuit first. *This is not permitted. Id.* at 832. (Emphasis added.)

Plaintiffs have alleged that "on October 26, 2006 MCOE denied WINDSOR'S properly and timely executed claim based on her discovery of the third-party beneficiary contract disclosed at ROBERSON'S deposition,..." (Complaint ¶24) Beyond this allegation, plaintiffs have not alleged that they filed any other claims against any other defendant alleged in this lawsuit. Besides this allegation, defendants are aware of plaintiff CHRISTINA WINDSOR'S previous government claim filed on or about September 11, 2000. (See **Exhibit "K"** attached to the Declaration of Dennis J. Walsh in Support of Motion to Dismiss and Support of RJN, and incorporated herein by reference.) While plaintiff CHRISTINA WINDSOR'S September 11, 2000 governmental claim does name defendants DISTRICT, BOARD OF TRUSTEES and ROBERSON, it does not allege defendants MCOE, BURKE, BOARD. Moreover, it does not contain any allegations of Negligence; Negligent Supervision, Retention, Supervision, Investigation and Discipline; Breach of Contract; Negligent/Reckless Infliction of Emotional Distress; and Loss of Support/Consortium. Finally, the September 11, 2000 government claim was not submitted in the name of plaintiff SCOTTLAN WINDSOR. (**Exhibit "K"**)

1.    **ALL OF PLAINTIFFS' STATE CLAIMS FOR RELIEF AGAINST DEFENDANTS BURKE, OTTO, BOARD, BOARD OF TRUSTEES, TRUSTEES AND ROSE ROBERSON ARE BARRED AS A MATTER OF LAW FOR FAILURE TO ALLEGE A TIMELY FILING OF A GOVERNMENT CLAIM**

Whereas plaintiff CHRISTINA WINDSOR has alleged filing a governmental claim against MCOE based upon her discovery of the existence of a contract, she has not alleged filing a timely governmental claim against the other defendants. Accordingly, plaintiffs claim for relief against BURKE, OTTO, BOARD, BOARD OF TRUSTEES, TRUSTEES and ROSE ROBERSON are barred as a matter of law.

2. **ALL OF PLAINTIFFS' STATE CLAIMS FOR RELIEF AGAINST ALL DEFENDANTS ARE BARRED AS A MATTER OF LAW FOR FAILURE TO FILE A LAWSUIT WITHIN SIX MONTHS AFTER PLAINTIFF'S GOVERNMENTAL CLAIMS WERE REJECTED**

Plaintiff alleges that on October 26, 2006, CHRISTINA WINDSOR timely filed a governmental claim which was rejected by the MCOE. (Complaint ¶24) Moreover, plaintiff CHRISTINA WINDSOR filed a governmental claim on or about September 11, 2000 wherein she alleged causes of action against DISTRICT, BOARD OF TRUSTEES and ROBERSON and was denied relief. (See **Exhibit "K"**) The instant complaint was filed on June 4, 2007. Thus, the instant lawsuit, as it applies to all defendants and all claims for relief, was filed by plaintiffs outside of the six (6) month window wherein an individual may bring suit against a public entity and employees under Cal. Gov't Code §945.6(a)(1). For this reason, plaintiffs are barred from bringing suit against defendants as a matter of law.

3. **PLAINTIFF'S THIRD, FOURTH, SIXTH AND SEVENTH CLAIMS FOR RELIEF ARE BARRED AS A MATTER OF LAW FOR FAILURE TO ALLEGE THEM IN A TIMELY GOVERNMENTAL CLAIM**

The instant complaint alleges claims for relief for Negligence; Negligent Retention, etc...; Negligent/Reckless Infliction of Emotional Distress; and Loss of Consortium/Support. Plaintiff only alleges filing a governmental claim for Breach of Contract (Complaint ¶24) Furthermore, plaintiff CHRISTINA WINDSOR'S previous claim filed on or about around September 11, 2000 fails to allege in fact or name, theories of recovery for her Third, Fourth, Sixth and Seventh Claims for Relief. (**Exhibit "K"**) Accordingly, plaintiffs are barred, as a matter of law, form asserting these claims for relief in the instant lawsuit for failure to exhaust their administrative remedies.

4. **PLAINTIFFS FAILED TO FILE AN APPLICATION FOR LEAVE TO FILE A LATE GOVERNMENTAL CLAIM FOR ANY OF THEIR CLAIMS FOR RELIEF**

Plaintiffs have not filed a written application for leave to file late claims in the requisite time permitted by law. *Cal. Gov't Code § 911.4. The filing of a late-claim application with a governmental entity within one year after accrual of a cause of action is a jurisdictional prerequisite to claim-relief*

*petition under the Tort Claims Act. Munoz v. State* (1995) 33 Cal.App.4th 1776, 1779, 39 Cal.Rptr.2d 860. Plaintiff's had one year from the accrual of their claims to file such a written application, but have, thus far failed to do so. It is too late now.

### D. AS TO PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF ALLEGING NEGLIGENCE AND NEGLIGENT SELECTION, INVESTIGATION, RETENTION, SUPERVISION, AND DISCIPLINE

#### 1. PLAINTIFF'S ARE BARRED FROM BRINGING THEIR THIRD AND FOURTH CLAIMS FOR RELIEF AS A MATTER OF LAW FOR FAILING TO EXHAUST THEIR ADMINISTRATIVE REMEDIES BY FILING A TIMELY GOVERNMENTAL CLAIM

See arguments III.C.1., 2.,3. and 4 above in support of defendants' contention that plaintiffs are barred from bringing their Third and Fourth Causes of Action for Negligence and Negligent Selection, Retention, etc...[1]

#### 2. PLAINTIFFS' THIRD AND FOURTH CLAIMS FOR RELIEF AGAINST PUBLIC ENTITY DEFENDANTS MCOE; MARIN COUNTY BOARD OF EDUCATION; SAUSALITO MARIN CITY SCHOOL DISTRICT; AND SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES ARE WITHOUT A STATUTORY BASIS

A governmental entity has no common law liability. In California, <u>all</u> government tort liability must be based upon statutory authority. *Government Code* § 815; *Fox v. Fresno* (1985) 170 Cal.App.3d 1238; *Tolan v. State* (1980) 100 Cal.App.3d 980, 983; *Duarte v. San Jose* (1980) 100 Cal.App.3d 648, 653.

*Government Code* §815 provides that a public entity is *not* liable *except as provided by statute*. The Legislative Committee Comment to Section 815 states in pertinent part that:

---

[1]Assuming, arguendo plaintiff's were exempt from filing a governmental claim, *California Code of Civil Procedure* §335.1 states: "Within two years: an action for assault battery, or injury to, or for the death of another of, an individual caused by the wrongful neglect of another" must be brought. As such, plaintiff would also be barred from relief by the relevant state statute of limitations.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

"This section *abolishes all common law or judicially declared forms of liability for public entities,* except for such liability as may be required by the state or federal constitution, e.g., inverse condemnation.  In the absence of a constitutional requirement, public entities may be held liable *only if a statute* (not including a charter provision, ordinance or regulation) is found declaring them to be liable." (Emphasis added.)

This comment makes it clear that governmental liability may only be imposed where a statute *expressly* provides for such, and an ordinance or agency regulation is not a statute within the meaning of Section 815.

In the instant case, plaintiffs have failed to allege any statutory authority under which to allege any negligence claims against defendant public entities.

**3.    DEFENDANTS BURKE; ROBERSON; OTTO; AND THE INDIVIDUAL BOARD OF TRUSTEES ARE AFFORDED DISCRETIONARY IMMUNITY FROM SUIT**

*Government Code* § 820.2 states:

"Except where otherwise provided by statute, a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused."

California courts have unequivocally held that public employees are immune from state causes of action for their "discretionary" acts pursuant to §820 *et seq*. *Caldwell v. Montoya* (1995) 10 Cal.4th 972, 979-980, 42 Cal.Rptr.2d 842, *Janken v. GM Hughes Electronics* (1996) 46 Cal.App.4th 55, 79, 53 Cal.Rptr.2d 741; see accord *Lipman v. Brisbane Elementary School District* (1961) 55 Cal.2d 224, 229, 11 Cal.Rptr. 97 and *Sava v. Fuller* (1967) 249 Cal.App.2d 281, 57 Cal.Rptr. 312.

Allegations of improper motive for discretionary conduct are *irrelevant and do not strip the public employees of the immunity.  Lipman, supra*, 55 Cal.2d at 229; *Kemmerer v. Fresno County* (1988) 200 Cal.App.3d 1426, 1437, 246 Cal.Rptr. 609.

In *McQuirk v. Donneley* (9th Cir. 1999) 189.Fd792, the court stated that the test for discretionary immunity is whether the governmental actor's action is a *planing decision* as opposed to an operational

1  decision. *Supra*. At 799. Only the former are immune from liability. (Emphasis added.)

2      In *Kemmerer v. County of Fresno* (1988) 200 Cal.App.3d 1426,1438, the court found that "[*A*]
3  *workable definition nevertheless will be one that recognizes that '[m]uch of what is done by officers and*
4  *employees of the government must remain beyond the range of judicial inquiry.'*" (emphasis added.)  In
5  accordance with this principal the court ruled that the "decision whether or not to initiate disciplinary
6  proceedings and what discipline to impose is placed initially on the department head and the decision is
7  entirely within his discretion. The decision involves the exercise of analysis and judgment as to what is just
8  and proper under the circumstances and is not a purely ministerial act." *Id.*

9      In *Caldwell v. Montoya* (1995) 10 C4th 972, 42 CR2d 842, the court immunized school board
10 members against claims brought by a terminated school superintendent. The court held this act to be the
11 "quintessential discretionary act of government." 10 C4th at 982. The courts rational was supported by the
12 principle that there was a "vital public interest" in "encouraging both unfettered debate and judgement about
13 the issue and candid public explanation by the politically accountable board members of the reasons for their
14 votes." *Id* at 983.

15     In *Miller v. Hoagland* (1966) 247 Cal.App.2nd 57, 55 Cal.Rptr. 311, a City Attorney of Bakersfield
16 "wrote a letter in the nature of an informal brief to the Honorable Judge John Locke..." where it was alleged
17 that "facts were misrepresented in the document with a fraudulent intent...to deceive and mislead the trial
18 judge so that he would decide the case in the city's favor..." *Supra* at. 62.  The Court ruled that "Statements
19 contained in the letter were the result of the exercise of discretion on the part of City Attorney Hoagland, even
20 if the constructions adopted by him were erroneous, or were malicious, or were the result of an abuse of
21 discretion." *Supra. Therefore, even acts and statements that are alleged to be "erroneous" and "malicious"*
22 *will not work to undue the protection that discretionary immunity affords.*

23     Based on the foregoing, the amount of assistance provided by defendants to CHRISTINA WINDSOR
24 with regards to the credentials process was solely within their discretion. Contrary to plaintiff's allegations
25 of a duty, the exact amount and manner of assistance defendants provided CHRISTINA WINDSOR is not
26 proscribed by statute but instead on their own area of expertise and professional judgement. Accordingly,
27 they are afforded immunity based upon the exercise of this discretion regardless of what their motivation may
28 have been.

E.    **AS TO PLAINTIFFS' FIFTH CLAIM FOR RELIEF ALLEGING BREACH OF CONTRACT AGAINST MCOE, DISTRICT, BOARD, TRUSTEES**

1.    **PLAINTIFF'S ARE BARRED FROM BRINGING THEIR FIFTH CLAIM FOR RELIEF ALLEGING BREACH OF CONTRACT AGAINST THE DISTRICT, BOARD, AND TRUSTEES AS A MATTER OF LAW**

See arguments III.C.1., 2.,3. and 4 above in support of defendants' contention that plaintiffs are barred, as a matter of law, from bringing suit for breach of contract.[2]

2.    **PLAINTIFFS' ARE BARRED FROM BRINGING THEIR FIFTH CLAIMS FOR RELIEF ALLEGING BREACH OF CONTRACT AGAINST MCOE AS A MATTER OF LAW**

See arguments III.C.2.and 4 above in support of defendants' contention plaintiff is barred from bringing their Fifth Claim for Relief for Breach of Contract.

Moreover, Plaintiff cannot rely on the allegation that "[o]n or about March 24, 2006 while taking ROBERSON'S deposition, WINDSOR learned of the existence of an agreement or agreements between the COMMISSION, MCOE, BOARD, TRUSTEES and the DISTRICT pursuant to which defendants had delegated to MCOE and OTTO, responsibility for securing the temporary credentials required for the lawful employment of the class of persons (out of state credentialed teachers/administrators hired by California public school districts) to which WINDSOR belongs," in order to establish a new six (6) month period in which to file a governmental claim in accordance with *Cal. Gov't Code* § 911.2.

Plaintiff cannot allege that she recently discovered the involvement of MCOE in this matter for two reasons. First, plaintiff has alleged in her previous complaint against the MCOE in Case No. CV071483 that she had notice of the MCOE involvement in the sequence of events surrounding her termination from employment by alleging:

"In July, 2000 the District claimed that it discovered for the first time that plaintiff had been

---

[2]Assuming, arguendo, plaintiffs were exempt from filing a governmental claim, *California Code of Civil Procedure* §337 states that "[a]n action upon any contract, obligation or liability founded upon a written instrument in writing" must be brought in four years. Accordingly, plaintiffs would be time barred from relief on their breach of contract claim under the appropriate state statute of limitations.

19

issued no California credentials, whereupon District claims it directed plaintiff to visit the MCOE to 'take care of' the credential matter.  Mary Otto, the credentials specialist for defendant MCOE expressed surprise that plaintiff had not been issued a temporary credential and gave plaintiff a Form CL-672 (Exhibit B) with instructions to have Superintendent Roberson sign and submit the form..." (**Exhibit "H"**)

Secondly, plaintiff cannot argue that [o]n or about March 24, 2006 while taking ROBERSON'S deposition, WINDSOR learned of the existence of an agreement."    (Complaint ¶23) This is a misrepresentation as defendants cannot locate any statements made by ROBERSON during her June 2, 2006, deposition which plaintiffs claim revealed the existence of a contract between MCOE and the DISTRICT. (See June 2, 2006, Deposition Transcript of Rose Marie Roberson, EDD, Volume II, attached as **Exhibit "L"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion to Dismiss and  support of RJN, and incorporated herein by reference.)  Defendants' **Exhibit "L"** consists of each portion of Rose Roberson's certified deposition transcript where defendants MCOE and OTTO were discussed. *Curiously absent from the transcript is any mention of the existence of a "contract" plaintiff relies on in support of her untimely Complaint.*  As such, plaintiffs' argument that they learned something new during the deposition of ROBERSON on June 2, 2006, is without merit.

It is anticipated that plaintiff will oppose this motion on grounds that the "discovery rule" postponed the accrual of her claims for relief against MCOE because she did not discover a contractual relationship between the MCOE and the DISTRICT until 2006.  In order to invoke the "discovery rule", plaintiff must allege "facts showing the time and surrounding circumstances of the discovery of the cause of action..." in order to "afford the courts a means of determining whether or not the discovery of the asserted invasion was made within the time alleged, that is whether plaintiff's actually learned something they did not know before." *Bennett v. Hibernia Bank*, (1956) 47 Cal2d 540, 47.   However, as described above, plaintiff CHRISTINA WINDSOR did not discover anything she did not already know on June 2, 2006.

Accordingly, plaintiffs are barred, as a matter of law, from bringing a claim for relief for Breach of Contract against MCOE.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

**F.    AS TO PLAINTIFFS' SIXTH AND SEVENTH CLAIMS FOR RELIEF ALLEGING NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF SUPPORT/CONSORTIUM AGAINST DEFENDANTS MCOE, DISTRICT, BOARD, TRUSTEES, ROBERSON AND OTTO**

      **1.    PLAINTIFF SCOTTLAN WINDSOR'S CLAIMS FOR NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF SUPPORT/CONSORTIUM ARE BARRED AS A MATTER OF LAW**

See arguments III.C.1., 2.,3. and 4 above in support of defendants' contention that plaintiff SCOTTLAN WINDSOR is barred, as a matter of law, from bringing his Sixth and Seventh Causes of Action for Negligent/Reckless Infliction of Emotional Distress and Loss of Consortium/Support.[3]

      **2.    PLAINTIFF SCOTTLAN WINDSOR CANNOT BRING HIS CLAIMS FOR RELIEF ALLEGING NEGLIGENT/RECKLESS INFLICTION OF EMOTIONAL DISTRESS AND LOSS OF SUPPORT/CONSORTIUM AS A MATTER OF LAW**

          **a.    Plaintiff Cannot Allege A Claim For Relief For Negligent/Reckless Infliction of Emotional Distress As A Matter Of Law**

"[P]laintiff may recover damages for emotional distress caused by observing the negligently inflicted injury of a third person if, but only if, said plaintiff: (1) is closely related to the injury victim; (2) *is present at the scene of the injury producing event at the time it occurs and is then aware that it is causing injury to the victim*; and (3) as a result suffers serious emotional distress-a reaction beyond that which would be anticipated in a disinterested witness and which is not an abnormal response to the circumstances. *Thing*

---

[3]Assuming, arguendo, plaintiffs were exempt from filing a governmental claim, *California Code of Civil Procedure* §335.1 states: "Within two years: an action for assault, battery, or injury to, or for the death of another of, an individual caused by the wrongful neglect of another." In this matter, plaintiff SCOTT WINDSOR'S claims for relief would have accrued by August 2, 2000, the date his mother CHRISTINA WINDSOR was released from her employment for insubordination. Over seven years has passed since the point plaintiff was released and the filing of the instant lawsuit.

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

1  *v. La Chusa,* (1989) 48 Cal.3d 644, 667-668, 771 P.2d 814, 829-830, 257 Cal.Rptr. 865,880 - 881.

2  (Emphasis added.)

3  ""[U]nderstanding perception of the injury-causing event is an essential component of *Dillon*

4  recovery. *In the case of an event which cannot be perceived, distress recovery is not allowed.*" *Golstein*

5  *v. Superior Court,* (1990) 223 Cal.App.3d 1415, 1426, 273 Cal.Rptr.270.  (Emphasis added.)

6  In the instant matter, plaintiff SCOTTLAN WINDSOR cannot claim Negligent/Reckless Infliction

7  of Emotional Distress without alleging some perceptible injury causing event.  Plaintiff SCOTTLAN

8  WINDSOR cannot allege that he was present when his mother CHRISTINA WINDSOR was dismissed for

9  insubordination.  Furthermore, plaintiff SCOTTLAN WINDSOR cannot allege that he was present when

10  defendants failed to process her credentials which in reality would be a non-event and thus not perceivable.

11  Third party bystander Negligent Infliction of Emotional Distress law has not been crafted to remedy the harm

12  that plaintiff seeks to recover on in this matter.  Accordingly, based on the above, plaintiff SCOTTLAN

13  WINDSOR cannot recover on his Sixth Claim for Relief as a matter of law.

14  **b.    Plaintiff Cannot Allege A Claim For Loss of Support/Consortium As A**

15  **Matter Of Law**

16  California state courts have ruled that a minor "may not recover for loss of consortium stemming

17  from the allegedly negligent injury to" a parent who is their primary custodian. *Garza v. Kantor,* (1976) 54

18  Cal.App.3d 1025, 1027, 127 Cal.Rptr.164.  The court in *Garza* went on to state that "in recognizing in this

19  state a cause of action in a spouse for loss of consortium caused by a negligent or intentional injury to the

20  other spouse by a third person, that such recognition did not presage a like recognition of such a cuase of

21  action based upon the parent-child relationship. *Garza v. Kantor,* supra, 54 Cal.App.3d at 1027 (See

22  *Meredith v. Scruggs,* (9th Cir. 1957) 244 F2d 604.)

23  Based on the foregoing plaintiff SCOTTLAN WINDSOR is precluded from bringing his suit for Loss

24  of Support/Consortium as a matter of law.

25  ///

26  ///

27  ///

28  ///

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

G.  **IN THE EVENT THAT THIS COURT DOES DISMISS PLAINTIFFS' FEDERAL CLAIMS, BUT NOT PLAINTIFFS' STATE CLAIMS, JUDICIAL ECONOMY, CONVENIENCE, FAIRNESS AND COMITY REQUIRE THAT THE COURT RELINQUISH SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' REMAINING STATE LAW CLAIMS**

28 *U.S.C.* § 1367 states in pertinent part:

"**(c)** The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

**(1)** the claim raises a novel or complex issue of State law,

**(2)** the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

**(3)** the district court has dismissed all claims over which it has original jurisdiction, or

**(4)** in exceptional circumstances, there are other compelling reasons for declining jurisdiction."

Moreover, "[u]nder *Gibbs,* a federal court should consider and weigh in each case, at every stage of the litigation, *the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state law claims.* When the balance *of these factors* indicates that a case properly belongs in state court, *as when the federal claims have dropped out of the lawsuit in its early stages, the federal court should decline the exercise of jurisdiction....*" *Executive Software North America, Inc. v. U.S. Dist. Court for Cent. Dist. of California* (9th Cir., 1994) 24 F.3d 1545, 1552. (Emphasis added.)

With regards to the instant matter, if this Court agrees that plaintiffs are precluded from asserting any claims for relief under 28 *U.S.C.* §§ 1981 and 1983, plaintiffs lack any federal means of recovery. As such, based on the long litigation history of the parties named in this suit and the two pending state cases in Marin County Superior Court, judicial economy, convenience, fairness and comity lean away from this Courts exercise of jurisdiction over the plaintiffs' state claims in the event it feels inclined to entertain them.. Plaintiffs forum shopping should not be accommodated so that they may continue to allege previously dismissed claims against previously dismissed defendants *ad nauseam.* Accordingly, defendants pray that this Court dismiss defendants' state claims with prejudice or, in the alternative, on jurisdictional grounds.

1  **VI.    CONCLUSION**

2      Based on the foregoing, plaintiffs' Complaint should be dismissed for failure to state a claim upon

3  which relief may be granted.

4

5  DATED:   October 25, 2007                   Respectfully submitted.

6                                              WALSH & ASSOCIATES, APC

7
                                    By:
8                                              DENNIS J. WALSH, ESQ.
                                               ADAM N. BOUAYAD, ESQ.
9                                              Attorneys for Defendants, SAUSALITO SCHOOL
                                               DISTRICT , MARIN  COUNTY OFFICE OF
10                                             EDUCATION, MARY JANE BURKE; MARY OTTO,
                                               MARIN COUNTY BOARD OF EDUCATION; the
11                                             SAUSALITO MARIN CITY SCHOOL DISTRICT;
                                               the SAUSALITO MARIN CITY SCHOOL DISTRICT
12                                             BOARD OF TRUSTEES, SHIRLEY THOMPSON,
                                               STEPHAN FRASER, BRUCE HUFF, RONNIE
13                                             JONES, and ROSE ROBERSON

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT  PURSUANT TO RULE 12(b)(6)
CASE NO: CV 07 02897 (JSW)

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA     )
                        )§
COUNTY OF LOS ANGELES   )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years of age, and am not a party to the within action.  My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

     On **October 25, 2007,** I served the document described **NOTICE OF MOTION AND MOTION TO DISMISS THE COMPLAINT OF CHRISTINA AND SCOTTLAN WINDSOR PURSUANT TO RULE 12(b)(6); DECLARATION OF DENNIS J. WALSH IN SUPPORT THEREOF; AND [PROPOSED] ORDER** on the interested parties in this action, as follows:

Amanda Metcalf, Esq.
Nyanza Shaw, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, California 94901
Telephone Number:  (415) 454-0945
Facsimile Number:  (415) 454-0145
Counsel for Plaintiffs, Christina Windsor
and Scottlan Windsor

**xxx**    (BY UNITED STATES POSTAL SERVICE).     I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

      (NEXT BUSINESS DAY). I deposited a sealed envelope containing a true and correct copy of the above-entitled document, in a regularly maintained receptacle of the overnight courier, for delivery on the next business day.

      (ELECTRONIC TRANSMISSION). I served a true and correct copy of the above-entitled document upon the interested party, via electronic transmission.

**xxx**    (FEDERAL).   I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

     Executed on October 25, 2007, at Encino, California.

_Cheryl C. Crowley_
Cheryl C. Crowley