1 EDMUND G. BROWN JR.
Attorney General of the State of California
2 SUSAN M. CARSON
Supervising Deputy Attorney General
3 GEORGE PRINCE, State Bar No. 133877
Deputy Attorney General
4  455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
5  Telephone:  (415) 703-5749
 Fax:  (415) 703-5480
6

7 Attorneys for California Commission
on Teacher Credentialing
8

9                IN THE UNITED STATES DISTRICT COURT

10            FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 **CHRISTINA WINDSOR, SCOTTLAN WINDSOR, through and by his mother and Natural Guardian,** | C-07 2897 JSW |
| 13 **Christina Windsor,** | AMENDED ANSWER TO COMPLAINT FOR DAMAGES |
| 14                                    Plaintiffs, | JURY TRIAL DEMANDED |
| 15               **v.** | |
| 16 **THE MARIN COUNTY OFFICE OF EDUCATION; MARY JANE BURKE, in her** | |
| 17 **official capacity as Superintendent of the Marin County Office of Education only; MARY OTTO, in** | |
| 18 **her individual capacity and in her official capacity as the credentials Specialist for the Marin County** | |
| 19 **Office of Education; MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY** | |
| 20 **SCHOOL DISTRICT, the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF** | |
| 21 **TRUSTEES, SHIRLEY THORNTON, STEPHEN FRASIER, BRUCE HUFF, RONNIE JONES, as** | |
| 22 **individuals and in their official capacity as Trustees; ROSE ROBERSON, in her individual capacity and** | |
| 23 **in her official capacity as Superintendent of the Sausalito School District, the CALIFORNIA** | |
| 24 **COMMISSION ON TEACHER CREDENTIALING; DOES 1 through 25, inclusive.,** | |
| 25                                    Defendants. | |
| 26 | |

27       Defendant California Commission on Teacher Credentialing (COTC), through its counsel,

28 answers plaintiffs' complaint as follows:

Amended Answer to Complaint for Damages                    Windsor, et al. v. COTC, et al.
                                                           C-07 2897 JSW

1        1.    COTC admits that plaintiffs allege unlawful acts and practices against COTC and

2  other defendants, but denies the remainder of the contents of paragraph 1 of the complaint.

3        2.    COTC has no present information or belief as to the truth of the matters asserted in

4  paragraph 2 of the complaint and on that basis denies them.

5        3.    COTC has no present information or belief as to the truth of the matters asserted in

6  the first four sentences of  paragraph 3 of the complaint and on that basis denies them.  As to the

7  fifth sentence of paragraph 3 of the complaint, COTC generally admits that it is a state agency,

8  operating under the laws of the state, but denies that it has authority over all matters related to the

9  credentialing of public school teachers and administrators.  COTC denies the allegation of the final

10  sentence of the paragraph 3 of the complaint.

11        4.    COTC has no present information or belief as to the truth of the matters asserted in

12  paragraph 4 of the complaint and on that basis denies them.

13        5.    COTC has no present information or belief as to the truth of the matters asserted in

14  paragraph 5 of the complaint and on that basis denies them.  COTC further and specifically denies

15  that it has any responsibility for any injury or damages suffered by plaintiffs as set forth in the

16  complaint or otherwise.

17        6.    COTC denies the contents of paragraph 6 of the complaint.

18        7.    COTC has no present information or belief as to the truth of the matters asserted in

19  paragraphs 7 through 18 of the complaint and on that basis denies them.

20        8. COTC denies plaintiffs' interpretation of the provisions of California Education Code

21  section 44252(b)(3), cited in paragraph 19, which speaks for itself and must be read within its

22  entirety and context.  COTC has no present information or belief as to the truth of the factual matters

23  asserted as to plaintiff Windsor in paragraph 19 of the complaint and on that basis denies them.

24        9.    COTC denies plaintiffs' characterization of facts in paragraph 20 of the complaint,

25  but generally admits that then-controlling law could have allowed the employer to apply for a one-

26  year, non-renewable credential to be issued to plaintiff Windsor if Windsor met all other statutory

27  and other requirements for the issuance of the credential.  To the extent paragraph 20 attempts to

28  state what controlling law allows or requires, COTC further avers that the California Education Code

Amended Answer to Complaint for Damages                  Windsor, et al. v. COTC, et al.

1  speaks for itself and must be read within its entirety and context.

2      10.   COTC has no present information or belief as to the truth of the matters asserted in

3  the first, second, and third sentences of paragraph 21 of the complaint and on that basis denies them.

4  COTC denies the remainder of the allegations in paragraph 21 of the complaint.  COTC avers that

5  it did issue plaintiff Windsor a Single Subject Teaching Credential in Physical Education in 2000.

6      11.   COTC has no present information or belief as to the truth of the matters asserted in

7  paragraphs 22 through 24 of the complaint and on that basis denies them.

8      12.   COTC denies the contents of paragraphs 25 and 26 of the complaint.

9      13.   COTC denies paragraphs 27 through  33 of the complaint -- comprising plaintiffs'

10  so-called "First Cause of Action"-- in their entirety, denies that plaintiffs have stated a valid cause

11  of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested therein

12  or otherwise.

13      14.   COTC denies paragraphs 34 through  36 of the complaint -- comprising  plaintiffs'

14  so-called "Second Cause of Action"--  in their entirety, denies that plaintiffs have stated a valid

15  cause of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested

16  therein or otherwise.

17      15.   COTC denies paragraphs 37 and 38 of the complaint -- comprising plaintiffs' so-

18  called  "Third Cause of Action"-- in their entirety, denies that plaintiffs have stated a valid cause

19  of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested therein

20  or otherwise.

21      16.   COTC denies paragraphs 39 through 43 of the complaint -- comprising plaintiffs'

22  so-called  "Fourth Cause of Action"--  in their entirety, denies that plaintiffs have stated a valid

23  cause of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested

24  therein or otherwise.

25      17.   COTC denies paragraphs 44 through 47 of the complaint -- comprising plaintiffs'

26  so-called "Fifth Cause of Action"-- in their entirety, denies that plaintiffs have stated a valid cause

27  of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested therein

28  or otherwise.

Amended Answer to Complaint for Damages                                    Windsor, et al. v. COTC, et al.
                                                                              C-07 2897 JSW

18.    COTC denies paragraphs 48 and 49 of the complaint -- comprising plaintiffs' so-called "Sixth Cause of Action"-- in their entirety, denies that plaintiffs have stated a valid cause of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested therein or otherwise.

19.    COTC denies paragraphs 50 and 51 of the complaint -- comprising plaintiffs' so-called "Seventh Cause of Action"-- in their entirety, denies that plaintiffs have stated a valid cause of action in those paragraphs, and denies that plaintiff is entitled to any relief as requested therein or otherwise.

20.    As to plaintiffs' Prayer, and subparagraphs "1" through "5" therein, COTC incorporates by reference all its responses as set forth in paragraphs 1 through 19 of this answer, and specifically denies that plaintiffs are entitled to any relief as prayed for or otherwise.

AFFIRMATIVE DEFENSES

1.    The complaint fails to state facts sufficient to constitute any claim upon which relief can be granted against COTC.

2.    COTC did not deprive plaintiffs of any right or privilege guaranteed by the Constitution or laws of the United States.

3.    The complaint does not present a case or controversy.

4.    The complaint is barred by all applicable statutes of limitations.

5.    The Court should abstain from hearing and deciding this action.

6.    The complaint is moot.

7.    Plaintiffs have failed to exhaust their administrative and other state remedies.

8.    To the extent the complaint alleges violations of law, those alleged violations are not the result of the conduct or omissions of the COTC, nor can those alleged violations be attributed to COTC.

9.    The complaint is barred by the Tenth Amendment to the Constitution of the United States.

10.    The complaint is barred by the Eleventh Amendment to the Constitution of the United States.

11.  COTC has not waived sovereign immunity.

12.  COTC's investigation into the issues raised in the complaint is at the preliminary stages, and therefore COTC reserve the right to amend its  Answer to add further affirmative defenses when they are discovered.

WHEREFORE, COTC prays that:

1.  Trial by jury on all issues triable by jury;

2.  Judgment be rendered in favor of COTC and against plaintiffs;

3.  Plaintiffs take nothing by the complaint;

4.  COTC be awarded their costs of suit incurred herein; and

5.  COTC be awarded such other and further relief as the court may deem necessary and proper.

Dated:  October 26, 2007

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

SUSAN M. CARSON
Supervising Deputy Attorney General

/s/ George Prince

GEORGE PRINCE
Deputy Attorney General

Attorneys for California Commission
on Teacher Credentialing

10-26-07 amended answer .wpd
SF2007402684

Amended Answer to Complaint for Damages                Windsor, et al. v. COTC, et al.
                                                        C-07 2897 JSW

5