Amanda Metcalf  SB 57177
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, CA. 94901
Tel: 415-454-0945
Fax: 415-454-9145

Attorneys for Plaintiff
CHRISTINA WINDSOR

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

| | |
|---|---|
| CHRISTINA WINDSOR, | CASE NO.  CV012272 |
| Plaintiff, | MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT, ORDER DISCLOSURE OF EVIDENCE AND AND  ORDER FOR SANCTIONS |
| v. | |
| SAUSALITO SCHOOL DISTRICT | Date:  February 20, 2007 |
| | Time:  9:00 AM |
| Defendants | Dept:  C |
| _____/ | Judge: Hon. James Ritchie |

I. <u>MOTION FOR LEAVE TO SUPPLEMENT OR AMEND COMPLAINT</u>

Pursuant to Code of Civil Procedure Sections 464 and 473 Plaintiff moves this court for leave to amend the complaint on file herein.  Leave to file an amended complaint should be freely given where, as here, the additional facts relate to the original pleading, were learned or confirmed after the complaint was filed, undue prejudice to the defendants will not result, and it will serve the interest of justice. It is well established that leave to amend a complaint should be freely given.  Accordingly, plaintiff respectfully requests that this court grant leave to file the attached Amended Complaint (Exhibit D) to add facts and claims that were discovered subsequent to the filing of the original complaint, or which should be adjudicated in this action in order allow for  complete resolution in one action of all claims that arise from the dispute

between the parties.

## STATEMENT OF FACTS

Plaintiff seeks to amend her complaint to allege the following additional claims and causes of Action:

Second Cause of Action........Violation of Public Policy

Third Cause of Action .....Violation of Labor Code Sec. 1102.5

Fourth Cause of Action....Violation of 42 USC Sec. 1983

Fifth Cause of Action.....Intentional Interference with Economic Relations

Sixth Cause of Action.....Conspiracy to Interfere with Economic Relations

Seventh Cause of Action...Intentional Infliction of Emotions Distress

Eighth Cause of Action...Negligence

Ninth Cause of Action...Fraud and Deceit

Tenth Cause of Action...Conspiracy to Defraud

Eleventh Cause of Action...Unfair Competition

Twelfth Cause of Action....Breach of Contract

Thirteenth Cause of Action....Breach of Contract

Fourteenth Cause of Action....Negligent Hiring, Training and Supervision

Claim for Punitive Damages

Facts that support the amended complaint were learned from the declaration and deposition of Cathomas Starbird, Rose Roberson, and Terri Fesperman.

On or about May 26, 2005, the deposition of former Sausalito School District Board Trustee, Cathomas Starbird was taken by counsel for the Marin City/Sausalito School District. The information revealed by Cathomas Starbird in her deposition (and in a declaration, executed in January, 2005) disclosed to plaintiff for the first time that defendant Roberson had

2

engaged in intentional misconduct regarding plaintiff's that was designed to cause injury to plaintiff. Specifically, information given by former Board member Starbird disclosed that defendant Roberson had been directed by her employer to take all necessary steps to ensure that plaintiff received temporary credentials that would allow her to remain employed in her position as principal; had directed Roberson to communicate with plaintiff regarding her need to obtain regular California credentials; and had directed Roberson to keep the Board informed of progress made toward accomplishing these goals.

From the declaration and deposition testimony given by former Board member Starbird in 2005, and on December 13, 2006, plaintiff also learned that defendant Roberson, intentionally failed to communicate with plaintiff regarding her need to acquire California Credentials, intentionally failed to take steps to acquire temporary credentials for plaintiff, intentionally failed to inform her employer that she had not carried out the directives she had received regarding plaintiff's credentials and knowingly made false reports to Board members that she was actively engaged in obtaining the required temporary credentials for plaintiff, and that she had "everything under control." From the December 13, 2006 deposition of Cathomas Starbird, plaintiff also learned specific facts regarding "emergency" closed sessions of the Board which establish that the District and the individual Trustees named as defendants herein, knowing and intentionally plotted to deprive plaintiff of her employment rights by covering-up their own acts of negligence and misconduct in office.

From the deposition of Rose Roberson taken in three sessions commencing on March 24, 2006 and concluding on December 20, 2006, plaintiff also learned facts which establish that the District was negligent in its hiring, training and supervision of Roberson, that the District intentionally misrepresented information regarding its knowledge and responsibility regarding the credentialing of Christina Windsor, that the District intentionally failed to take action to

LAW OFFICES OF
AMANDA METCALF
SAN RAFALE, CALIFORNIA

EXHIBIT A-4

1  ensure that Roberson fulfilled the District's obligations to plaintiff and that the District had
2  contracted with the Marin County Office of Education to handle credentialing matters but
3  failed to ensure that the responsibilities it had delegated or attempted to delegate were carried
4  out.
5
6     The deposition of Terri Fesperman, Credentialing Specialist for the California
7  Commission on Teacher Credentialing, taken on January 8, 2007, provides evidence of the fact
8  that the District's demotion of plaintiff from her position as principal and its termination of
9  plaintiff from her employment in July, 2000 was not supported or required by State law as
10 claimed by the District, and that the District's termination of plaintiff's employment in August,
11 2000 was similarly not supported or required by State law. Currently there is no scheduled trial
12 date in this action and plaintiff is still pursuing discovery that would support reveal more
13 information regarding defendants conduct that gave rise to this action.
14
15     The injuries inflicted upon plaintiff stem from a conspiracy engaged in by elected and
16 appointed public officials who were sworn to uphold the law, but who engaged in heinous
17 misconduct in order to cover-up their own errors and omissions. Conspiracy is not a cause of
18 action, but a legal doctrine that imposes liability on persons who, although not actually
19 committing a tort themselves, share with the immediate tortfeasors a common plan or design in
20 its perpetration. By participation in a civil conspiracy, a coconspirator effectively adopts as his or
21 her own the torts of other coconspirators within the ambit of the conspiracy. In this way, a
22 coconspirator incurs tort liability co-equal with the immediate tortfeasors. By its nature, tort
23 liability arising from conspiracy presupposes that the coconspirator is legally capable of
24 committing the tort, i.e., that he or she owes a duty to plaintiff recognized by law and is
25 potentially subject to liability for breach of that duty.' <u>Allied Equipment Corp. v. Litton Saudi
26 Arabia Ltd.</u>, 7 Cal.4th at 510-11. In this case, the complaint alleges acts in furtherance of the
27
28

Law Offices of
Amanda Metcalf
San Rafale, California

conspiracy engaged in by defendants Roberson, Thornton, Huff, Fraser and Jones. The acts of these defendant which were designed to and did deprive plaintiff of her employment, are attributable to the District which, based on those acts, violated California's Unfair Competition Statute (Business and Professions Code Section 17200). Mrs. Starbird testified in her declaration that Roberson's attorney solicited her participation in deceit by requesting that Mrs. Starbird make a false statement that she had been present at and participated in a board meeting which she did not in fact attend, and which defendant Roberson knew Mrs. Starbird did not attend. The individual defendants are personally liable for their intentional acts which injured plaintiff because their acts exceeded their authority, the scope of their duties and/or employment, and were engaged fraudulently, with malice and with the intent of causing injury to plaintiff.

### B.  The District is Liable for Damages for Unfair Competition

The Sausalito Marin City School District competes with other educational institutions, both public and private for a finite pool of highly qualified teachers and administrators. When an employer of educational professionals engages in dishonest and unlawful practices respecting the employment of teachers and administrators its activities impact not only the persons who are directly affected by that employer but also has ramifications for all aspects of commerce in the field of education and educational services. The declaration and deposition of Cathomas Starbird discloses the defendant district engaged in both illegal and improper conduct in order to cover up previous mistakes and financial misconduct or mismanagement regarding the hiring and compensation of its employees. The defendant District was motivated to engage in the misconduct disclosed by Mrs. Starbird because it would have been subject to severe financial penalties had its misconduct and mismanagement come to light. The illegal and unethical conduct engaged in, at least in part, for the purpose of avoiding exposure of its misconduct and the financial and other penalties that would result therefrom constituted unfair business practices

prohibited by Business and Professions Code Section 17200. Plaintiff was injured by the conduct complained of has standing to seek relief under Section 17200. The District is liable for violation of California's Unfair Competition Statute because it competes with other public and private enterprises for the services of educators and wrongfully profited by its unfair, deceitful and unlawful treatment of plaintiff.

### C. Intentional and Infliction of Emotional Distress, Deceit and Federal Statutory Violations

Defendant Rose Roberson engaged in conduct which was deceitful and either intended to cause harm to plaintiff or was engaged in with utter disregard for plaintiff's rights and safety. While plaintiff suspected that Roberson had engaged in misconduct which was designed to injure her, not until Mrs. Starbird gave her declaration and deposition testimony did plaintiff have sufficient facts to allege a claim for damages. Plaintiff's initial effort to state a cause of action based on the conduct of defendant Roberson was unsuccessful as the court granted the defendant's demurrer to specific tort causes of action and plaintiff's claim for punitive damages contained in the original complaint, based on plaintiff's inability to state the specific misconduct that had been engaged in by Roberson. In granting defendant's demurrer, however, the court specifically stated that plaintiff could make a motion to amend her complaint to allege additional causes of action if and when she learned sufficient facts on which to base her allegations.

Similarly, the recent testimony of Cathomas Starbird disclosed facts upon which plaintiff bases her claim for relief under 42 USC Section 1983.

### II. ORDER DIRECTING DEFENDANTS TO DISCLOSE INFORMATION

The Sausalito School District and its Board of Trustees is a public agency governed by the provisions of the Brown Act. (Brown Act Sec. 54951). During the months of July, August and September 2000 the District and it Board conducted illegal closed sessions that affected the

6

1  rights of Christina Windsor.  The Board meet in closed session during this period to discuss and

2  ultimately to cover up the District's failure to secure or attempt to secure temporary credentials

3  for then Principal, Christina Windsor.  The sessions in question did not concern the performance

4  of Christina Windsor or any other legitimate issue that required or permitted the agency to meet

5  in closed session.  Because the actual purpose and subject of the meeting was to discuss whether

6  the Superintendent/District/Board had performed all acts required to be done to secure temporary

7  credentials for a person hired from out of state, Windsor shoucl have been given 24 hours notice

8  of such meetings and an opportunity to request that they be conducted in public.  She was not

9  given such notice, and despite her written requests that the Board conduct all meetings

10 concerning the credentials issue in public, the District/Board refused to do so. Defendants

11 conducted those sessions closed to the public not for the protection the privacy of Chistina

12 Windsor, but for the purpose of keeping secret and covering up their failure to make proper

13 application for temporary credentials for the out of state person hired as principal, (Christina

14 Windsor) and to keep secret the fact that the District and its Superintendent were negligent in not

15 following proper procedures respecting the employment and payment of Christina Windsor.

16         The Board used Windsor's status as an "employee" and its claim that the closed sessions

17 were called to discuss "confidential employee matters: as a pretext to close its deliberations to

18 the public regarding its own omissions and negligence, which resulted in an unlicensed person

19 being permitted to teach and act as a public school administrator and be paid as such for over one

20 year, in violation of California statutes governing employment and payment of public school

21 employees; conduct which subjected the Board/District to substantial fines and penalties and

22 would subject the individual Board members and the Superintendent to charges of malfeasance

23 in office.

24         Now defendant seeks to take refuge again behind the Brown Act by refusing to allow it s

25 members and employees to testify regarding matters discussed in closed session related to the

Superintendent's and District's failure to follow directives of the Board and to otherwise take required action to secure temporary credentials for a person who was required to have such credentials by Board and District policy and by the laws of the State of California.

The Brown Act makes it clear that the right to conduct business in closed session is to be construed narrowly and that public agency business may not be conducted in closed session for the purpose of protecting errors, omissions or misconduct on the part of the agency.

In furtherance of its conspiracy to conceal its own illegal actions, the Board/District refused to follow its standard policy of providing counsel to ex Board members and ex-employees who are called to testify regarding District/Board affairs. The District/Board refused to honor former Board member Cathomas Starbird's request that she be provided counsel at her deposition taken in this case. The Board refused to provide Ms. Starbird counsel because she elected to testify truthfully regarding certain alleged acts of misconduct on the part of the District and Superintendent Roberson. Over the District's objection, Ms. Starbird testified regarding specific directions Board members gave to the Superintendent regarding securing California credentials for plaintiff, and the fact that the Superintendent responded to the Board members that she was taking care of the matter and had it well in hand. Superintendent Roberson's deposition has been commenced but not completed, however, she has testified that she was never instructed by Board members to oversee and ensure the issuance of credentials to plaintiff.

Plaintiff alleges that the District, certain employees and certain members of the Board conspired to deprive plaintiff of the benefit of existing Board policies and procedures, and the specific directives given to the Superintendent regarding the District's obligation to seek and secure temporary credentials for Christina Windsor. The testimony of Cathomas Starbird and Rose Roberson support plaintiff's claims for Retaliation, Fraud, Conspiracy, Negligence, Intentional Infliction of Emotional Distress, Unfair Competition, Intentional Interference with

LAW OFFICES OF
AMANDA METCALF
SAN RAFALE, CALIFORNIA

EXHIBIT A-4

1  Economic Relations, Labor Code violations, Civil Rights violations, and Breach of Contract.

2  **LEGAL ARGUMENT**

3      California maintains a liberal Complaint Amendment Policy. **Atkinson v. Elk Corp.**

4  109 Cal.App.4th 739, 135 Cal.Rptr.2d 433,    Cal.App. 6 Dist.,2003.

5      On April 25, 2001, Atkinson brought an ex parte motion for an order shortening time to file a first amended complaint, and to continue trial. Atkinson sought to amend
6  the complaint by adding four new causes of action: proposed third and fourth causes of action alleging breach of written warranty and breach of implied warranty under
7  Magnuson-Moss (15 U.S.C. § 2301 et seq.); a proposed fifth cause of action alleging fraud by concealment and intentional misrepresentation; and a proposed sixth cause of
8  action based upon an alleged violation of the Unfair Business Practices Act. (Bus. & Prof.Code, § 17000 et seq.)
9  The trial court set the hearing for May 4, 2001, the Friday prior to the Monday, May 7 trial date. Elk opposed the motion to amend and continue the trial.
10 On May 4, 2001 the trial court heard and denied Atkinson's motions.
   Atkinson argues that the trial court erred in denying his motion to amend the complaint
11 and continue the trial.

12

13 **\*\*448** When a trial court denies leave to amend, the decision has been upheld on grounds such as the fact that the amendment contained objectionable subject matter or
14 because of the conduct of the moving party or belated presentation of the amendment. (See _Dos Pueblos Ranch & Imp. Co. v. Ellis_ (1937) 8 Cal.2d 617, 622, 67 P.2d 340;
   _Ross v. McDougal_ (1939) 31 Cal.App.2d 114, 121, 87 P.2d 709.)
15 **\*760** Section 473, subdivision (a)(1) states in pertinent part: "[t]he court may ..., in its discretion after notice to the adverse party, allow, upon any terms as may be just, an
16 amendment to any pleading or proceeding in other particulars...." "This statutory provision giving the courts the power to permit amendments in furtherance of justice
17 has received a very liberal interpretation by the courts of this state. [Citations.]" (_Klopstock v. Superior Court_ (1941) 17 Cal.2d 13, 19, 108 P.2d 906.) "This position is
18 clearly in accord with the modern theories of code pleading, which would permit amendment in the discretion of the court unless an attempt is made to present an
19 entirely different set of facts by way of the amendment. [Citation.]" (_Ibid._)

20

21 "it is irrelevant that new legal theories are introduced as long as the proposed amendments 'relate to the same general set of facts.' [Citation.]" (_Kittredge, , 213
22 Cal.App.3d at p. 1048, 261 Cal.Rptr. 857.)_

23
   **In Huff v. Wilkins**    138 Cal.App.4th 732, 41 Cal.Rptr.3d 754    Cal.App. 4 Dist.,2006.
24 the

25 court stated:

26  Courts must apply a policy of great liberality in permitting amendments to the complaintat any stage of the proceedings, up to and including trial, when no prejudice is
27 shown to the adverse party.

28 Se also:Cal. Prac. Guide Civ. Pro. Before Trial Ch. 6-E; and the following Treatises which

   support allowing the proposed amendment.        9

California Practice Guide: Civil Procedure Before Trial
Judge Robert I. Weil (Ret.), Judge Ira A. Brown, Jr. (Ret.), Update
Author: Justice William F. Rylaarsdam, Contributing Editors: Hon. Paul Turner, Presiding Justice, Hon. Lee Smalley Edmon, Hon. Richard A. Kramer, and Atty. Sharon J. Arkin

Chapter 6. Pleadings

1) [6:637] **Discretion of court:** Motions for leave to amend the pleadings are directed to the sound discretion of the judge. 'The court *may*, in *furtherance of justice*, and *on such terms as may be proper*, allow a party to amend any pleading ... '[CCP § 473(a)(1); and see CCP § 576]

(2) **Factors affecting court's exercise of discretion**
  (a) [6:638] **Policy favoring amendment:** First of all, judicial policy favors resolution of all disputed matters between the parties in the same lawsuit. Thus, the court's discretion will usually be exercised *liberally* to *permit* amendment of the pleadings. [See Nestle v. Santa Monica (1972) 6 C3d 920, 939, 101 CR 568, 581; Mabie v. Hyatt (1998) 61 CA4th 581, 596, 71 CR2d 657, 666 (citing text)]

  1) [6:639] **Denial rarely justified:** The policy favoring amendment is so strong that it is a rare case in which denial of leave to amend can be justified: 'If the motion to amend is *timely* made and the granting of the motion will *not prejudice* the opposing party, it is *error to refuse* permission to amend and where the refusal also results in a party being deprived of the right to assert a meritorious cause of action or a meritorious defense, it is not only error but an abuse of discretion.' [Morgan v. Sup.Ct. (1959) 172 CA2d 527, 530, 343 P2d 62, 64 (emphasis added); see Mabie v. Hyatt, supra, 61 CA4th at 596, 71 CR2d at 666 (citing text)]

  (b) [6:640] **Nature of proposed amendment:** Subject to the limitations noted below, the court has discretion to permit *any* sort of amendment; i.e., the amendment need not relate to the claims or defenses originally pleaded. Thus, amended pleadings may set forth entirely different claims, add new parties, seek a different or greater remedy, etc……………………………….(d) [6:652] **Proximity to trial or during trial:** Courts are bound to apply a policy of great liberality in permitting amendments to the complaint'at any stage of the proceedings, up to and including trial,' *absent prejudice* to the adverse party. [Atkinson v. Elk Corp. (2003) 109 CA4th 739, 761, 135 CR2d 433, 449 (internal quotes omitted)]

  3) [6:654] **Same policy under 'fast track' rules:** An otherwise proper amendment should not be refused solely because the case is on fast track. This is true even where the amendment will require a *continuance* of the trial date. [Honig v. Financial Corp. of America (1992) 6 CA4th 960, 967, 7 CR2d 922, 926]

  2) [6:659] **Absent prejudice, delay alone not ground for denial:** If the delay in seeking the amendment has not misled or prejudiced the other side, the liberal policy of allowing amendments prevails. Indeed, it is an *abuse of*

10

*discretion* to deny leave in such a case ... even if sought as late as the time of trial! [*Higgins v. Del Faro* (1981) 123 CA3d 558, 564-565, 176 CR 704, 707-708]

[6:660] *Reserved.*

- [6:661] It was error to deny an amendment on the eve of trial to add a fraud count, where the delay was attributable to the opposing party's failure to comply with discovery requests, and no prejudice to that party was shown. [*Arthur L. Sachs, Inc. v. City of Oceanside* (1984) 151 CA3d 315, 319, 198 CR 483, 485]

(f) [6:663] **Court may impose conditions:** Even if some prejudice is shown, the judge may still permit the amendment, but impose conditions. The court is authorized to grant leave ' ... on such terms as may be proper ... '[CCP §§ 473(a)(1), 576]

1) [6:664] **Example:** Thus, for example, the judge may continue the trial date (if requested by the opposing party); limit discovery; and/or order the party seeking the amendment to *pay the costs and fees* incurred by the opposing party in preparing for trial, etc. [See *Fuller v. Vista Del Arroyo Hotel* (1941) 42 CA2d 400, 404, 108 P2d 920, 922-923]

The clear weight of California authority holds that plaintiff should be allowed to amend her complaint before trial in order to receive a full and fair hearing of all her claims. No trial date is scheduled and any claimed prejudice to defendants by allowing the amendment or supplemental pleading is far outweighed by plaintiff's interest in being able to pursue all related claims in one action.

For the foregoing reasons, plaintiff respectfully requests that enter its order permitting the filing of plaintiff's Second Amended complaint.

Dated:   January 25, 2007          LAW OFFICES OF AMANDA METCALF


                                   *Amanda Metcalf*
                                   Amanda Metcalf, Attorneys for Plaintiff
                                   Christina Windsor

LAW OFFICES OF
AMANDA METCALF
SAN RAFALE, CALIFORNIA

EXHIBIT A-4