1 │ Dennis J. Walsh, Esq., State Bar No. 106646
2 │ Adam N. Bouayad, Esq., State Bar No. 248087
  │ WALSH & ASSOCIATES, APC
3 │ 16633 Ventura Boulevard, Suite 1210
  │ Encino, California 91436
  │ Telephone Number:  (818) 986-1776
4 │ Facsimile Number:   (818) 382-2071

5 │ Attorneys for Defendants, SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF
  │ EDUCATION, MARY JANE BURKE, MARY OTTO, MARIN COUNTY BOARD OF EDUCATION,
6 │ the SAUSALITO MARIN CITY SCHOOL DISTRICT, the SAUSALITO MARIN CITY SCHOOL
  │ DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF,
7 │ RONNIE JONES and ROSE ROBERSON

8 │                    **UNITED STATES DISTRICT COURT**

9 │                    **NORTHERN DISTRICT OF CALIFORNIA**

10 │

11 │ CHRISTINA    WINDSOR,   SCOTTLAN)      **CASE NO: C07 2897 (JSW)**
   │ WINDSOR, through and by his mother and)
12 │ Natural Guardian, Christina Windsor        )    **DEFENDANTS'    REPLY   TO   THE**
   │                                            )    **OPPOSITION    TO    PLAINTIFFS'**
13 │                Plaintiff,                  )    **OPPOSITION TO MOTION TO DISMISS**
   │                                            )    **COMPLAINT   PURSUANT   TO   RULE**
14 │        vs.                                 )    **12(b)(6)**
   │                                            )
15 │ MARIN COUNTY OFFICE OF EDUCATION,)         **DATE:**          **February 18, 2008**
   │ MARY JANE BURKE, in her official capacity as)   **TIME:**          **9:00 a.m.**
16 │ Superintendent of the Marin County Office of)   **COURTROOM:**     **2, Seventeenth Floor**
   │ Education, only; MARY OTTO, in her individual)
17 │ capacity and in her official capacity as the)
   │ Credentials Specialist for the Marin County Office)
18 │ of Education; MARIN COUNTY BOARD OF)
   │ EDUCATION; the SAUSALITO MARIN CITY)
19 │ SCHOOL DISTRICT; the SAUSALITO MARIN)
   │ CITY   SCHOOL   DISTRICT   BOARD   OF)
20 │ TRUSTEES,    SHIRLEY    THOMPSON,)
   │ STEPHAN FRASER, BRUCE HUFF, RONNIE)
21 │ JONES,  as individuals  and  in their official)
   │ capacity as Trustees; ROSE ROBERSON, in her)
22 │ individual capacity and in her official capacity as)
   │ Superintendent of the Sausalito School District,)
23 │ the   CALIFORNIA   COMMISSION   ON)
   │ TEACHER CREDENTIALING,            )
24 │                                            )
   │ _____ Defendants. )
25 │

26 │       TO THE HONORABLE JEFFREY S. WHITE AND TO ALL INTERESTED PARTIES AND TO

27 │ THEIR RESPECTIVE ATTORNEYS OF RECORD:

28 │

                                          1
   │ DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO
   │       DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

Defendants, SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF EDUCATION (herein "public entity defendant"), MARY JANE BURKE ("individual defendant"),  MARY OTTO ("individual defendant"), MARIN COUNTY BOARD OF EDUCATION ("individual defendant") the SAUSALITO MARIN CITY SCHOOL DISTRICT (herein "public entity defendant"), the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES (herein "public entity defendant"), SHIRLEY THOMPSON ("individual defendant"), STEPHAN FRASER ("individual defendant"), BRUCE HUFF ("individual defendant"), RONNIE JONES ("individual defendant"), and ROSE ROBERSON ("individual defendant") (hereinafter or collectively "defendants"), hereby reply to the memorandum of points and authorities filed by plaintiffs in opposition to defendants' Motion to Dismiss.

## I.    INTRODUCTION

Plaintiff relies on the argument that "[a] Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory'" (Plaintiffs' Opposition, pg. 5, lines 13-15.) However, this argument is misplaced. Even if this Court does find plaintiffs have plead a cognizable legal theory or sufficient facts to support a cognizable theory, plaintiff is still barred from bringing suit against defendants, SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE, MARY OTTO, MARIN COUNTY BOARD OF EDUCATION, the SAUSALITO MARIN CITY SCHOOL DISTRICT, the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES and ROSE ROBERSON (hereinafter "defendants") on several grounds.

First, as to plaintiffs' first and second causes of action alleging 42 U.S.C. sections 1981 and 1983 violations, the public entity defendants are immune from suit under Eleventh Amendment Immunity and the individual defendants are immune from suit under qualified immunity.  Moreover, and most importantly, *plaintiff has failed to oppose defendants' argument that she is time barred from bringing suit under these legal theories as her causes of action would have accrued on June 4, 2007, at the latest, and the instant suit was filed on June 4, 2007.*

Second, as to plaintiffs' state law claims.  Plaintiffs have failed to overcome defendants' arguments that they failed to either file a timely governmental claim, and even if they had, plaintiffs failed to file a

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

1  lawsuit within six months of any filing. Moreover, plaintiffs have failed to rebut defendants' argument that

2  they are entitled to discretionary immunity for their alleged conduct. Finally, plaintiff has failed to establish

3  a statutory basis for her negligence claims against the government entity defendants.

4        Third, as to plaintiff SCOTLLAN WINDSOR'S claims for Infliction of Emotional Distress and Loss

5  of Consortium claims, contrary to plaintiff SCOTTLAN WINDSOR'S claim, he is not exempt, based upon

6  his age, from filing a governmental claim; therefore, he is time barred as a matter of law from bringing his

7  causes of action based upon his failure to file a governmental claim.  Finally.  Plaintiff SCOTTLAN

8  WINDSOR misreads the case law for negligent infliction of emotional distress which does not allow a party

9  to file suit for the activity alleged against defendants. Finally, plaintiff SCOTTLAN WINDSOR has failed

10 to oppose defendants' argument that a child cannot bring a cause of action for loss of consortium based on

11 tortious activity directed at a parent.

12       Accordingly, defendants request that this Court dismiss plaintiffs' complaint for damages, with

13 prejudice.

14 **ARGUMENT**

15 **I.**   **PLAINTIFF FAILS TO OPPOSE DEFENDANTS' MOTION TO DISMISS AS TO HER**

16       **FIRST AND SECOND CLAIMS FOR RELIEF UNDER 42 U.S.C. SECTIONS 1981 AND**

17       **1983**

18       Plaintiffs argues that "Eleventh Amendment jurisprudence has become over the years esoteric and

19 abstruse and the decisions inconsistent." (Plaintiff's Opposition, pg. 7, lines 10-11.)  Plaintiffs make this

20 argument without citing case law to demonstrate the principal.  The reason plaintiffs fail to cite case law

21 demonstrating this point is because the case law is clear.

22       **A.**   **PLAINTIFF FAILS TO OPPOSE DEFENDANTS' ARGUMENT THAT PLAINTIFF**

23           **IS BARRED AS A MATTER OF LAW FROM BRINGING SUIT UNDER 42 U.S.C.**

24           **SECTIONS 1981 AND 1983 AS IT HAS BEEN MORE THAN ONE YEAR SINCE**

25           **THEIR ACCRUAL**

26       *Plaintiff waxes on about the applicable statute of limitations as to her State law claims; however,*

27 *fails to oppose defendants' argument that under Taylor v. Regents of University of California (9th Cir. 1993)*

28

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO
DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

1  *993 F.2d 710, 711-712, a one-year statute of limitations governs claims brought pursuant to 42 U.S.C.*

2  *sections 1981 and 1983.* (See Defendants' Motion to Dismiss Pursuant to 12(b)6, argument III.B.3.) The

3  reason for plaintiff's silence on this issue, no doubt, is her inability to rebut this very clear area of the law.

4  **B.    PLAINTIFF FAILS TO OPPOSE DEFENDANTS' ARGUMENT THAT MCOE,**

5  **BOARD, DISTRICT AND TRUSTEES ARE IMMUNE FROM SUIT UNDER THE**

6  **ELEVENTH AMENDMENT**

7  Plaintiff argues that "in each case it must be determined whether (based on criteria set forth in federal

8  case law) the agency or agencies sued are in fact "arms of the state" for purposes of Eleventh Amendment

9  Immunity. (Plaintiff's Opposition, pg. 7, lines 6-8.) However, plaintiff cites no case law which mandates

10  this proposition as applied to these facts, where the case law is clear.

11  Plaintiff argues *Regents of California v. Doe* (1997) 519 US 425 in support of the proposition that

12  a state university "may be acting as an arm of the state in some situations while not in others" and therefore

13  is not always accorded Eleventh Amendment immunity. (Plaintiff's Opposition, pg. 9, lines 1-2.) However,

14  contrary to plaintiff's assertion, the *Regents* case does not stand for the proposition that a school district and

15  its governing and administrative bodies requires a factual analysis into whether or not they are in fact "arms

16  of the state."

17  Moreover, assuming, arguendo, a factual analysis is required for every assertion of Eleventh

18  Amendment immunity, in this case, an analysis as to whether defendant public entities are considered "arms

19  of the state" is mooted by the *Belanger v. Madera Unified School District* (9th Cir. 1992) 963 F.2d 248 and

20  *Kirchmann v. Lake Elsinore Unified School District* (2000) 83 Cal.App.4th 1098, cases. In *Belanger* and

21  *Kirchmann*, it was determined that unlike other school districts in most states, California school districts are

22  considered arms of the state for purposes of Eleventh Amendment immunity protection. (See Defendants'

23  Motion to Dismiss Pursuant to 12(b)g, argument III.B.1.a, incorporated herein by reference.) Moreover, in

24  *Kirchmann*, plaintiff's 42 U.S.C. section 1983 claim was dismissed on demurrer which runs contrary to

25  plaintiff's assertion that a factual analysis is somehow necessary before this Court may grant defendants

26  request for dismissal pursuant to Rule 12(b)(6).

27  Also, with regards to defendants BOARD, TRUSTEES and MCOE, plaintiffs have recognized in

28

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO
DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

their complaint for damages their governmental role vis-a-vis the District. (Plaintiffs' Complaint, paragraphs, 3 and 9.)

Plaintiff also claims that "the State of California is not required to bear any indebtedness incurred by the Sausalito/Marin City School District" based on "recent filing by California School districts that have declared bankruptcy," in support of her argument that public entity defendants should not be viewed as "arms of the state." (Plaintiff's Opposition, pg. 11, lines 3-11) However, this argument fails for two reasons. First, plaintiff has not plead any case law or requested judicial notice in support of this contention. Secondly, plaintiff fails to demonstrate how bankruptcy proceedings are in anyway analogous to her present lawsuit.

Finally, plaintiff argues that changes in "California law (including new legislation) have affected how California public schools are operated, controlled and financed." (Plaintiff's Opposition, Lines 5-20) Plaintiff apparently makes this argument as additional support for her contention that somehow the public entity defendants are not "arms of the state" entitled to Eleventh Amendment immunity. However, she has failed to plead or request judicial notice of any piece of legislation (new or old) to support this argument.

As such, defendants request that this Court sustain their motion to dismiss plaintiff's complaint as to her causes of action for 42 U.S.C. sections 1981, 1983, against defendant government entities, on the grounds that they are immune from suit under the Eleventh Amendment.

### C. PLAINTIFF HAS FAILED TO OPPOSE DEFENDANTS' ARGUMENT THAT ROBERSON, OTTO, THORNTON, FRASER, HUFF AND JONES ARE IMMUNE FROM LIABILITY IN BOTH THEIR OFFICIAL AND PERSONAL CAPACITIES

Plaintiff fails to rebut the individual defendants' argument that they are not "persons" under 42 U.S.C. section 1983 and therefor cannot claim damages against them in their official capacity. (See Defendants' Motion To Dismiss, argument III.B.1.b.)

Moreover, the individual defendants sued in their personal capacities are entitled to qualified immunity. In this matter, simply put, plaintiff was required to secure the necessary credentials for continued employment at the DISTRICT. Her failure to do so resulted in her dismissal. The individual defendants'

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

conduct, releasing defendant from her employment with the DISTRICT, was not prohibited by any cognizable law, in fact, it would be unlawful to allow plaintiff to continue her employment without the necessary credentialing under California law. Therefore, defendants have satisfied the *Harlow* standard and should be conferred qualified immunity.

Finally, assuming, arguendo, that defendant OTTO was alleged of wrongdoing in plaintiffs' complaint, she too is afforded qualified immunity. Plaintiff cites no conduct on her part which is prohibited by federal, constitutional, or any other law. Moreover, any right not to be subjected to such conduct cannot be said to have been clearly established at the time. Thus, her actions were objectively reasonable at the time.

## II.    PLAINTIFFS HAVE FAILED TO ESTABLISH THAT THEY CAN PREVAIL ON THEIR STATE LAW CLAIMS AS A MATTER OF LAW

Plaintiff argues that because she seeks "recovery under federal laws (as opposed to the California Tort Claims Act) the time periods prescribed in the California Government Code for prosecution of tort claims do not apply." (Plaintiffs' Opposition, pg. 17, lines 15-17.) Defendants are at a loss as to the grounds for plaintiffs' assertion. Plaintiffs are clearly pursuing state law causes of action in addition to their federal claims and offer no case law which stands for the proposition that they are somehow exempt from filing the prerequisite governmental tort claim necessary to pursue her causes of action.

Plaintiff also argues, alternatively now, that filing a governmental claim with MCOE and the legal representative of the DISTRICT should serve as exhaustion of her administrative remedies against all other entity defendants under an "arm of the state" theory. (Opposition, pg. 17-18) Thus, plaintiff wants to argue that the other public entities defendants are somehow distinct from the DISTRICT for purposes of Eleventh Amendment immunity under 42 U.S.C. sections 1981 and 1983, while at the same time argue that they are one in the same for purposes of governmental claim exhaustion. Plaintiff cannot have it both ways.

### A.    PLAINTIFFS ARE REQUIRED TO FILE A GOVERNMENTAL CLAIM AS TO EVERY DEFENDANT SUED IN THE INSTANT ACTION AND AS THEY HAVE FAILED TO DO SO, THEY ARE BARRED AS A MATTER OF LAW FROM BRINGING THE INSTANT STATE LAW CAUSE OF ACTION

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

California *Government Code* "section 950.2 applies to all public employees, including the defendant. The provision makes it clear that when such an employee is sued for an act or omission in the scope of his employment, said action is barred by the failure to prevent a timely claim to the employing public entity (in this case the State). *C.A. Magistretti Co. v. Merced Irrigation District* (1972) 27 Cal.App.3d 270, 274,103 Cal.Rptr. 555.

In *C.A. Magistretti Co.,* the court held that where a claim of lien filed by a subcontractor did not give public notice to district or its officers actual notice of any impending action against them personally, subcontractor did not have a cause of action against them. *C.A. Magistretti Co. v. Merced Irrigation District*. Supra 27 Cal.App.3d. at 276.

Moreover, "'[t]he doctrine of substantial compliance is not applicable to a claim which is addressed to the wrong public entity." *Johnson v. San Diego Unified School District* (1990) 217 Cal.App.3d 692, 697, 266 Cal.Rptr. 187. (Citing *Jackson v. Board Of Education* (1967) 250 Cal.App.2d 856, 860, 58 Cal.Rptr. 763.) Additionally, "[t]he separate distinct character of the school district as distinguished from the state educational entities is made clear by the statutory provisions requiring the governing board of any school district to purchase liability." *Id.* 699. "It is well settled that claims statutes must be satisfied even in the face of the public entity's actual notice of the circumstances surrounding the claim." *Id.* 697, Fn. 1.

In the instant matter, filing a governmental claim against defendant, MCOE, on October 12, 2006 for breach of contract and negligence would not have put all other parties on notice as to whether or not they would have to conduct an investigation or defend against a future lawsuit. Proof of this failure of notice is evident in plaintiff's First Amended Complaint against defendant MCOE filed in Marin County Superior Court (Case No. CV 071483) wherein she alleges that "[a]fter filing a tort claim with the County of Marin, plaintiff learned that MCOE is not an agency of the County and thereafter, on or about October 12, 2006, plaintiff filed a tort claim with MCOE, which was rejected..."(See plaintiff's First Amended Complaint for Damages attached as **"Exhibit M"** to defendants request for judicial notice in support of defendants' reply to plaintiffs' opposition and incorporated by reference. )

B.    **PLAINTIFF'S PROPOSED AMENDED COMPLAINT AND DECLARATION FILED IN CALIFORNIA SUPERIOR COURT DO NOT SATISFY THE GOVERNMENTAL**

## CLAIMS REQUIREMENT OF CAL. GOV. CODE SECTION 910.

"Although only substantial compliance, rather than strict compliance, is required, *the purported "claim" must be readily identifiable as such.*" *Schaefer Dixon Associates v. Santa Ana Watershed Project Authority* (1996) 48 Cal.App.4th 524, 533, 55 Cal.Rptr.2d 698. (Emphasis added.) (Citation omitted.)"

"'We hold that to be sufficient to constitute a trigger-claim under [Government Code] section 910.8, the content of the correspondence to the recipient entity must at least be of such nature as to make readily discernable by the entity that the intended purpose thereof is to convey the assertion of a compensable claim against the entity which, if not otherwise satisfied, *will result in litigation.*'" *Schaefer Dixon Associates v. Santa Ana Watershed Project Authority.* Supra, 48 Cal.App.4th. at 533 (Citing *Green v. State Center Community College Dist.* (1995) 34 Cal.App.4th 1348, 41 Cal.Rptr.2d 140.) (Emphasis added.)

Plaintiffs offer no case law carving out an exception to the form requirements of a governmental claim. Plaintiffs merely states in their opposition that "[b]oth the proposed amended complaint and Declaration in support thereof included each point of information required by Cal.Govt. Code Section 910" and thus they have satisfied the governmental claim requirement as to the other defendants in this lawsuit." (Plaintiffs' Opposition, pg.19, lines 12-13.) This proposition is preposterous, as the very purpose of filing a governmental claim is "to reasonably enable a public entity to make an adequate investigation of the merits of the claim and to settle it without the expenses of a lawsuit." *Johnson v. San Diego Unified School District* (1990) 217 Cal.App.3d 692, 697, 266 Cal.Rptr. 187 (Citations omitted.) Filing a motion with an accompanying declaration during the course of litigation can hardly qualify as notice to a public entity to investigate claims and potentially settle them prior to litigation.

Moreover, plaintiff fails to take into account that governmental claims must be filed within six months of the accrual of any causes of action, or within one year, if granted leave to file a late claim. As stated in defendants' moving papers, this time has run. (See Defendants' Motion To Dismiss, argument III.C.1., 2., 3.)

**C.    ALL CLAIMANTS WHO SUBSEQUENTLY FILE SUIT MUST BE INCLUDED IN A GOVERNMENTAL CLAIM**

In order to bring suit against a public entity and its employees, all plaintiffs must be included as

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

claimants in a subsequent governmental claim.

In *Peterson v. City of Vallejo* (1968), 259 Cal.App.2d 757, 66 Cal.Rptr. 776, the court held that an action against the city was barred as to a "daughter who never filed any claim with the State, individually or in her representative capacity."

"The filing of a wrongful death claim by one heir for herself alone, even though it similarly gives the public body full opportunity to investigate, does not excuse absence of a claim by another heir. Mere knowledge by the public body of the accident and the proposed claim is not sufficient." *Lewis v. City and County of San Francisco*, (1971) 21 Cal.App.3d 339, 341, 98 Cal.Rptr. 407 (Citations omitted.)

Moreover, "[t]he Act's claim applies to minors, and is based on the following principals: '(1) that neither the state nor any of its political subdivisions may be sued in the absence of specific statutory permission; (2) that where a cause of action against the state or any of its political subdivisions is created by statute, such right may be circumscribed by any conditions that the legislature may see fit to impose; and (3) *that when that Legislature enacts a mandatory provision requiring in general terms that all claims must be presented before any cause of action may be brought thereon, compliance with such condition is an indispensable prerequisite to the bringing of any such cause of action by any person, regardless of his age or his physical or mental condition."* *Curtis v. County of Los Angeles* (2004) 123 Cal.App.4th 1405, 1415, 21 Cal.Rptr.3d 208. (Citing *Artukovich v. Astendorf* (1942) 21 Cal.2s 329, 331-332, 131 P.2d 831.) (Emphasis added.)

Plaintiffs' claim "that the statute of limitations as to the claims asserted by SCOTTLAN do not begin to run until he reaches majority." (Plaintiff's Opposition, pg. 17, lines 10-11.) Plaintiff offers no case law to show that plaintiff, SCOTTLAN WINDSOR is exempt from the same governmental filing requirements as everyone else. As indicated above, he is not. Accordingly, he is barred from bringing suit as matter of law for failure to file a governmental claim, or request leave to file a late claim within one year. (See Defendants' Motion To Dismiss, Argument III.G.1.)

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

**D.    PLAINTIFFS HAVE FAILED TO SHOW THAT DEFENDANTS BURKE ROBERSON, OTTO AND THE TRUSTEES ARE NOT ENTITLED TO DISCRETIONARY IMMUNITY.**

See defendants' arguments in support of their contention that they are afforded discretionary immunity as set forth, and incorporated by reference, in Defendants' Motion To Dismiss, Argument III.D.3.

**E.    PLAINTIFFS HAVE FAILED TO OPPOSE DEFENDANTS' ARGUMENT THAT THEY CANNOT ALLEGE A CAUSE OF ACTION FOR NEGLIGENCE IN THE ABSENCE OF STATUTORY AUTHORITY.**

Plaintiffs have failed to assert a statutory basis in support of their Third and Fourth Causes of Action based on negligence. (See defendants' Motion To Dismiss, Argument III.D.2, incorporated herein by reference.) Accordingly, they have failed to oppose defendants' motion to dismiss on said grounds.

**F.    DEFENDANT SCOTTLAN WINDSOR HAS NOT OPPOSED DEFENDANTS' MOTION TO DISMISS HIS CLAIM FOR LOSS OF CONSORTIUM AND HAS NOT ADEQUATELY SHOWN THAT HIS CLAIM FOR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IS NOT BARRED AS A MATTER OF LAW**

Plaintiff SCOTTLAN WINDSOR has not opposed defendants' contention that he is barred as matter of law from pursuing a cause of action for loss of consortium.

Plaintiffs' argument Section III.b.4. of their Opposition to defendants' Motion to Dismiss, reads SCOTTLAN WINDSOR HAS ALLEGED A CLAIM FOR NEGLIGENT, INTENTIONAL/RECKLESS INFLICTION OF EMOTIONAL DISTRESS. Defendants are at a loss as to why plaintiffs now claim intentional infliction of emotional distress when it was not included in their complaint. Plaintiff is confined to her pleadings and the issues raised in defendants' motion to dismiss and cannot now bring additional causes of action. Accordingly, defendants contend that plaintiffs have failed to show how SCOTTLAN WINDSOR may bring a cause of action for intentional infliction of emotional distress at this stage in the litigation.

With regards to SCOTTLAN WINDSOR'S negligent infliction of emotional distress claim, while plaintiffs allege that he was present to witness his mother, CHRISTINA WINDSOR'S mental and emotional

10

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

1 | suffering as a result of her employment situation, the case law is clear, he must allege that he was present
2 | at the scene of the injury producing event. (See defendants' argument 3.G.2.a. in their Motion Dismiss,
3 | incorporated herein by reference.)

4 |     Plaintiffs claim that SCOTTLAN WINDSOR was "aware of his mother's impaired physical
5 | condition and observed her physical suffering when she received notice that defendants falsely accused her
6 | of responsibility for the credential debacle and declared that the District would not make the required
7 | application on her behalf; SCOTTLAN also observed and the exposure of his Mother's dilemma in the press,
8 | as well as the public outcry generated in his school, church and community at large..." (Plaintiff's
9 | Opposition, pg. 24, lines 25-28.) As unfortunate as seeing his mother's suffering may have been for
10 | SCOTTLAN WINDSOR, he is not entitled to recover for the incidental hardships that arose from his
11 | mother's dealings with the DISTRICT under a bystander negligent infliction of emotional distress theory.

12 |     In *Golstein v. Superior Ct.*, (1990) 223 Cal.App.3d 1415, 273 Cal.Rptr.270, the contours of a
13 | bystander negligent infliction of emotional distress claim were vividly highlighted. Specifically, the
14 | *Golstein* case highlights the necessity that a plaintiff suing for negligent infliction of emotional distress be
15 | present and have an understanding of the injury causing event. *Supra.* at 1427. In *Golstein*, plaintiff parents
16 | brought a cause of action against a hospital where their son was given a fatal overdose of radiation during
17 | treatment for a curable cancer. The parents were informed of the excessive radiation after the fact and were
18 | "'present and contemporaneously observed the grotesque, deteriorating and worsening condition' of their
19 | son 'on a daily basis and observed his injuries, suffering and pain...up to the time of his death'" *Supra.* at
20 | 1418. The court denied parents' claim for negligent infliction of emotional distress on the grounds that a
21 | "contemporaneous sensory awareness of the causal connection between the negligent conduct and the
22 | resulting injury" is a necessary and because radiation is invisible, the parents lacked the necessary awareness.
23 | *Supra.* 1427.

24 |     Similarly in this case, plaintiff has not shown how he could be present at the non-event of the
25 | DISTRICT's failure to process CHRISTINA WINDSOR's credentials. Moreover, the vague notion that
26 | plaintiff was present when his mother received notice that defendants required her to process her credentials
27 | could hardly be called "outrageous" conduct. Additionally, any activity in the community surrounding this
28 |

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO
DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

matter that may have caused plaintiff distress was incidental at best. Therefore, plaintiff would not be present at a period of time where he was aware of the casual connection between any negligent conduct on the part of defendants and the resulting injury to his mother. Simply put, the facts surrounding the present suit do not lend themselves to a cause of action for negligent infliction of emotional distress as alleged by plaintiffs.

DATED:    November 20, 2007                 Respectfully submitted,

                                             WALSH & ASSOCIATES, APC

                               By:

                                             DENNIS J. WALSH, ESQ.
                                             ADAM N. BOUAYAD, ESQ
                                             Attorneys for Defendants, SAUSALITO SCHOOL
                                             DISTRICT , MARIN COUNTY OFFICE OF EDUCATION,
                                             MARY JANE BURKE, MARY OTTO, MARIN
                                             COUNTY BOARD OF EDUCATION, the SAUSALITO
                                             MARIN CITY SCHOOL DISTRICT, the SAUSALITO
                                             MARIN CITY SCHOOL DISTRICT BOARD OF
                                             TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER,
                                             BRUCE HUFF, RONNIE JONES and ROSE ROBERSON

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA       )
                          )§
COUNTY OF LOS ANGELES     )

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action. My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

     On **November 20, 2007**, I served the document described as **DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)** on the interested parties in this action, as follows:

Amanda Metcalf, Esq.
Nyanza Shaw, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, California 94901
Telephone Number: (415) 454-0945
Facsimile Number:  (415) 454-0145
Counsel for Plaintiffs, Christina Windsor
and Scottlan Windsor

       (BY UNITED STATES POSTAL SERVICE).    I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

xxx   (NEXT BUSINESS DAY). I deposited a sealed envelope containing a true and correct copy of the above-entitled document, in a regularly maintained receptacle of the overnight courier, for delivery on the next business day.

       (ELECTRONIC TRANSMISSION). I served a true and correct copy of the above-entitled document upon the interested party, via electronic transmission.

xxx   (FEDERAL).  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

     Executed on November 20, 2007, at Encino, California.


Cheryl C. Crowley

---

13

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA    )
                       )§
COUNTY OF LOS ANGELES  )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action. My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

On **November 20, 2007**, I served the document described as **DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6)** on the interested parties in this action, as follows:

Edmund G. Brown, Jr., Esq.
Susan M. Carson, Esq.
George Prince, Esq.
Attorney General's Office
455 Golden Gate Avenue, Suite 11000
San Francisco, California 94102-7004
Telephone Number: (415) 703-5749
Facsimile Number: (415) 703-5480
Counsel for Defendant, California Commission
on Teacher Credentialing

      (BY UNITED STATES POSTAL SERVICE). I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**xxx**    (NEXT BUSINESS DAY). I deposited a sealed envelope containing a true and correct copy of the above-entitled document, in a regularly maintained receptacle of the overnight courier, for delivery on the next business day.

      (ELECTRONIC TRANSMISSION). I served a true and correct copy of the above-entitled document upon the interested party, via electronic transmission.

**xxx**    (FEDERAL). I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on November 20, 2007, at Encino, California.

_Cheryl C. Crowley_
Cheryl C. Crowley

DEFENDANTS' REPLY TO THE OPPOSITION TO PLAINTIFFS' OPPOSITION TO MOTION TO
DISMISS COMPLAINT PURSUANT TO RULE 12(b)(6) (JSW)