EDMUND G. BROWN JR.
Attorney General of the State of California
SUSAN M. CARSON
Supervising Deputy Attorney General
GEORGE PRINCE, State Bar No. 133877
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
 Telephone: (415) 703-5749
 Fax: (415) 703-5480
 Email: george.prince@doj.ca.gov

Attorneys for Defendant California
Commission on Teacher Credentialing

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHRISTINA WINDSOR, SCOTTLAN WINDSOR, through and by his mother and Natural Guardian, Christina Windsor,<br><br>Plaintiffs,<br><br>v.<br><br>THE MARIN COUNTY OFFICE OF EDUCATION; MARY JANE BURKE, in her official capacity as Superintendent of the Marin County Office of Education only; MARY OTTO, in her individual capacity and in her official capacity as the credentials Specialist for the Marin County Office of Education; MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT, the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THORNTON, STEPHEN FRASIER, BRUCE HUFF, RONNIE JONES, as individuals and in their official capacity as Trustees; ROSE ROBERSON, in her individual capacity and in her official capacity as Superintendent of the Sausalito School District, the CALIFORNIA COMMISSION ON TEACHER CREDENTIALING; DOES 1 through 25, inclusive.,<br><br>Defendants. | C-07 2897 JSW<br><br>DEFENDANT CALIFORNIA COMMISSION ON TEACHER CREDENTIALING'S NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS AND MEMORANDUM IN SUPPORT THEREOF<br><br>F.R.C.P., Rule 12 (c)<br><br>Hearing Date: February 15, 2008<br>Hearing Time: 9:00 a.m.<br>Courtroom: 2, 17th floor<br><br>Judge: The Hon. Jeffrey S. White |

Notice of Motion & Motion for Judgment on the Pleadings    Windsor, et al. v. Marin County Office of Education, et al.
C-07 2897 JSW

1

**TO PLAINTIFFS AND THEIR ATTORNEY OF RECORD:**

**PLEASE TAKE NOTICE** that on February 15, 2008, at 9:00 a.m., or as soon thereafter as the matter can be heard, in Courtroom 2 of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, before the Honorable Jeffrey S. White, United States District Judge, defendant California Commission on Teacher Credentialing will and hereby does move for judgment on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure with respect to each and every one of plaintiffs' causes of action on the grounds that plaintiffs cannot state a claim upon which relief can be granted against this defendant because (1) this defendant is immune from suit in this Court and it has not waived its sovereign immunity, and (2) plaintiffs' action is time-barred due to failure to comply with California's Government Claims Act.

This motion is based on this notice of motion and motion, the attached memorandum of points and authorities, all pleadings and papers on file in this action, and such other evidence and matters as may be presented to the Court at the time of hearing.

Dated: January 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

SUSAN M. CARSON
Supervising Deputy Attorney General

*/s/ George Prince*

GEORGE PRINCE
Deputy Attorney General

Attorneys for California Commission
on Teacher Credentialing

20113419.wpd
SF2007402684

Notice of Motion & Motion for Judgment on the Pleadings    Windsor, et al. v. Marin County Office of Education, et al.
C-07 2897 JSW

## MEMORANDUM OF POINTS AND AUTHORITIES

### STATEMENT OF THE CASE

Plaintiffs' lawsuit claims that defendants -- school officials in Marin County, various local school oversight agencies, and the California Commission on Teacher Credentialing – violated their federal civil rights and committed other wrongful acts under a variety of state laws. The action was filed in this Court on June 4, 2007.

### STATEMENT OF FACTS

The wrongs plaintiffs claim were committed against them all stem from the allegedly wrongful dismissal of Christina Windsor from her position as principal of the Sausalito Marin City School District. According to the complaint, that dismissal supports no fewer than seven causes of action:

1. Violation of 42 U.S.C. section 1981;
2. Violation of 42 U.S.C. section 1983;
3. Negligence;
4. Negligent selection, training, retention, supervision, investigation, and discipline;
5. Breach of contract;
6. Negligent/reckless infliction of emotional distress; and
7. Loss of support and loss of consortium.

(Complaint, pp. 11:3-16:6.)

The complaint plainly states that the termination from which all these alleged wrongful actions stemmed occurred on August 10, 2000. (Complaint, p. 8:17.) The complaint further specifically contends that plaintiffs did not learn of "the existence of an agreement or agreements" they claim were the or a cause of the various wrongs against them until March 24, 2006. (*Id.*, p. 9:9-19.)

The complaint does not contend that either plaintiff was ever employed by the Commission on Teacher Credentialing, nor that plaintiffs ever filed a complaint with the Commission on Teacher Credentialing.

//

Notice of Motion & Motion for Judgment on the Pleadings    Windsor, et al. v. Marin County Office of Education, et al.
C-07 2897 JSW

3

# ARGUMENT

## I.

### A RULE 12(c) MOTION SHOULD BE GRANTED WHERE A PLAINTIFF FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Rule 12(c) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims alleged in the pleadings. Rule 12(c) provides, in relevant part: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A motion for judgment on the pleadings under Rule 12(c) is essentially equivalent to a Rule 12(b)(6) motion to dismiss on grounds of "failure to state a claim upon which relief can be granted ...." The standard applied on a Rule 12(c) motion, accordingly, is the same as that applied on a Rule 12(b)(6) motion: judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1990).

## II.

### FEDERAL COURT JURISDICTION OVER THE CLAIMS AGAINST THE STATE'S COMMISSION ON TEACHER CREDENTIALING IS BARRED BY THE ELEVENTH AMENDMENT.

Plaintiffs' first and second causes of action are based on 42 U.S.C. sections 1981 and 1983, respectively, while the third, fourth, fifth, sixth, and seventh causes of action in plaintiffs' complaint sound in state law. Regardless of the federal or state bases for the causes of action, because the state and its agencies are immune from suit in federal court, except in circumstances not present in this action, all seven causes of action are barred.

The Eleventh Amendment provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state . . . ." U.S. Const. Amend. XI. The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an arm of the state, its instrumentalities or its agencies. *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422-23 (9th. Cir. 1991). Thus, the State's Commission on Teacher Credentialing is entitled to immunity under the Eleventh Amendment. *Austin v. State Indus. Insur. Sys.*, 939 F.2d 676, 677 (9th Cir.

Notice of Motion & Motion for Judgment on the Pleadings    Windsor, et al. v. Marin County Office of Education, et al.
C-07 2897 JSW

4

1991). The amendment clearly prohibits actions for damages against an "officials office," for they are in reality suits against the State. *Stivers v. Pierce*, 71 F.3d. 732, 749 ( 9th Cir. 1995).

In addition, the Eleventh Amendment also precludes a plaintiff from bringing pendent state-law claims against a state official in federal court, regardless of the nature of the relief sought. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 106, 121 (1984). Adhering to the Supreme Court's holding in *Pennhurst*, Ninth Circuit courts have dismissed, on Eleventh Amendment grounds, pendent state-law claims brought against state defendants in federal court. *Gilbreath v. Cutter Biological, Inc.*, 931 F.2d 1320, 1327 (9th Cir. 1991); *Ulaleo v. Paty*, 902 F.2d 1395, 1400 (9th Cir. 1990).

There can be no reasonable dispute that the California Commission on Teacher Credentialing is a state agency; accordingly, it is immune from all plaintiffs' federal and state causes of action in this Court. Given the bar of Eleventh Amendment immunity, all of plaintiffs' claims against the Commission on Teacher Credentialing must be dismissed.[1]

### III.

**PLAINTIFFS' FEDERAL CLAIMS AGAINST THE COMMISSION ON TEACHER CREDENTIALING ARE TIME-BARRED UNDER THE STATUTE OF LIMITATIONS FOR CIVIL RIGHTS ACT CLAIMS IN CALIFORNIA.**

A one-year statute of limitations is applicable to 42 U.S.C. section 1983 claims brought in California. *De Anza Properties, Ltd. v. County of Santa Clara*, 936 F.2d 1084, 1085 (9th Cir. 1981). The statute of limitations for 42 U.S.C. section 1981 actions is also one year. *See, e.g., Fobbs v. Holy Cross Health System Corp.*, 29 F.3d 1439, 1444 (9th Cir. 1994) *cert. denied* 513 U.S. 1127 (1995). Thus, even if plaintiffs' federal causes of action were not barred by Eleventh Amendment immunity, which they are, they would be barred by the statute of limitations, as the complaint was filed June 4, 2007, more than 14 months after plaintiffs allege they learned of the alleged wrongdoing, in 2006 (Complaint, p. 9:9-19), nearly seven years after the alleged wrongdoing occurred (*id.*, p. 8:17.)

---

[1]. Moreover, a State agency is not a "person" within the meaning of 42 U.S.C. 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

Notice of Motion & Motion for Judgment on the Pleadings    Windsor, et al. v. Marin County Office of Education, et al.
C-07 2897 JSW

5

## IV.

### ALL STATE-LAW CLAIMS AGAINST THE CALIFORNIA COMMISSION ON TEACHER CREDENTIALING ARE TIME-BARRED DUE TO PLAINTIFFS' FAILURE TO FOLLOW THE STATE'S TORT CLAIMS ACT.

The third, fourth, fifth, sixth, and seventh causes of action in plaintiffs' complaint are based on state law. However, because plaintiffs failed to comply with the requirements of California's Tort Claims Act, none of these causes of action can be sustained and thus none states a claim upon which relief can be granted.

Nowhere in plaintiffs' complaint do plaintiffs allege that they filed a tort claim with the Commission on Teacher Credentialing before commencing this action. The failure to file a tort claim is fatal to plaintiffs' maintenance of the state law tort claims. Cal. Government Code sec. 945.6; *Stone v. City & County of San Francisco*, 735 F.Supp. 340, 344 (N.D. Cal. 1990).)

### CONCLUSION

Plaintiffs can state no valid federal or state claims in this Court against the Commission on Teacher Credentialing. Moreover, their state claims are time-barred due to their failure to follow the requirements of the state's Tort Claims Act and comply with the statute of limitations. For all these reasons, this motion for judgment on the pleadings should be granted and this action dismissed.

Dated: January 10, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

SUSAN M. CARSON
Supervising Deputy Attorney General

*[signature]*

GEORGE PRINCE
Deputy Attorney General

Attorneys for California Commission on Teacher Credentialing
Notice of Motion & Motion for Judgment on the Pleadings     Windsor, et al. v. Marin County Office of Education, et al.
C-07 2897 JSW