1
2
3
4
5                        IN THE UNITED STATES DISTRICT COURT
6
7                     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8   CHRISTINA WINDSOR and
    SCOTTLAN WINDSOR
9                                                    No. C 07-02897 JSW
          Plaintiffs,
10
11        v.
                                               **ORDER GRANTING**
12  THE MARIN COUNTY OFFICE OF                 **DEFENDANTS' MOTION TO**
    EDUCATION, et al.,                         **DISMISS AND MOTION FOR**
13                                             **JUDGMENT ON THE**
          Defendants.                          **PLEADINGS**
14  _____/

15        This matter comes before the Court upon consideration of the following motions: (1)

16  motion to dismiss filed by the Marin County Office of Education ("MCOE"), Mary Jane Burke

17  ("Burke") in her official capacity, Mary Otto ("Otto") in her individual and official capacity,

18  Marin County Board of Education ("Board"), the Sausalito Marin City School District

19  ("District"), the Sausalito Marin City School District Board of Trustees: Shirley Thompson,

20  Stephan Fraser, Bruce Huff, Ronnie Jones (collectively as "Trustees"), and Rose Roberson

21  ("Roberson") in her individual and official capacity; and (2) motion for judgment on the

22  pleadings filed by the California Commission on Teacher Credentialing ("the Commission").

23        Having considered the parties' pleadings, relevant legal authority and the record in this

24  case, and for reasons set forth in the remainder of this Order, the Court GRANTS Defendants'

25  motion to dismiss and the Commission's unopposed motion for judgment on the pleadings.

26  The Court finds that this matter is appropriate for disposition without oral argument.  *See* N.D.

27  Civ. L.R. 7-1(b).  Accordingly, the hearing set for February 15, 2008 is HEREBY VACATED.

28

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

**BACKGROUND**

Plaintiff, Christina Windsor ("Windsor"), was recruited by the District in 1999 in order to serve as a Principal of the District's two public schools. Plaintiff, an Iowa native, accepted the position and moved to California with her minor son, Scottlan. Plaintiff entered into a one-year contract with the District shortly thereafter. At the time of the contract, Plaintiff did not possess any type of California teaching credentials. After almost a year of her employment at the District, Roberson discovered that Plaintiff still had not obtained the necessary credentials. Plaintiff was ordered to take the California Basic Educational Skills Test ("CBEST") on August 5, 2000 in order to obtain her credentials. Plaintiff did not take the exam and was summarily dismissed for insubordination on August 10, 2000. Plaintiff then obtained the temporary credentials from the Commission on her own, but the District ordered the Commission to rescind the credentials. The Commission complied with the District's demand and rescinded Plaintiff's credentials.

Plaintiff filed numerous claims with California state courts as well as a governmental claim with Defendant, MCOE. All but one of her state court cases have been dismissed and MCOE denied her claim. According to Plaintiffs' complaint before this Court, her final state complaint with the Marin County Superior Court was dismissed when she filed her federal case. Defendants allege that Plaintiff is still pursuing that state action and that complaint has not yet been dismissed. (Defendants' Motion to Dismiss at 4-5). Plaintiff did not present any facts in her Opposition demonstrating that she has indeed ceased pursuing the state claim against Defendants.

Plaintiff alleges that Defendants violated her civil rights under 42 U.S.C. sections 1981 and 1983. She also alleges a number of state law claims including negligence, breach of contract, negligent infliction of emotional distress, and loss of support and consortium on behalf of her son. While admitting that the alleged violations occurred in 1999-2000, Plaintiff maintains that the present causes of action arose after her discovery of an existence of an alleged agreement ("Agreement") between the District and the Commission during Roberson's deposition in June of 2006. Plaintiff claims that this Agreement imposed an obligation on the

2

1   District to obtain the appropriate credentialing for the class of persons to which Plaintiff

2   belonged, namely out-of-state teachers recruited by the District to work in California schools.

3   As a result, Plaintiff alleges that her federal causes of action did not arise in 1999-2000 because

4   she was not aware of this alleged Agreement at the time of her dismissal from the District.

**ANALYSIS**

5

6   **A.     Legal Standard.**

7           **1.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure
                     12(b)(6).**

8

9           A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a

10  claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  A motion to dismiss should

11  not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts

12  supporting his or her claim.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz

13  v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).  In ruling on a Rule 12(b)(6) motion, the complaint

14  is construed in the light most favorable to the non-moving party and all material allegations in

15  the complaint are taken to be true.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The

16  court, however, is not required to accept legal conclusions cast in the form of factual allegations

17  if those conclusions cannot reasonably be drawn from the facts alleged.  *Clegg v. Cult

18  Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S.

19  265, 286 (1986)).

            **2.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c).**

20

21          Motions for judgment on the pleadings challenge the legal sufficiency of the claims

22  asserted in the complaint.  "For purposes of the motion, the allegations of the non-moving party

23  must be accepted as true .... Judgment on the pleadings is proper when the moving party clearly

24  establishes on the face of the pleadings that no material issue of fact remains to be resolved and

25  that it is entitled to judgment as a matter of law."  *Hal Roach Studios, Inc. v. Richard Feiner

26  and Co., Inc.*, 896 F.2d 1542, 1550 ( 9th Cir. 1990).

27          While, as a general rule, a district court may not consider any material beyond the

28  pleadings in ruling on a Rule 12(c) motion, a "court may consider facts that are contained in

    materials of which the court may take judicial notice."  *Heliotrope General, Inc. v. Ford Motor*

*Co.*, 189 F. 3d 971, 981 (9th Cir. 1999) (internal quotations and citation omitted).  A court may also consider documents attached to the complaint or "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *In re Silicon Graphics Inc. Sec. Litig.* 896 F.2d 1542., 183 F.3d 970, 986 (9th Cir. 1999) (internal quotations and citation omitted).

**B.      Claims Against Defendants MCOE, Burke, Otto in Her Official Capacity, Board, District, Trustees, and Roberson in Her Official Capacity.**

**1.      Defendants are Entitled to Eleventh Amendment Immunity.**

The Eleventh Amendment of the United States Constitution provides that "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Beentjes v. Placer County Air Pollution Control Dist.,* 397 F.3d 775, 777 (9th Cir. 2005) (quoting *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363 (2001)).

In order to determine whether an entity is entitled to Eleventh Amendment immunity, the Court must analyze the entity's status under five factors. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248, 250 (9th Cir. 1992).  The factors are: (1) whether a money judgment would be satisfied out of state funds; (2) whether the entity performs central governmental functions; (3) whether the entity may sue or be sued; (4) whether the entity has the power to take property in its own name or only the name of the state; and (5) the corporate status of the entity. *Id.* at 250-51.  However, in *Belanger*, the Ninth Circuit clearly held that unlike laws in other states, under California law, school districts are unequivocally state agencies for purposes of the Eleventh Amendment. *See id.* at 254-55.  Although the laws have changed slightly in the past 15 years, the underlying state-controlled public school scheme remains the same and the operative law is still applicable. *See* Cal. Educ. Code §§ 41600-610, 42238.

"MCOE is a local education district/agency organized and existing under the laws of the State of California and Mary Jane Burke is its chief administrative officer." (Compl. ¶ 3). The Board "oversees school districts within the County of Marin." (Compl. ¶ 3).  The District

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  is clearly a state agency under the holding of *Belanger.* 963 F.2d at 254. The Trustees are the

2  "governing body of the District," and as such are state agencies as well. Defendants Roberson

3  and Otto are employees of the District, sued in their official capacity. Suits against state

4  officials in their official capacity are barred under Eleventh Amendment as suits against the

5  State. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Accordingly, they are immune from liability.

6          MCOE, Burke, Otto in her official capacity, Board, District, Trustees, and Roberson in

7  her official capacity (collectively "State Defendants"), derive their funding from the same state

8  source. Although Plaintiff alleges that any monetary award would be satisfied by the

9  Defendants' insurance carrier, the Court finds immunity has not been waived. Because an

10 award for damages would be satisfied by a third party does not compel the conclusion that the

11 entity cannot enjoy Eleventh Amendment immunity. *Regents of the Univ. of California v. Doe,*

12 519 U.S. 425, 431 (1997) ("Surely, if the sovereign State of California should buy insurance to

13 protect itself against potential tort liability to pedestrians stumbling on the steps of the State

14 Capitol, it would not cease to be 'one of the United States.'").

15         Accordingly, this Court follows the holding in *Belanger* and finds that State Defendants,

16 MCOE, Burke, Otto in her official capacity, Board, District, Trustees, and Roberson in her

17 official capacity are immune from Plaintiffs' federal claims under the Eleventh Amendment.

18 Plaintiff has thus failed to state a claim upon which relief may be granted for the claims under

19 42 U.S.C. §§ 1981 and 1983.

20                    **2.       Claims are Time-Barred Under California Law.**

21         Even if this Court were to find that the State Defendants are not immune from liability

22 under the Eleventh Amendment, Plaintiffs' claims are time-barred under California law. Where

23 a federal statute authorizes a claim but does not provide a statute of limitations, federal courts

24 may "borrow" the "most analogous" statute of limitations from either state law or from another

25 federal statute. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 158 (1983). Although

26 both 42 U.S.C. §§ 1981 and 1983 authorize damages, neither statute contains a statute of

27 limitations period. Accordingly, federal courts in California look to the state statute of

28 limitations governing Plaintiffs' personal injury claims because they are the most analogous to

**United States District Court**
For the Northern District of California

1   claims under 42 U.S.C. §§ 1981 and 1983. *Wilson v. Garcia,* 471 U.S. 261, 268 (1985); *see*

2   *also Taylor v. Regents of Univ. of Calif.,* 993 F.2d 710, 712 (9th Cir. 1993). Federal courts in

3   California borrow the general or residual statute for personal injury actions found at California

4   Civil Procedure Code § 335.1 for use in 42 U.S.C. § 1983 cases. Section 335.1 provides for a

5   two-year limitations period, while California Civil Procedure Code § 340(3) provided a

6   one-year limitations period. *See* Cal. Civ. Proc. Code §335.1; Cal. Civ. Proc. Code § 340(3)

7   (repealed).

8          California Civil Procedure Code § 335.1, which provides for a two-year statute of

9   limitations for personal injury actions, became effective in 2003. All claims based on alleged

10  injuries that accrued prior to 2003 are thus subject to the previous statute of limitations which

11  was one year. *Neveau v. City of Fresno*,392 F. Supp. 2d 1159, 1176 (E.D. Cal. 2005) (holding

12  that in a wrongful termination action, insofar as the claimant's 42 U.S.C. § 1983 claims were

13  based on incidents of failure to promote that occurred before November 1, 2002, the city and

14  the individual defendants' motion to dismiss those claims was granted because the one-year

15  limitations period applied.).

16         Although state law may determine the limitations period, federal law usually governs

17  when the cause of action accrues. *Wetzel v. Lou Ehlers Cadillac Group Long Term Disability*

18  *Ins. Program*, 189 F.3d 1160, 1163 (9th Cir. 1999). Under federal law a claim accrues when

19  plaintiff "knows or has reason to know of the injury which is the basis of the action."

20  *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999).

21         Plaintiff is alleging civil rights violations under 42 U.S.C. §§ 1981 and 1983. She

22  asserts that she was discriminated against because of her race and that she was deprived of her

23  constitutional rights. Any alleged discrimination or deprivation, however, occurred in 1999-

24  2000 when Plaintiff was employed and then subsequently dismissed by the District. Although

25  Plaintiff maintains that these causes of action did not accrue until she discovered the alleged

26  Agreement between the District and the Commission, her allegations stem from the occurrences

27  that date back to 1999-2000. She was well aware of her injury, namely the alleged

28  discrimination and deprivation of her constitutional rights, long before she found out about any

**United States District Court**
For the Northern District of California

1    potential Agreement between the District and the Commission.  The information Plaintiff

2    obtained after deposing Roberson did not provide her with any knowledge of an injury

3    heretofore unknown.

4         Plaintiff's causes of action accrued in 1999-2000 when she became aware of her alleged

5    injury.  Her knowledge of her claims is demonstrated by the numerous law suits she brought

6    before the State Courts.  Plaintiff cannot bring an action for an alleged violation of civil rights

7    seven years after the injury occurred where the statute specifically provides for a two (or in

8    Plaintiff's case a one) year limitations period.  *See* Cal. Civ. Proc. Code § 340(3) (repealed) (a

9    cause of action for personal injury is subject to a one-year statute of limitations.).

10        Accordingly, this Court finds that Plaintiffs' claims under 42 U.S.C. sections 1981 and

11   1983 accrued at the time of her employment and subsequent dismissal from her position at the

12   District, which occurred in 1999-2000.  As a result, her actions are time-barred under California

13   law.

14        **C.    Claims Against Defendants Otto and Roberson in Their Individual
          Capacity.**

15        **1.    Claims Against Defendants are Time-Barred Under California Law.**

16        Although Defendants Otto and Roberson may not be immune from suit under federal

17   law, any actions against them under 42 U.S.C. sections 1981 and 1983 are time-barred under

18   California Law.  *See* Cal. Civ. Proc. Code § 335.1.  Consequently, Plaintiff cannot make out a

19   claim upon which relief may be granted with regard to Defendants Otto and Roberson in their

20   individual capacity.

21        **D.    Motion for Judgment on the Pleadings.**

22        As the Complaint correctly states, the "California Commission on Teacher Credentialing

23   is a state agency organized and operating under the law of the State of California, with authority

24   over all matters related to the credentialing of public school teachers and administrators."

25   (Compl. ¶ 3).  There can be no reasonable dispute that the Commission is a state agency and is

26   therefore entitled to Eleventh Amendment immunity.  Furthermore, the Court finds that any

27   action against Defendant would be time-barred at this point.  Therefore, the Commission's

28   unopposed motion for judgment on the pleadings is GRANTED.

United States District Court

For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

E.    **The Court Will Not Exercise Supplemental Jurisdiction Over Plaintiffs' State Law Claims.**

A district court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *see Carnegie-Mellon Univ. v. Cohill,* 484 U.S. 343, 350 (1988); *Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) (when a federal claim is dismissed early in the case, the federal court will be strongly inclined to dismiss the state law claims).

In addition, considering Plaintiffs' multiple state court actions, judicial economy, convenience, fairness to the parties and comity dictate that this Court decline supplemental jurisdiction. *See Executive Software No. America, Inc. v. United States Dist. Ct.,* 24 F.3d 1545, 1552-55 (9th Cir. 1994).

Accordingly, this Court will not exercise supplemental jurisdiction over Plaintiffs' state law claims.

**CONCLUSION**

For the foregoing reasons Defendants' motion to dismiss Plaintiffs' federal claims is GRANTED WITH PREJUDICE. Defendant's motion for judgment on the pleadings is GRANTED WITH PREJUDICE. Plaintiffs' state law claims are also hereby DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 8, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE