1 | Dennis J. Walsh, Esq., State Bar No. 106646
2 | Adam N. Bouayad, Esq., State Bar No. 248087
WALSH & ASSOCIATES, APC
16633 Ventura Boulevard, Suite 1210
3 | Encino, California 91436
Telephone Number: (818) 986-1776
4 | Facsimile Number: (818) 382-2071

5 | Attorneys for Defendants, SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF
EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION;
6 | the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL
DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF,
7 | RONNIE JONES, ROSE ROBERSON SAULSALITO SCHOOL DISTRICT

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | CHRISTINA WINDSOR, SCOTTLAN) **CASE NO: C07 02897 (JSW)**
WINDSOR, through and by his mother and)
12 | Natural Guardian, Christina Windsor, )
)
13 | Plaintiff, ) **NOTICE OF MOTION AND MOTION FOR**
) **ATTORNEYS' FEES BY DEFENDANTS**
14 | vs. ) **UNDER 42 U.S.C. §1988, 28 U.S.C. §1927, and**
) *Code of Civil Procedure* **§1038;**
15 | MARIN COUNTY OFFICE OF EDUCATION,) **MEMORANDUM OF POINTS AND**
MARY JANE BURKE, in her official capacity as) **AUTHORITIES; DECLARATION OF**
16 | Superintendent of the Marin County Office of) **DENNIS J. WALSH IN SUPPORT**
Education, only; MARY OTTO, in her individual) **THEREOF; DECLARATION OF MICHAEL**
17 | capacity and in her official capacity as the) **H. WELLEN IN SUPPORT THEREOF;**
Credentials Specialist for the Marin County Office) **DECLARATION OF ADAM N. BOUAYAD**
18 | of Education; MARIN COUNTY BOARD OF) **IN SUPPORT THEREOF; AND [PROPOSED]**
EDUCATION; the SAUSALITO MARIN CITY) **ORDER**
19 | SCHOOL DISTRICT; the SAUSALITO MARIN)
CITY SCHOOL DISTRICT BOARD OF) **[F.R. Civ.P. 54(d)(2); L.R. 54-6]**
20 | TRUSTEES, SHIRLEY THOMPSON,)
STEPHAN FRASER, BRUCE HUFF, RONNIE) **DATE:** **April 18, 2008**
21 | JONES, as individuals and in their official) **TIME:** **9:00 a.m.**
capacity as Trustees; ROSE ROBERSON, in her) **COURTROOM:** **2, Seventeenth Floor**
22 | individual capacity and in her official capacity as)
Superintendent of the Sausalito School District,)
23 | the CALIFORNIA COMMISSION ON)
TEACHER CREDENTIALING, )
24 | )
Defendants )
25 | _____ )

26 | TO THE HONORABLE JEFFREY S. WHITE:

27 | PLEASE TAKE NOTICE that on April 18, 2008 at 9:00 a.m., located at 450 Golden Gate Avenue,

28 | Courtroom 2, Seventeenth Floor, San Francisco, California 94102, Defendants MARIN COUNTY OFFICE

1  OF EDUCATION ("MCOE"), MARY JANE BURKE, MARY OTTO, MARIN COUNTY BOARD OF

2  EDUCATION, SAUSALITO MARIN CITY SCHOOL DISTRICT, SAUSALITO MARIN CITY SCHOOL

3  DISTRICT BOARD OF TRUSTEES, SHIRLEY THORNTON, STEPHAN FRASER, BRUCE HUFF,

4  RONNIE JONES and ROSE ROBERSON (collectively "defendants") will and hereby do move this

5  honorable Court for an order awarding attorneys' fees in the amount of $15,450.00 against Plaintiffs

6  CHRISTINA WINDSOR and SCOTTLAN WINDSOR, a minor, by and through and by his mother and

7  natural guardian, CHRISTINA WINDSOR (collectively "plaintiff"), and their attorney of record Amanda

8  Metcalf, Esq.

9        This motion is made following a "meet and confer" with plaintiff's counsel to informally resolve

10  this issue pursuant to L.R. 54-6, is made [pursuant to FRCP Rule 54(d)(2) and Local Rule 54-6, and is based

11  on the grounds that defendants are entitled to recover such fees against plaintiffs pursuant to 42 U.S.C.

12  §1988 and *Code of Civil Procedure* §1038, as the claims of plaintiffs were frivolous, unreasonable, and/or

13  without foundation. Defendants are entitled to recover such fees against plaintiff's attorney, pursuant to 28

14  U.S.C. §1927, as plaintiffs' complaint should have never been brought in the first place.

15        This motion is based upon this notice of motion, the attached memorandum of points and authorities,

16  the Declarations of Dennis J. Walsh, Michael H. Wellen, and Adam N. Bouayad filed concurrently with the

17  instant motion, the exhibits in support of the motion, filed and served concurrently herewith, defendants'

18  request for judicial notice filed and served concurrently herewith, the pleadings and papers on file in this

19  action, together with such oral and documentary evidence as may be presented at the hearing on this motion.

20  DATED:  February 22, 2008                    Respectfully submitted.

21                                              WALSH & ASSOCIATES, APC

22                              By:

23                                              DENNIS J. WALSH, ESQ.
                                               ADAM N. BOUAYAD, ESQ.
24                                              Attorneys for Defendants, SAUSALITO  SCHOOL
                                               DISTRICT , MARIN COUNTY OFFICE OF
25                                              EDUCATION, MARY JANE BURKE; MARY OTTO,
                                               MARIN COUNTY BOARD OF EDUCATION; the
26                                              SAUSALITO MARIN CITY SCHOOL DISTRICT;
                                               the  SAUSALITO  MARIN  CITY  SCHOOL
27                                              DISTRICT BOARD OF TRUSTEES, SHIRLEY
                                               THOMPSON, STEPHAN FRASER, BRUCE HUFF,
28                                              RONNIE JONES, ROSE ROBERSON

# TABLE OF CONTENTS

PAGE NO.

**MEMORANDUM OF POINTS AND AUTHORITIES** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **A.**    **OCTOBER 2002 RULING ON DEMURRER TO FIRST AMENDED COMPLAINT IN STATE COURT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    **B.**    **AUGUST 2005 RULING ON PLAINTIFF'S STATE COURT MOTION TO AMEND/SUPPLEMENT HER FIRST AMENDED COMPLAINT** . . . . . . . . . 4

    **C.**    **PLAINTIFF FILES ANOTHER COMPLAINT IN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN, CASE NO. 060248 TO CIRCUMVENT THE AUGUST 2005 RULING IN CASE NO. CV012272- COURT SUBSEQUENTLY RULES THAT THE COMPLAINT IS A "SHAM PLEADING"** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    **D.**    **IN STATE COURT, PLAINTIFF FILES A MOTION TO AMEND HER COMPLAINT AGAINST PREVIOUSLY DISMISSED DEFENDANTS AND DEFENDANT MARIN COUNTY OFFICE OF EDUCATION ("MCOE") WHICH IS DENIED BY THE COURT** . . . . . . . . . . . . . . . . . . . . . . . . 5

    **E.**    **PLAINTIFF FILES A COMPLAINT AGAINST DEFENDANT MARIN COUNTY OF EDUCATION (MCOE) IN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN, CASE NO. CV071483 TO CIRCUMVENT AUGUST 2005 RULING IN CASE NO. CV012272** . . . . . . . . . . 6

**II.**    **PROCEDURAL HISTORY OF THIS LAWSUIT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**III.**    **LAW AND ARGUMENT** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

    **A.**    **DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEYS'S FEES AS PLAINTIFF'S FEDERAL CLAIMS WERE FRIVOLOUS, UNREASONABLE, AND/OR WITHOUT FOUNDATION.** . . . . . . 8

        **1.**    **As to Plaintiffs** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        **2.**    **As to Plaintiff's Counsel, Amanda Metcalf, Esq.** . . . . . . . . . . . . . . . . . . . . . 11

    **B.**    **DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AS PLAINTIFF'S STATE LAW CLAIMS WERE FRIVOLOUS, UNREASONABLE, AND/OR WITHOUT FOUNDATION.** . . . . . 12

**IV.**    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

## CASES

*Belanger v. Madera Unified School Dist.,*
(9th Cir.1992) 963 F.2d 248, 250 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Christiansburg Garment Co. v. EEOC,*
434 U.S. 412, 421 [98 S.Ct. 694, 700] (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 11

*Contessa Food Prods. v. Lockpour Fish Processing Co.,*
2001 U.S. Dist. Lexis 26000, (C.D.Cal.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Franceschi v. Schwartz,*
57 F.3d 828, 832 (9th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hafer v. Melo,*
502 U.S. 21, 25 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Hensley v. Eckerhart,*
461 U.S. 424, 429 [103 S.Ct. 1933, 1937] (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Hughes v. Rowe,*
449 U.S. 5, 14-15 [101 S.Ct. 173, 178] (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kobzoff v. Los Angeles County Harbor / UCLA Med. Ctr.*
(1998) 19 Cal.4th 851, 854, 80 Cal.Rptr.2d 803, 806 . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Lewis v. Brown & Root, Inc.*
711 F.2d 1287, 1292 (5th Cir. 1983)
722 F.2d 209 (5th Cir. 1984), cert. denied,
464 U.S. 1069, 104 S.Ct. 975,
79 L.Ed.2d 213 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Regents of the Univ. Of California v. Doe,*
519 U.S. 425, 431 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Sorgen v. City and County of San Francisco,*
2007 WL 521235 (N.D. Cal.) 1, 3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Southern Cal. Gas Co. v. City of Santa Ana,*
336 F.3d 885, 886 (9th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Strain v. Kaufman County Dist. Attorney's Office,*
N.D. Tex. 1998, 23 F.Supp.2d 698, 702 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## STATUTES

*Code of Civil Procedure* §1032 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Code of Civil Procedure* §1033.5(a)(10) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Code of Civil Procedure* §1033.5(c)(5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Code of Civil Procedure* §1038 ........................................................ 13

*Code of Civil Procedure* §1038(a) ..................................................... 13


**OTHER AUTHORITIES**

28 U.S.C. §1927 ..................................................................... 11

42 U.S.C. §§ 1981 and 1983 ............................................. 3, 5, 8 9, 10, 14

42 U.S.C. §1988 ...................................................................... 8

42 U.S.C. §1988(b) ................................................................... 8

Eleventh Amendment ................................................................. 9

NOTICE OF MOTION AND MOTION OF DEFENDANTS' FOR ATTORNEY FEES
CASE NO: CV 07 02897 (JSW)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION/STATEMENT OF FACTS

Plaintiff's entire federal complaint arises out of an action entitled *Christina v. Windsor v. Sausalito School District* which recently ended in a defense verdict in the Superior Court of California, County of Marin (Case No. CV12272). CHRISTINA WINDSOR'S ("plaintiff") litigation history against the Saulsalito School District ("DISTRICT") and former and present employees of the DISTRICT is illustrative of plaintiff's never-ending quest to maintain frivolous claims against previously dismissed defendants and the DISTRICT. The filing of this action represents plaintiff's latest attempt at evading what amounts to no less than six (6) prior court orders denying plaintiff CHRISTINA WINDSOR leave to amend and/or supplement her existing complaint in Case No. CV012272. Plaintiff CHRISTINA WINDSOR's federal lawsuit essentially amounted to forum shopping in an attempt to revive former claims against the district and previously dismissed defendants by bootstrapping her previously alleged state claims to federal causes of action by alleging violations of 42 U.S.C. §§ 1981 and 1983, both of which have now been held by this Court to be timed barred by the relevant statute of limitations.

### A.    OCTOBER 2002 RULING ON DEMURRER TO FIRST AMENDED COMPLAINT IN STATE COURT

Plaintiff CHRISTINA WINDSOR filed her initial complaint on *May 11, 2001* in the Superior Court of California, County of Marin, in Case No. CV012272, against the District and certain individually-named defendants. Plaintiff subsequently filed an amended complaint in Case No. CV012272. (See Plaintiff CHRISTINA WINDSOR'S First Amended Complaint filed the Superior Court of California, County of Marin, Case No. CV12272, filed on or about August 26, 2007, attached as **Exhibit "A"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and Defendants' Request for Judicial Notice in Support of Motion For Attorneys' Fees (hereinafter "RJN") and incorporated herein by reference.) In response, defendants filed a demurrer to plaintiff's causes of action for Tortious Demotion and Discharge in Violation of Public Policy; Breach of Contract; Breach of Covenant of Good Faith and Fair Dealing; Fraudulent Inducement, Conspiracy and Defamation. Following hearing on the demurrer, the individual defendants were dismissed in October 2002 on the grounds that the complaint failed to allege facts sufficient to state a cause of action against the individuals. The dismissal included ROSE

ROBERSON, SHIRLEY THORNTON, BRUCE HUFF, STEVE FRASER, and RONNIE JONES, all defendants who were individually named in the present matter. (See of Honorable Michael B. Dufficy's October 24, 2002, Ruling on Defendants' Demurrer to Plaintiff CHRISTINA WINDSOR'S First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, attached as **Exhibit "B"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and Defendants' Support of RJN and incorporated herein by reference.) The only remaining defendant in case No. CV012272 was the DISTRICT, and plaintiff's sole remaining cause of action is for Tortious Discharge in Violation of Public Policy.

**B.    AUGUST 2005 RULING ON PLAINTIFF'S STATE COURT MOTION TO AMEND/SUPPLEMENT HER FIRST AMENDED COMPLAINT**

In an attempt to revive claims against Dr. Roberson and the District, plaintiff filed a motion to amend and/or supplement her First Amended Complaint in 2005. On August 25, 2005, the court denied plaintiff's motion to supplement her complaint. Specifically, the Court found that the motion was not based on "new facts." (See of Honorable Michael B. Dufficy's September 6, 2005 Decision and August 8, 2005, Tentative Ruling denying plaintiff CHRISTINA WINDSOR'S Motion to Amend/Supplement First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, attached as **Exhibit "C"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and in Support of RJN and incorporated herein by reference.)

**C.    PLAINTIFF FILES ANOTHER COMPLAINT IN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN, CASE NO. 060248 TO CIRCUMVENT THE AUGUST 2005 RULING IN CASE NO. CV012272- COURT SUBSEQUENTLY RULES THAT THE COMPLAINT IS A "SHAM PLEADING"**

Rather than abide by the court's August 2005 directive, in January 2006, plaintiff CHRISTINA WINDSOR simply took her proposed *supplemental/amended* complaint, walked across the hall of the same courthouse, and filed a new lawsuit, Case No. 060248. (See Plaintiff CHRISTINA WINDSOR'S Complaint For Damages filed in Superior Court of California, County of Marin, Case No. 060248, filed on January 20, 2006, attached as **Exhibit "D"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and in Support of Defendants' RJN and incorporated herein by reference.)

1    The causes of action alleged and the issues raised in the complaint of Case No. 060248 were the
2    subjects of two previous court orders in the Case N0. CV012272; the first dismissing plaintiff CHRISTINA
3    WINDSOR'S claims against Dr. Marie Roberson (former Superintendent of the Sausalito School District)
4    back in October 2002, and the second denying plaintiff leave to amend her complaint to include the causes
5    of action alleged in the complaint for Case No. 060248 for Violation of 42 USC § 1983; Intentional
6    Interference with Economic Relations; Conspiracy to Interfere With Economic Relations; Intentional and
7    *Negligent Infliction of Emotional Distress*; and Deceit.    Although plaintiff's claims against ROBERSON
8    were sustained by demurrer three-and-one-half years ago, plaintiff was simply unwilling to abide by Judge
9    Dufficy's rulings.

10    Defendant ROBERSON filed a demurrer to the case No. 060248 on the grounds that the entire
11    complaint was a "sham" pleading filed to circumvent a prior judicial directive issued by the court in Case
12    No. CV012272.    The court agreed and sustained Dr. Roberson's demurrer ***without leave to amend***. (See of
13    Honorable John A. Sutro, Jr.'s Order Re Defendant Rose Marie Roberson's Demurrer to Plaintiff's
14    Complaint in Superior Court of California, County of Marin, Case No. 060248, filed on July 18, 2006,
15    attached as **Exhibit "E"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for
16    Attorneys' Fees and  Support of RJN and incorporated herein by reference.)

17    **D.    IN STATE COURT, PLAINTIFF FILES A MOTION TO AMEND HER**
18    **COMPLAINT AGAINST PREVIOUSLY DISMISSED DEFENDANTS AND**
19    **DEFENDANT MARIN COUNTY OFFICE OF EDUCATION ("MCOE") WHICH IS**
20    **DENIED BY THE COURT**

21    In another attempt to resurrect claims against previously dismissed defendants CHRISTINA
22    WINDSOR, as well as the MCOE, plaintiff filed a motion to amend her complaint in January 2007 in Case
23    No. CV012272. (See Declaration of Amanda Metcalf In Support of Motion to File an Amended Complaint
24    in Superior Court of California, County of Marin, Case No. CV12272, filed on or about January 25, 2007,
25    attached as **Exhibit "F"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for
26    Attorneys' Fees and Support of RJN and incorporated herein by reference.)   The matter was reviewed by
27    the court after it heard oral argument on the matter.  The motion was taken under submission by the court
28    and a ruling was issued by the Court on April 2, 2007.  The court flatly denied plaintiff's motion. (See

Honorable James R. Ritchie's March 30, 2007 Order denying plaintiff CHRISTINA WINDSOR'S Motion to File an Amended Complaint in Superior court of California, County of Marin, Case No. CV012272, filed on April 2, 2007, attached as **Exhibit "G"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees  and  Support of RJN and incorporated herein by reference.)

Given that the Court denied plaintiff's motion to amend in its entirety, the claims asserted in the Proposed Second Amended Complaint applied to all causes of action against MCOE as well as the DISTRICT and previously-dismissed individual defendants.

**E.    PLAINTIFF FILES A COMPLAINT AGAINST DEFENDANT MARIN COUNTY OF EDUCATION (MCOE) IN SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN, CASE NO. CV071483 TO CIRCUMVENT AUGUST 2005 RULING IN CASE NO. CV012272**

In blatant disregard of the Court's April 2, 2007, order denying plaintiff CHRISTINA WINDSOR leave to amend her complaint, once again plaintiff simply walked across the hall of the Marin County Superior Courthouse and filed a separate action on April 3, 2007 (CV071483). (See Plaintiff CHRISTINA WINDSOR'S Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on April 3, 2007, attached as **Exhibit "H"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and  Support of RJN and incorporated herein by reference.) The complaint against defendant MARIN COUNTY OF EDUCATION ("MCOE") which alleges causes of action for breach of contract and negligence was subsequently amended to allege compliance with the tort claims act.  Defendant, MCOE, demurred which the court sustained allowing plaintiff 20 days to amend. (See Order Following Tentative Ruling Sustaining Defendant's Demurrer to Plaintiff Complaint For Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on September 25, 2007, attached as **Exhibit "I"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and  Support of RJN and incorporated herein by reference.)

As a further example of plaintiffs' vexatious nature and desire to use this Court as another forum to assert claims and sue defendants previously dismissed in previous state actions, plaintiff CHRISTINA WINDSOR never dismissed her complaint against MCOE in Marin County Superior Court Case CV071483 as she represented to this Court in her Complaint.  (Complaint ¶24.)  In fact, plaintiff CHRISTINA

1  WINDSOR not only continued to pursue said lawsuit but has also filed an amended complaint alleging

2  another cause of action against a new, previously unnamed defendant, MARY OTTO.   (See Plaintiff

3  CHRISTINA WINDSOR'S First Amended Complaint for Damages in Superior Court of California, County

4  of Marin, Case No. CV071483, filed on October 12, 2007, attached as **Exhibit "J"** to the Declaration of

5  Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and  Support of RJN and

6  incorporated herein by reference.)

7  **II.    PROCEDURAL HISTORY OF THIS LAWSUIT**

8          On June 4, 2007, plaintiffs CHRISTINA WINDSOR and SCOTTLAN WINDSOR, through and by

9  his mother and Natural Guardian, Christina Windsor, filed a Complaint for Damages ("Complaint").

10         Plaintiffs attempted to effectuate service on defendants on August 21 and 22.  Defendants filed a

11  Motion to Quash Service of Summons and Complaint on September 11, 2007.  Instead of proceeding on

12  defendants' Motion to Quash, the parties stipulated to receive service of process through and by their counsel

13  of record, Walsh & Associates, APC.  Furthermore, it was stipulated that the time for filing a responsive

14  pleading to plaintiffs' Complaint would extend to October 25, 2007.  (See Stipulation Re Service of

15  Summons and Complaint and Time for Filing Responsive Pleading, on file with this court.)

16         On February 8, 2008, this Court entered an order granting defendants' Motion to Dismiss and Motion

17  for Judgment on the Pleadings. (See this Court's February 8, 2008 Order Granting Defendants' Motion to

18  Dismiss and Motion for Judgment on the Pleadings) The Court also entered judgment in favor of defendants

19  and against plaintiff. (See this Court's February 8, 2008 Entry of Judgment, attached as **Exhibit "K"** to the

20  Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees and incorporated

21  herein by reference.)  In its order granting defendants' Motion to Dismiss, this Court clearly stated that all

22  defendants were entitled to Eleventh Amendment immunity as to plaintiffs' first and second causes of action

23  for violations of civil rights under 42 U.S.C. §§1981, 1983. (See this Court's February 8, 2008 Order

24  Granting Defendants' Motion to Dismiss and Motion for Judgment on the Pleadings, p. 3-5, attached as

25  **Exhibit "L"** to the Declaration of Dennis J. Walsh in Support of Defendants' Motion for Attorneys' Fees

26  and incorporated herein by reference.) The Court went on to state that even if it were to find that defendants

27  were not entitled to Eleventh Amendment immunity, plaintiff's claims were time-barred under California

28  law as plaintiff's alleged injuries accrued in 1999-2000.(See **Exhibit "L"**) Accordingly, these claims were

1    frivolous, unreasonable, and/or without foundation. As such, defendants are entitled to an award of
2    attorneys' fees.

3    **III.    LAW AND ARGUMENT**

4          **A.    DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEYS'S FEES AS**
5                 **PLAINTIFF'S FEDERAL CLAIMS WERE FRIVOLOUS, UNREASONABLE,**
6                 **AND/OR WITHOUT FOUNDATION.**

7                 **1.    As to Plaintiffs**

8          The very statutes invoked by plaintiffs entitle defendants, as the prevailing defendants, to an award
9    of fees. Specifically, as to plaintiffs' §§1983, 1981 claims, defendants are entitled to attorneys' fees pursuant
10   to 42 U.S.C.§1988(b), which states in relevant part:

11        "In any action or proceeding to enforce a provision under sections 1981, 1981a, 1982, 1983, 1985,
12        and 1986 of this title [42 U.S.C.] . . . the court, in its discretion, may allow the prevailing party . .
13        . a reasonable attorney's fee as part of the costs . . ."

14        "A defendant is considered the 'prevailing party when the proceeding is terminated by court-order
15   dismissal or judgment in favor of defendant." *Sorgen v. City and County of San Francisco*, 2007 WL 521235
16   (N.D. Cal.) 1, 3, citing to *Contessa Food Prods. v. Lockpour Fish Processing Co.,* 2001 U.S. Dist. Lexis
17   26000, (C.D.Cal.2001) (*affid and rev'd on other grounds*).

18        In *Southern Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 886 (9th Cir. 2003), the court held that
19   a "prevailing party in a section 1983 action is eligible for an award of attorney's fees under §1988." A
20   defendant can be awarded attorney's fees under this provision when a plaintiff's action is "unreasonable,
21   frivolous, meritless, or vexatious" (*Franceschi v. Schwartz,* 57 F.3d 828, 832 (9th Cir. 1995)), or where a
22   "plaintiff continued to litigate after it clearly became so." *Hughes v. Rowe,* 449 U.S. 5, 14-15 [101 S.Ct. 173,
23   178] (1980).

24        An award of attorney's fees is appropriate where it appears the lawsuit was "vexatious, frivolous *or*
25   *brought to harass or embarrass the defendant.*" *Hensley v. Eckerhart,* 461 U.S. 424, 429 [103 S.Ct. 1933,
26   1937] (1983) [emphasis added], citing *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421 [98 S.Ct.
27   694, 700] (1978). *An award of attorney's fees is also appropriate if plaintiffs continued to litigate after it*
28   *became clear that their claims were unreasonable or groundless.* [emphasis added] *Christiansburg Garment*

1  *Co. v. EEOC, supra*, 434 U.S. at 422.

2       An award of attorneys' fees is appropriate because it was simply unreasonable for plaintiff's to bring

3  these §§1981 and 1983 actions. This Court's Order Granting Defendants' Motion to Dismiss and Motion

4  for Judgment on the Pleadings clearly illustrates how these claims were frivolous. Furthermore, the Court

5  granted defendants motions without oral argument. This is an indication as to how this was a matter of law

6  and there was no factual determination to be made on plaintiff's federal claims. The Honorable Jeffrey S.

7  White, in his Order, stated that, "Defendants are entitled to Eleventh Amendment Immunity."(See **Exhibit**

8  **"L"** p. 4)  The Court went through the factors, which aid in determining whether an entity is entitled to

9  Eleventh Amendment Immunity, laid out in *Belanger v. Madera Unified School Dist.*, (9th Cir.1992) 963

10  F.2d 248, 250. The Court found that, "The District is clearly a state agency under the holding of

11  *Belanger*...The trustees are the 'governing body of the District,' and as such are state agencies as well.

12  Defendants Roberson and Otto are employees of the District, sued in their official capacity. Suits against

13  state officials in their official capacity are barred under the Eleventh Amendment as suits against the State.

14  *Hafer v. Melo*, 502 U.S. 21, 25 (1991)."(See **Exhibit "L"** p. 4-5 )

15       The Court went on to state that, "Although Plaintiff alleges that any monetary award would be

16  satisfied by the Defendants' insurance carrier, the Court finds immunity has not been waived. Because an

17  award for damages would be satisfied by a third party does not compel the conclusion that the entity cannot

18  enjoy Eleventh Amendment Immunity. *Regents of the Univ. Of California v. Doe*, 519 U.S. 425, 431 (1997)

19  'Surely, if the sovereign State of California should buy insurance to protect itself against potential tort

20  liability to pedestrians stumbling on the steps of the State Capitol, it would not cease to be 'one of the United

21  States.'' (See **Exhibit "L"** p.5) The Court then stated that, "Accordingly, this Court follows the holding in

22  *Belanger* and finds that State Defendants, MCOE, Burke, Otto in her official capacity, Board, District,

23  trustees, and Roberson in her official capacity are immune from Plaintiff's federal claims under the Eleventh

24  Amendment. Plaintiff has thus failed to state a claim upon which relief may be granted for the claims under

25  42 U.S.C. §§1981 and 1983."(See **Exhibit "L"** p.5)

26       It becomes clear, when reading this Court's Order, that plaintiff should have known that these federal

27  claims were frivolous and unreasonable. There is no reason why these claims should have been filed. The

28  law is well settled that these defendants were immune from plaintiff's claims under the Eleventh

1    Amendment. At no point in time should plaintiffs have believed that they could state a claim upon which

2    relief could be granted under these federal statutes. Accordingly, it was unreasonable and meritless for

3    plaintiffs to bring these federal causes of actions against defendants when they should have known that

4    federal and California law is well settled that defendants were immune under the Eleventh Amendment. As

5    such, defendants are entitled to an award of attorneys fees in this matter.

6         Eleventh Amendment Immunity was not the only reason this Court gave for dismissing plaintiff's

7    federal causes of action. The Court took time to state that even if it had found that defendants were not

8    entitled to Eleventh Amendment Immunity, plaintiff's claims were time-barred under California law.  The

9    Court stated, "Plaintiff is asserting civil rights violations under 42 U.S.C. §§1981 and 1983. She asserts that

10   she was discriminated against because of her race and that she was deprived of her constitutional rights. Any

11   alleged discrimination or deprivation, however, occurred in 1999-2000 when Plaintiff was employed and

12   them subsequently dismissed by the District. Although Plaintiff maintains that these causes of action did not

13   accrue until she discovered the alleged Agreement between the District and the Commission, her allegations

14   stem from the occurrences that date back to 1999-2000She was well aware of her injury, namely the alleged

15   discrimination and deprivation of her constitutional rights, long before she found out about any potential

16   Agreement between the District and the Commission."(See **Exhibit "L"** p. 6-7)

17        The Court further stated, " Her knowledge of her claims is demonstrated by the numerous law suits

18   she brought before the State Courts. Plaintiff cannot bring an action for an alleged violation of civil rights

19   seven years after the injury occurred where the statute specifically provides for a two (or in plaintiff's case

20   a one) year limitations period...Accordingly, this Court finds that Plaintiff's claims under 42 U.S.C. §§1981

21   and 1983 accrued at the time of her employment and subsequent dismissal from her position at the District,

22   which occurred in 1999-2000. As a result, her actions are time-barred under California law." (See **Exhibit**

23   **"L"** p.7)

24        This language makes it clear that plaintiff's federal causes of action were frivolous and unreasonable.

25   Plaintiff, as the Court stated, was aware that her injuries accrued in 1999-2000. Furthermore, plaintiff was

26   obviously aware of this issue as she filed numerous actions in State Court. More importantly, the statute of

27   limitations was one year, as this Court pointed out. Plaintiff must have known that she could not bring these

28   federal causes of action *seven years* after her injury accrued. Accordingly, these causes of action were

1 | frivolous, unreasonable, without foundation, and completely without merit. As such, defendants are entitled

2 | to an award of attorneys' fees in this matter.

3 | An award of attorneys' fees is also warranted in this case as plaintiffs continued to litigate this case

4 | after it became clear that their claims were unreasonable or groundless. *Christiansburg Garment Co. v.*

5 | *EEOC, supra* 434 U.S. at 422. Plaintiffs has filed seven different lawsuits over the past 8 years regarding

6 | the issues in this case. As such, they should have been aware of the applicable statutes, case law, and statute

7 | of limitations. Even if plaintiffs were not aware, once defendants filed their motion to dismiss, plaintiffs

8 | were put on notice that their claims in this case were indeed frivolous and brought to harass or embarrass

9 | the defendant. At that point, plaintiffs had the opportunity to voluntarily dismiss this case as they were on

10 | notice that the claims were frivolous. By deciding to move forward with this case, despite such knowledge,

11 | it becomes clear that plaintiffs continued the litigation after it became clear that their claims were

12 | unreasonable and groundless. Accordingly, defendants are entitled to an award of attorneys in this matter.

13 | **2.    As to Plaintiff's Counsel, Amanda Metcalf, Esq.**

14 | 28 U.S.C. §1927 allows a district court in its discretion to require an attorney to satisfy personally

15 | attorneys' fees reasonably incurred if the case should never have been brought in the first place. *Strain v.*

16 | *Kaufman County Dist. Attorney's Office*, N.D. Tex. 1998, 23 F.Supp.2d 698, 702, citing *Lewis v. Brown &*

17 | *Root, Inc.* 711 F.2d 1287, 1292 (5th Cir. 1983), clarified on reconsideration, 722 F.2d 209 (5th Cir. 1984),

18 | cert. denied, 464 U.S. 1069, 104 S.Ct. 975, 79 L.Ed.2d 213 (1984).

19 | 28 U.S.C. §1927 provides for an award of fees and costs against counsel. It states, "Any attorney or

20 | other person admitted to conduct cases in any court of the United States or any Territory thereof *who so*

21 | *multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court to satisfy

22 | personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28

23 | U.S.C. §1927; [emphasis added]

24 | Plaintiff's counsel, Amanda Metcalf, Esq., is the attorney  who has been preparing and filing all of

25 | the numerous claims on plaintiff's behalf with California state courts as well as this Federal Court action

26 | since 2000. As such, counsel has been well aware that plaintiff's injuries accrued in 1999-2000.

27 | Accordingly, Ms. Metcalf should have been aware that she could not bring these causes of action for

28 | violation of civil rights seven years after plaintiff's alleged injuries accrued when the statue provides for a

one year limitations period in plaintiff's case. Moreover, the law is well settled that these defendants were immune from plaintiff's claims under the Eleventh Amendment. At no point in time should plaintiff's counsel have believed that she could state a claim upon which relief could be granted under these federal statutes. There was never a question of fact regarding these issues. For these reasons, this case should never have been brought in the first place and the Court should require plaintiffs' counsel to personally satisfy the fees incurred by defendants.

More importantly, plaintiffs' counsel has been a part of numerous lawsuits brought by this plaintiff arising out of the same issues in this case. Litigation has been ongoing for close to eight years. At some point during this time, plaintiff's counsel must have become aware of the pertinent statutes, case law, and statutes of limitations involved in this federal action. Despite this, plaintiffs' attorney brought this current case before the Court. As noted above, the Court found that defendants were entitled to Eleventh Amendment Immunity. In addition, the Court noted that as plaintiff has filed numerous lawsuits, she was aware that her injury occurred in 1999-2000. Accordingly, she could not bring these claims seven years after the accrual of her injury as there was a one year limitation period. In blatant disregard of the pertinent case law, statutes, and time limitations period, plaintiff brought and maintained this federal action. Moreover, Ms. Metcalf continued to litigate this matter after it became clear that plaintiffs claims were unreasonable and groundless. As plaintiffs' counsel has been actively involved in the entire history of this litigation, she should have been aware that pursuant to case law and statutes, plaintiffs claims were unreasonable. Even if plaintiffs' counsel was not so aware, she was put on notice of these facts when defendants filed and served their Motion to Dismiss. At that point, plaintiff's counsel was on notice that plaintiffs claims were frivolous and unreasonable. Despite this knowledge, plaintiffs' counsel proceeded to pursue this case. There can be no better example of one who *so multiplies the proceedings in any case unreasonably and vexatiously* . This is precisely what plaintiff's attorney did in this case. Accordingly, this Court should require plaintiffs' counsel, Ms. Metcalf, to personally satisfy the award for attorneys' fees.

## B.    DEFENDANTS ARE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AS PLAINTIFF'S STATE LAW CLAIMS WERE FRIVOLOUS, UNREASONABLE, AND/OR WITHOUT FOUNDATION.

California *Code of Civil Procedure* §1032 provides that: "A prevailing party is entitled as a matter

12

1  of right to recover costs in any action or proceeding." *Code of Civil Procedure* §1033.5(a)(10) defines

2  "costs" to include attorneys' fees where authorized by contract, statute, or common law, while §1033.5(c)(5)

3  provides that application for an award of attorneys' fees may be made by noticed motion or upon application

4  made concurrently with the claim for other costs.

5      California *Code of Civil Procedure* §1038(a) states, "If the court should determine that the

6  proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided

7  as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding,

8  and the court shall render judgment in favor of that party in the amount of all reasonable and necessary

9  defense costs, in addition to those costs normally awarded to the prevailing party." These requirements

10  apply both to commencing the action and to its continued maintenance. *Kobzoff v. Los Angeles County*

11  *Harbor / UCLA Med. Ctr.* (1998) 19 Cal.4th 851, 854, 80 Cal.Rptr.2d 803, 806.

12      An award of fees is specifically authorized by California *Code of Civil Procedure* §1038, which was

13  enacted to protect public entities and its employees from unreasonable suits brought under the Tort Claims

14  Act. *Code of Civil Procedure* §1038 provides public entities and employees, which are barred from filing

15  malicious prosecution actions, with a way to recover the costs of defending against unmeritorious and

16  frivolous tort claims. *Kobzoff v. Los Angeles County Harbor / UCLA Med. Ctr.*, *supra*, 19 Cal.4th at 857,

17  80 Cal.Rptr.2d at 807.

18      The courts have interpreted §1038(a) to require the plaintiffs to demonstrate both *subjective* and

19  *objective* good faith during *all stages* of the litigation and authorize the recovery of fees where *either*

20  element is absent.

21      Defendants respectfully submit that plaintiffs' lawsuit was exactly the type of conduct that the

22  legislature intended to deter. This Court will note that §1038 does not require subjective bad faith on the part

23  of the litigant but only that the action was not brought with a reasonable basis. In this matter, this Court, as

24  mentioned above dismissed plaintiff's federal causes of action because defendants were entitled to Eleventh

25  Amendment immunity and plaintiff's claims were time-barred under California law. In accordance with this

26  position, this Court declined to exercise supplemental jurisdiction over plaintiff's state law claims because

27  it had dismissed all claims over which it had original jurisdiction. Plaintiff had no basis upon which to

28  believe that she could bring this action in federal court. As such, plaintiff should have known that she could

not attach her state law claims to the federal action as she could not state a claim upon which relief could be granted for her claims under 42 U.S.C. §§1981 and 1983. This case was not brought on a reasonable basis. As such, plaintiff's state law claims were also frivolous, unreasonable, and completely without merit as this Court could not exercise jurisdiction over such claims because there was never a viable federal cause of action. Accordingly, defendants are entitled to an award of attorneys' fees in this matter.

## IV.  **CONCLUSION**

Based on the foregoing, defendants' respectfully request that this Court grant defendants' motion for attorney fees.

DATED:  February 22, 2008                    Respectfully submitted.

                                            WALSH & ASSOCIATES, APC


By:  _____
                                            DENNIS J. WALSH, ESQ.
                                            ADAM N. BOUAYAD, ESQ.
                                            Attorneys for Defendants, SAUSALITO SCHOOL
                                            DISTRICT , MARIN  COUNTY OFFICE OF
                                            EDUCATION, MARY JANE BURKE; MARY OTTO,
                                            MARIN COUNTY BOARD OF EDUCATION; the
                                            SAUSALITO MARIN CITY SCHOOL DISTRICT;
                                            the SAUSALITO MARIN CITY SCHOOL DISTRICT
                                            BOARD OF TRUSTEES, SHIRLEY THOMPSON,
                                            STEPHAN FRASER, BRUCE HUFF, RONNIE
                                            JONES, and ROSE ROBERSON

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA    )
                                        )§
COUNTY OF LOS ANGELES    )

       I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action. My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

       On **February 22, 2008** I served the document described **NOTICE OF MOTION AND MOTION FOR ATTORNEYS' FEES BY DEFENDANTS UNDER 42 U.S.C. §1988, 28 U.S.C. §1927, and *Code of Civil Procedure* §1038; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF DENNIS J. WALSH IN SUPPORT THEREOF; DECLARATION OF MICHAEL H. WELLEN IN SUPPORT THEREOF; DECLARATION OF ADAM N. BOUAYAD IN SUPPORT THEREOF; AND [PROPOSED] ORDER** on the interested parties in this action, as follows:

Amanda Metcalf, Esq.
Nyanza Shaw, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, California 94901
Telephone Number:  (415) 454-0945
Facsimile Number:   (415) 454-0145
Counsel for Plaintiffs, Christina Windsor
and Scottlan Windsor

       (BY UNITED STATES POSTAL SERVICE).        I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

xxx    (NEXT BUSINESS DAY). I deposited a sealed envelope containing a true and correct copy of the above-entitled document, in a regularly maintained receptacle of the overnight courier, for delivery on the next business day.

       (ELECTRONIC TRANSMISSION). I served a true and correct copy of the above-entitled document upon the interested party, via electronic transmission.

xxx    (FEDERAL).  I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

       Executed on February 22, 2008, at Encino, California.

*Adreana Rutter*
Adreana Rutter