1  Dennis J. Walsh, Esq., State Bar No. 106646
   Adam N. Bouayad, Esq., State Bar No. 248087
2  WALSH & ASSOCIATES, APC
   16633 Ventura Boulevard, Suite 1210
3  Encino, California 91436
   Telephone Number:  (818) 986-1776
4  Facsimile Number:   (818) 382-2071

5  Attorneys for Defendants, SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF
   EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION;
6  the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL
   DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF,
7  RONNIE JONES, ROSE ROBERSON

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10

11  CHRISTINA    WINDSOR,    SCOTTLAN )   CASE NO: C07 2897 (JSW)
    WINDSOR, through and by his mother and )
12  Natural Guardian, Christina Windsor     )
                                            )   REQUEST FOR JUDICIAL NOTICE IN
13              Plaintiff,                   )   SUPPORT OF DEFENDANTS' MOTION
                                            )   FOR ATTORNEYS' FEES UNDER 42 U.S.C.
14         vs.                              )   §1988, 28 U.S.C. §1927, and *Code of Civil
                                            )   Procedure* §1038; DECLARATION OF
15  MARIN COUNTY OFFICE OF EDUCATION,)          DENNIS J. WALSH IN SUPPORT THEREOF
    MARY JANE BURKE, in her official capacity as)
16  Superintendent of the Marin County Office of)  [Filed concurrently with Notice of Motion and
    Education, only; MARY OTTO, in her individual)  Motion For Attorneys' Fees; Declaration of
17  capacity and in her official capacity as the)  Dennis J. Walsh in Support Thereof; and
    Credentials Specialist for the Marin County Office)  [Proposed] Order
18  of Education; MARIN COUNTY BOARD OF)
    EDUCATION; the SAUSALITO MARIN CITY)       DATE:          April 18, 2008
19  SCHOOL DISTRICT; the SAUSALITO MARIN)      TIME:          9:00 a.m.
    CITY SCHOOL DISTRICT BOARD OF)             COURTROOM:     2, Seventeenth Floor
20  TRUSTEES,    SHIRLEY    THOMPSON,)
    STEPHAN FRASER, BRUCE HUFF, RONNIE)
21  JONES, as individuals and in their official)
    capacity as Trustees; ROSE ROBERSON, in her)
22  individual capacity and in her official capacity as)
    Superintendent of the Sausalito School District,)
23  the  CALIFORNIA   COMMISSION   ON)
    TEACHER CREDENTIALING,             )
24                                     )
                    _____ Defendants. )
25

26      TO THE HONORABLE JEFFREY S. WHITE AND TO ALL INTERESTED PARTIES AND TO

27  THEIR RESPECTIVE ATTORNEYS OF RECORD:

28      Defendants MARIN COUNTY OFFICE OF EDUCATION ("MCOE"), MARY JANE BURKE,

                                           1

MARY OTTO, MARIN COUNTY BOARD OF EDUCATION, SAUSALITO MARIN CITY SCHOOL DISTRICT, SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THORNTON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES and ROSE ROBERSON (collectively "defendants") hereby request that the Court take Judicial Notice of the following documents:

 1.Plaintiff CHRISTINA WINDSOR'S First Amended Complaint filed the Superior Court of California, County of Marin, Case No. CV12272, filed on or about August 26, 2007.

2. Honorable Michael B. Dufficy's October 24, 2002, Ruling on Defendants' Demurrer to Plaintiff CHRISTINA WINDSOR'S First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272. (Exhibit

3. Honorable Michael B. Dufficy's September 6, 2005 Decision and August 8, 2005, Tentative Ruling denying plaintiff CHRISTINA WINDSOR'S Motion to Amend/Supplement First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272.

4. Plaintiff CHRISTINA WINDSOR'S Complaint For Damages filed in Superior Court of California, County of Marin, Case No. 060248, filed on January 20, 2006.

5. Honorable John A. Sutro, Jr.'s Order Re Defendant Rose Marie Roberson's Demurrer to Plaintiff's Complaint in Superior Court of California, County of Marin, Case No. 060248, filed on July 18, 2006.

6. Declaration of Amanda Metcalf In Support of Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, filed on or about January 25, 2007.

7. Honorable James R. Ritchie's March 30, 2007 Order denying plaintiff CHRISTINA WINDSOR'S Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV012272, filed on April 2, 2007.

8. Plaintiff CHRISTINA WINDSOR'S Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on April 3, 2007.

9. Order Following Tentative Ruling Sustaining Defendant's Demurrer to Plaintiff Complaint For Damages in Superior Court of California, Case No. CV071483, filed on September 25, 2007.

1  10.  Plaintiff CHRISTINA WINDSOR'S First Amended Complaint for Damages in Superior

2  Court of California, County of Marin, Case No. CV071483, filed on October 12, 2007.

3    This motion is based upon this notice and *Federal Rules of Evidence* 201, the attached memorandum

4 of points and authorities, the Declaration of Dennis J. Walsh, Esq., and the papers and pleadings on file in

5 this action, together with any other oral and documentary evidence as may be presented at the hearing.

6 DATED: February 22, 2008     Respectfully submitted,

7               WALSH & ASSOCIATES, APC

8

9         By:

10           DENNIS J. WALSH, ESQ.
             ADAM N. BOUAYAD, ESQ.

11          Attorneys for Defendants, SAUSALITO SCHOOL
             DISTRICT , MARIN COUNTY OFFICE OF

12          EDUCATION, MARY JANE BURKE; MARY
             OTTO, MARIN COUNTY BOARD OF

13          EDUCATION; the SAUSALITO MARIN CITY
             SCHOOL DISTRICT; the SAUSALITO MARIN

14          CITY SCHOOL DISTRICT BOARD OF
             TRUSTEES, SHIRLEY THOMPSON, STEPHAN

15          FRASER, BRUCE HUFF, RONNIE JONES, ROSE
             ROBERSON

16

17

18

19

20

21

22

23

24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES-CASE NO: CV 07 02897
(JSW)

## MEMORANDUM OF POINTS AND AUTHORITIES

*Federal Rules of Evidence Rule* 201 states the following:

**"(a) Scope of rule.** This rule governs only judicial notice of adjudicative facts.

(b) **Kinds of facts.** *A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.*

(c) **When discretionary.** A court may take judicial notice, whether requested or not.

(d) **When mandatory.** *A court shall take judicial notice if requested by a party and supplied with the necessary information.*

(e) **Opportunity to be heard.** A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken.

(f) **Time of taking notice.** *Judicial notice may be taken at any stage of the proceeding.*

(g) **Instructing jury.** In a civil action or proceeding, the court shall instruct the jury to accept as conclusive any fact judicially noticed. In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed."  (Emphasis added.)

Furthermore, "A court may take judicial notice of 'matters of public record' without converting a motion to dismiss into a motion for summary judgment." *Lee v. City of Los Angeles* (9th Cir. 2001) 250 F.3d 668, 689 (citing *MGIC Indem. Corp. v. Weisman,* (9th Cir.1986). 803 F.2d 500, 504.)

## I.    THE DOCUMENTS PROPOSED FOR JUDICIAL NOTICE ARE SUBJECT TO *FEDERAL RULES OF EVIDENCE* 201

The following documents are subject to judicial notice by this Court based on the statutory authority cited above:

1.    Plaintiff CHRISTINA WINDSOR'S First Amended Complaint filed the Superior Court of California, County of Marin, Case No. CV12272, filed on or about August 26, 2007. (Exhibit "A");

2.    Honorable Michael B. Dufficy's October 24, 2002, Ruling on Defendants' Demurrer to

Plaintiff CHRISTINA WINDSOR'S First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272. (Exhibit "B")'

3.   Honorable Michael B. Dufficy's September 6, 2005 Decision and August 8, 2005, Tentative Ruling denying plaintiff CHRISTINA WINDSOR'S Motion to Amend/Supplement First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272. (Exhibit "C");

4.   Plaintiff CHRISTINA WINDSOR'S Complaint For Damages filed in Superior Court of California, County of Marin, Case No. 060248, filed on January 20, 2006. (Exhibit "D");

5.   Honorable John A. Sutro, Jr.'s Order Re Defendant Rose Marie Roberson's Demurrer to Plaintiff's Complaint in Superior Court of California, County of Marin, Case No. 060248, filed on July 18, 2006. (Exhibit "E");

6.   Declaration of Amanda Metcalf In Support of Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, filed on or about January 25, 2007. (Exhibit "F");

7.   Honorable James R. Ritchie's March 30, 2007 Order denying plaintiff CHRISTINA WINDSOR'S Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV012272, filed on April 2, 2007. (Exhibit "G");

8.   Plaintiff CHRISTINA WINDSOR'S Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on April 3, 2007. (Exhibit "H");

9.   Order Following Tentative Ruling Sustaining Defendant's Demurrer to Plaintiff Complaint For Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on September 25, 2007. (Exhibit "I");

10.   Plaintiff CHRISTINA WINDSOR'S First Amended Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on October 12, 2007. (Exhibit "J");

///

///

///

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES-CASE NO: CV 07 02897 (JSW)

1    Based on the foregoing, defendants request that this Court take judicial notice of the above-
2    referenced documents in support of their Motion to Dismiss Complaint

3    Dated:   February 22, 2008                    WALSH & ASSOCIATES, APC

4

5                                        By:

6                                               DENNIS J. WALSH, ESQ.
                                                ADAM N. BOUAYAD, ESQ.
7                                               Attorney for Defendants, SAUSALITO SCHOOL
                                                DISTRICT , MARIN COUNTY OFFICE OF
8                                               EDUCATION, MARY JANE BURKE; MARY
                                                OTTO, MARIN COUNTY BOARD OF
9                                               EDUCATION; the SAUSALITO MARIN CITY
                                                SCHOOL DISTRICT; the SAUSALITO MARIN
10                                              CITY SCHOOL DISTRICT BOARD OF
                                                TRUSTEES, SHIRLEY THOMPSON, STEPHAN
11                                              FRASER, BRUCE HUFF, RONNIE JONES, ROSE
                                                ROBERSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF DENNIS J. WALSH IN SUPPORT OF DEFENDANTS' REQUEST FOR**

**JUDICIAL NOTICE MOTION IN SUPPORT OF DEFENDANTS' MOTION FOR**

**ATTORNEYS' FEES**

I, Dennis J. Walsh, do hereby declare:

1.      I am over the age of eighteen (18) and a resident of the State of California.  I make this declaration in support of defendants;

2.      I am an attorney at law, and principal at Walsh & Associates,  APC, and am licensed to practice before this Court, and am counsel and attorney or record for defendants  SAUSALITO SCHOOL DISTRICT , MARIN COUNTY OFFICE OF EDUCATION, MARY JANE BURKE; MARY OTTO, MARIN COUNTY BOARD OF EDUCATION; the SAUSALITO MARIN CITY SCHOOL DISTRICT; the SAUSALITO MARIN CITY SCHOOL DISTRICT BOARD OF TRUSTEES, SHIRLEY THOMPSON, STEPHAN FRASER, BRUCE HUFF, RONNIE JONES, ROSE ROBERSON;.

3.      As a handling attorney on this case and upon review of the records in the file, I have personal knowledge of the facts stated herein and, if called to testify, I could and would testify competently to the same;

4.      Attached as **Exhibit "A"** to this declaration is a true and correct copy of Plaintiff CHRISTINA WINDSOR'S First Amended Complaint filed the Superior Court of California, County of Marin, Case No. CV12272, filed on or about August 26, 2007.  (Exhibit "A");

5.      Attached as **Exhibit "B"** to this declaration is a true and correct copy of Honorable Michael B. Dufficy's October 24, 2002, Ruling on Defendants' Demurrer to Plaintiff CHRISTINA WINDSOR'S First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272. (Exhibit "B");

6.      Attached as **Exhibit "C"** to this declaration is a true and correct copy of Honorable Michael B. Dufficy's September 6, 2005 Decision and August 8, 2005, Tentative Ruling denying plaintiff CHRISTINA WINDSOR'S Motion to Amend/Supplement First Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272. (Exhibit "C");

7.      Attached as **Exhibit "D"** to this declaration is a true and correct copy of Plaintiff CHRISTINA WINDSOR'S Complaint For Damages filed in Superior Court of California, County of Marin,

4

Case No. 060248, filed on January 20, 2006.  (Exhibit "D");

8.      Attached as **Exhibit "E"** to this declaration is a true and correct copy of Honorable John A. Sutro, Jr.'s Order Re Defendant Rose Marie Roberson's Demurrer to Plaintiff's Complaint in Superior Court of California, County of Marin, Case No. 060248, filed on July 18, 2006. (Exhibit "E");

9.      Attached as **Exhibit "F"** to this declaration is a true and correct copy of Declaration of Amanda Metcalf In Support of Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV12272, filed on or about January 25, 2007.  (Exhibit "F");

10.     Attached as **Exhibit "G"** to this declaration is a true and correct copy of Honorable James R. Ritchie's March 30, 2007 Order denying plaintiff CHRISTINA WINDSOR'S Motion to File an Amended Complaint in Superior Court of California, County of Marin, Case No. CV012272, filed on April 2, 2007. (Exhibit "G");

11.     Attached as **Exhibit "H"** to this declaration is a true and correct copy of Plaintiff CHRISTINA WINDSOR'S Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on April 3, 2007.  (Exhibit "H");

12.     Attached as **Exhibit "I"** to this declaration is a true and correct copy of Order Following Tentative Ruling Sustaining Defendant's Demurrer to Plaintiff Complaint For Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on September 25, 2007.  (Exhibit "I");

13.     Attached as **Exhibit "J"** to this declaration is a true and correct copy of Plaintiff CHRISTINA WINDSOR'S First Amended Complaint for Damages in Superior Court of California, County of Marin, Case No. CV071483, filed on October 12, 2007.  (Exhibit "J");

14.     All exhibits attached hereto  are part of the public record.

I declare, under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed this 22nd day of February, 2008, at Encino, California.

Declarant, DENNIS J. WALSH

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES-CASE NO: CV 07 02897 (JSW)

# EXHIBIT "A"

Amanda Metcalf State Bar No. 57177
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, CA 94901
Telephone: (415) 454-0945
Facsimile: (415) 454-9145

Attorney for Plaintiff
CHRISTINA WINDSOR

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF MARIN

| | |
|---|---|
| CHRISTINA WINDSOR | CASE NO. CV 012272 |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR DAMAGES FOR TORTIOUS DEMOTION AND DISCHARGE IN VIOLATION OF PUBLIC POLICY; BREACH OF CONTRACT; BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; FRAUDULENT INDUCEMENT, CONSPIRACY, AND DEFAMATION** |
| v. | |
| SAUSALITO SCHOOL DISTRICT, ROSE MARIE ROBERSON, BRUCE HUFF, SHIRLEY THORNTON, RONNIE JONES, STEPHEN FRASER, MARGARET MERCHAT, SCHOOL AND COLLEGE LEGAL SERVICES, AND DOES I-X | |
| Defendants | |

Plaintiff alleges:

1.    Plaintiff Christina Windsor (plaintiff), is a resident of the State of California, County of Marin.

2.    Defendant Sausalito School District (District), is a local education agency in Marin County, California.

3.    Rose Roberson (Roberson) is an individual, a resident of the State of California, County of Marin, and an employee (Superintendent) of the Sausalito School

Windsor V. Sausalito School District, et al.                    1

District.

4.    Defendants Bruce Huff, Shirley Thornton, Ronnie Jones, and Stephen Fraser are individuals, residents of the State of California, County of Marin and members of the Board of Trustees of the Sausalito School District.

5.    Defendant Margaret Merchat is a resident of the State of California, an attorney licensed by the State of California and at all relevant times mentioned herein Merchat was the employee and agent of the defendant sued herein as School and College Legal Services, a business entity engaged in the practice of law. At all relevant times herein defendants Merchat and School and College Legal Services were employed as legal counsel for the District and the other individuals named as defendants herein.

6.    As required by the California Government Code, plaintiff filed a timely claim for damages against the defendant District. On or about November 16, 1999, the District notified plaintiff that her claim had been rejected and that she had six months within which to file a state court action for damages. (Exhibit A).

7.    Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein was, at all times relevant to this action, the agent and/or employee, of the remaining defendants and was acting within the course and scope of that relationship. Plaintiff is further informed and believes, and thereon alleges, that each of the defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining defendants.

### FIRST CAUSE OF ACTION

(Tortious Demotion and Discharge in Violation of Public Policy
Against Defendant District)

8.    From July 5, 1999 to July 27, 2000, plaintiff was employed by defendant DISTRICT as principal of the Sausalito Schools pursuant to a three-year written contract. From July 27 to August 11, 2000, plaintiff was employed by the District as a classified employee performing duties as an assistant to the superintendent

Windsor V. Sausalito School District, et al.                2

9.    During the period of plaintiff's employment, defendants Roberson, Huff and the District engaged in misconduct related to the administration of the Sausalito/Marin City Schools. On or about April 16, 2000, Roberson gave false testimony, under oath. Plaintiff was present when Roberson testified and knew her testimony to be false because of the following:

a)    In late September, 1999, at a gathering attended by plaintiff at the home of Bruce Huff in Sausalito (prior to Huff's appointment to the School Board), Roberson and Huff discussed forming a charter school in Sausalito as a means by which they could get rid of specific teachers who were "causing trouble in the District." Huff and Roberson named specific teachers, whom they wanted to discharge, but feared the lengthy and difficult process required.   Huff explained to Roberson and plaintiff that he had researched the issue and learned that by starting a Charter School in Sausalito, all the teachers could be laid-off and only the ones they wanted would be hired back, because procedures that applied to charter schools didn't require following a seniority list. Roberson commented favorably upon this idea and expressed enthusiasm and approval for the plan.

At subsequent meetings at Huff's home between August and November, 1999, Huff and Roberson discussed their plans for starting a Sausalito Charter School and getting rid of troublesome teachers. Plaintiff expressed concern and misgivings regarding the plans announced by Huff and Roberson, and by November stopped attending the meetings at Huff's home where District business was discussed, because of her increasing level of discomfort. Roberson instructed plaintiff not to mention the discussions regarding the Charter School to anyone.

In January 2000, Bruce Huff was appointed to the School Board to fill one of the vacancies created by the resignation of previous board members. In March, 2000, the District announced the lay-off of all teachers, and in April, 2000, hearings into the wholesale lay-offs were called for by the teachers.

Windsor V. Sausalito School District, et al.                    3

1    At the hearing conducted on or about April 14, 2000, before Administrative Law
2    Judge, Ruth S. Astle, Roberson was called as a witness and placed under oath.   In
3    response to questions put to her by Joseph Calton, the attorney for the teachers, Roberson
4    denied that she and Huff had discussed the formation of a Charter School in Sausalito as
5    a means of getting rid of undesirable teachers and denied that there was any connection
6    between the lay-offs and plans for the Charter School.   After Roberson testified, she
7    expressed relief that she had been able to evade many of the attorney's questions regarding
8    Huff, and the relationship between the lay-offs and the charter schools.

9        b)    From time to time the District and Roberson applied and/or enforced
10   district policies in a racially discriminatory manner.  As example, in late October, 1999,
11   Roberson ordered plaintiff to impose extraordinary and excessive discipline on two black
12   male second grade students as a result of complaints from the white mother of a female
13   first grader related to a school yard incident involving the three children.  Despite the fact
14   that plaintiff had already imposed customary and appropriate discipline (a three day
15   suspension), Roberson feared that the white parent (who had demanded that the boys be
16   expelled), would remove her child from school.

17   On or about October 29, 1999, at approximately 11:00 PM, Roberson telephoned
18   plaintiff at her home and ordered plaintiff to "find those black boys and suspend them for
19   five days." Roberson went on to state, "We can't afford to lose this white family... they're
20   equivalent to the Huffs."  Plaintiff refused to impose the additional and discriminatory
21   punishment ordered by Roberson.

22       c)    From time to time during plaintiff's employment Roberson knowingly
23   gave false and/or misleading information to teachers and other staff regarding their
24   employment and the administration of the District.   Roberson routinely called upon
25   plaintiff to participate in her misconduct by soliciting plaintiff to confirm, and/or support
26   her false statements and deceitful activities.

27       10.    In or about late October or early November, 1999, plaintiff telephoned Board
28   Windsor V. Sausalito School District, et al.              4

1  President Shirley Thornton and stated that she needed to talk with her because of all the

2  disturbing misconduct she had witnessed.  Shortly thereafter plaintiff and Thornton met at

3  a restaurant in Tiburon and met again in December in plaintiff's office.  In those meetings

4  plaintiff informed Thornton about the Charter School/ lay-off plans discussed by Huff and

5  Roberson, the discriminatory discipline ordered by Roberson against the two black

6  students, concerns related to questionable financial dealings between Huff and Roberson,

7  and other improper practices ongoing in the District.

8      11.  The discriminatory actions Roberson ordered plaintiff to engage in would

9  have violated the United States and California Constitutions, as well as specific Federal

10  and State statutes which prohibit discrimination in education.  Roberson's directives that

11  plaintiff participate in or remain silent about various deceptive practices engaged in by

12  Roberson regarding District policies and personnel would have required plaintiff to

13  become involved in an unlawful scheme to deprive public employees of their employment

14  rights.

15      12.  As a proximate result of plaintiff's refusal to support or condone the illegal

16  and improper conduct and practices of Roberson and the District described in paragraph

17  9 above, and in violation of public policy as set forth in paragraph 11 above, the Defendant

18  District demoted plaintiff on July 27, 2000 by removing her from her position as principal

19  and reassigning her to a position several grades lower to the classified staff (Exhibit C).

20      13.  On or about July 28, 2000, defendant Roberson delivered to plaintiff a letter

21  (Exhibit C),  which reprimanded plaintiff as being "confrontational" and lacking

22  appropriate "communication skills."  These complaints and other negative statements

23  contained in Roberson's letter, resulted from Roberson's dissatisfaction with plaintiff's

24  opposition to the deceptive management practices employed by Roberson and plaintiff's

25  outspoken opposition to Roberson's misconduct described in paragraph 9 above.

26      14.  On or about July 28, 2000, plaintiff was summoned to a meeting at the

27  District offices to discuss her "continued employment."  At that meeting, plaintiff

28  Windsor V. Sausalito School District, et al.           5

1    specifically informed the Trustees present, Roberson and counsel for the District, Margaret
2    Merchat, that she objected to and would not participate in Roberson's unlawful and
3    deceitful practices. As a direct and proximate result of plaintiff's refusal to participate in
4    or condone the illegal and improper conduct of defendants described in paragraph 9 above
5    and as a direct and proximate result of having directly confronted defendants regarding
6    said unlawful and improper practices engaged in by Roberson and the District, and in
7    retaliation therefor, defendant District terminated plaintiff's employment on August 10,
8    2000.

9        15.    Pursuant to the letter addressed to plaintiff from Roberson, dated July 27,
10    2000 (Exhibit B), plaintiff's employment as a principal ended on that date.  Pursuant to the
11    same letter, the District offered plaintiff employment as a member of its classified staff of
12    employees.  Plaintiff accepted the offer for continued employment as a member of the
13    classified staff.  Plaintiff reported to work each day following July 27, 2000.  Plaintiff
14    planned teacher assignments, schedules and curriculum for the fall semester in compliance
15    with her duties as assistant to the superintendent and worked each day (until she was
16    terminated on August 10), in direct and continuous one to one, daily collaboration with the
17    superintendent at the District office.

18        16.    As a proximate result of the conduct of the defendant District, plaintiff has
19    suffered harm, including lost earnings and other employment benefits, lost her home, has
20    suffered humiliation, embarrassment and mental anguish all to her damage in an amount
21    exceeding $5,000,000 (five million dollars).

22        17.    The District authorized and/or ratified the conduct of the individual
23    defendants complained of herein and approved and adopted said illegal and improper
24    conduct as its own.

25        18.    In doing the acts described herein above, the District knew that the conduct
26    it required of plaintiff was improper and/or unlawful. Notwithstanding this knowledge, the
27    District despicably subjected plaintiff to cruel and unjust hardship in conscious disregard

28    Windsor V. Sausalito School District, et al.          6

of plaintiff's rights by dismissing plaintiff for refusing to participate in or condone its improper and illegal activities. This conduct by the District was oppressive and malicious and was knowingly and intentionally engaged in by the District for the purpose of causing injury to plaintiff.

## SECOND CAUSE OF ACTION

### (Breach of Express Contract for Continued Employment Against Defendant District)

19.    Plaintiff incorporates by reference the allegations of paragraphs 1-18.

20.    On or about July 6, 1999, plaintiff and the District entered into a Written contract for plaintiff's employment (Exhibit E). On or about November 4, 1999, plaintiff's contract was extended for two additional years (Exhibit F).

21.    On or about July 27, 2000, the District amended plaintiff's employment contract by changing plaintiff's classification to employment as a member of the classified staff at the same rate of pay provided for in plaintiff's 3-year written contract. On or about August 10, 2000, the District breached plaintiff's employment agreement by terminating plaintiff's employment without good cause. The reasons given for plaintiff's discharge (insubordination), was a pretext for the District's actual motive and purpose, which was retaliation for plaintiff's refusal to participate and cooperate in defendant's unlawful schemes and practices. Plaintiff at all times fulfilled her duties as a member of the classified staff, assigned to assist the superintendent in performing administrative duties for the District and was willing and able to continue to perform said duties in a competent and satisfactory manner.

22.    As a proximate result of the District's breach of the employment contract, plaintiff has suffered and continues to suffer losses in earnings and other employment benefits to her damage in an amount to be proved at trial.

## THIRD CAUSE OF ACTION

### (Breach of Implied Covenant of Good Faith and Fair Dealing Against Defendant District)

Windsor V. Sausalito School District, et al.                    7

23.    Plaintiff incorporates by reference paragraphs 1-22.

24.    The employment agreement referred to above as modified on July 27, 2000, contained an implied covenant of good faith and fair dealing, which obligated the defendant District to perform the terms and conditions of the agreement fairly and in good faith and to refrain from doing any act that would prevent or impede plaintiff from performing any or all conditions of the contract that she agreed to perform, or any act that would deprive plaintiff of the benefits of the contract.

25.    Plaintiff performed all the duties and conditions the employment agreement required of her.

26.    Defendant District knew that plaintiff had fulfilled all duties and conditions required of her under the contract.

27.    The District breached the implied covenant of good faith and fair dealing by:

a)    discharging plaintiff from her employment without good cause and on the pretext of insubordination,

b)    conspiring to deny to plaintiff the benefits of her employment contract,

c)    defaming plaintiff in response to and in retaliation for plaintiff's refusal to quietly accept the District's unjust demotion and wrongful discharge,

d)    refusing to grant to plaintiff lawful notice of termination and/or a hearing, as required by law.

28.    The defendant District breached the implied covenant of good faith and fair dealing as described above and by discharging plaintiff intentionally, maliciously and without good cause, in bad faith and for reasons extraneous to the performance of her duties. In fact, defendant discharged plaintiff because plaintiff in good faith and in a reasonable, appropriate and professional manner had attempted to ensure that the District acted in a non-discriminatory, fair and lawful manner toward students and teachers, and refused to condone, cooperate or participate in the actions of District employees, administrators and directors that were unjust and unlawful.

29.    As a proximate result of the defendant District's breach of the implied covenant of good faith and fair dealing, plaintiff has suffered and continues to suffer losses in earning and other employment benefits to her damage in an amount to be proved at trial.

30.    As a proximate result of the District's breach of the implied covenant of good faith and fair dealing, plaintiff has incurred reasonable attorney's fees in attempting to secure the benefits owed her under the employment contract.

### FOURTH CAUSE OF ACTION

(Fraudulent Inducement to Enter Contract against defendants Roberson, Thornton, Fraser, Jones, Marchat and School and College Legal Services)

31.    Plaintiff realleges paragraphs 1-30.

32.    During the year preceding July 6, 1999, the individual defendants Roberson, Thornton, Fraser, Jones, Marchat and School and College Legal Services solicited plaintiff to leave her employment in the State of Iowa and relocate to California for the purpose of accepting employment with the Sausalito School District.

33.    On or about May, 1999, plaintiff appeared, at the request of defendants before the Board of Trustees of the Sausalito School District in support of her application for employment, which application the defendants had invited her to make.

34.    Plaintiff's application, which had been received by the District and the named individual trustees before her interview in May, 1999, clearly stated that plaintiff held no California credential. At no time during the interview in May, 1999 (indeed at no time prior to her hire or within the first year of her employment), was plaintiff told that California credentials were required for the position for which the defendants asked her to apply. Neither the application form provided to plaintiff, the written contract plaintiff was asked to sign, or any other document or correspondence presented to plaintiff by or on behalf of the defendants or any one else advised plaintiff that California credentials were required for the principal position. At all times during the application and interview process plaintiff was candid and forthcoming regarding the fact that she had been born,

Windsor V. Sausalito School District, et al.                9

1   raised, educated, trained and employed as a teacher and principal in the State of Iowa and
2   held no California credentials.

3       35.    At all times stated herein the defendants knew that plaintiff was required to
4   hold California credentials in order to hold the position for which she was initially
5   recruited. Defendant Roberson, for herself and on behalf of the remaining defendants
6   named in this cause, affirmatively represented to plaintiff throughout her interview and the
7   application process, that plaintiff was qualified for the position for which she had applied.
8   At the conclusion of her interview plaintiff was offered the position of Principal of the
9   Sausalito schools and defendants immediately announced to the members of the public
10  who were present at the meeting, that plaintiff had been hired as the new principal.

11      36.    By its statements and actions described above, the defendants represented
12  that it had determined that plaintiff was qualified for the position of principal and that there
13  existed no barriers to her employment. The defendants knew that their representation that
14  plaintiff's Iowa credentials were acceptable was false and that the defendants would
15  thereafter require California credentials.

16      37.    In reliance on the representations of the defendants and in ignorance of the
17  falsity thereof, plaintiff changed her place of residence by moving her family from Iowa
18  to Sausalito, California, for the purpose of being employed by the Sausalito School
19  District.

20      38.    As a proximate result of defendant's representations and omissions, plaintiff
21  was induced to move to California and to accept defendants offer of employment. On or
22  about July 6, 1999, plaintiff was hired by the District. On or about July 16, 2000, plaintiff
23  learned that the representations made by defendants regarding her credentialing status,
24  were false. Plaintiff became aware that said representations were false when the District
25  demanded that she "produce copies of California  teaching and administrator's
26  certificates," which the District knew plaintiff did not have. Plaintiff was thereafter
27  demoted from her position and ultimately discharged from her employment, which

28  Windsor V. Sausalito School District, et al.         10

1  discharge was without good cause. As a proximate result of defendants actions plaintiff

2  suffered damages in an amount exceeding $5,000,000 (five million dollars).

3      39.    The aforementioned conduct of the defendants named herein, and each of

4  them, constituted intentional misrepresentation, deceit, and/or concealment of a material

5  fact known to each said defendant with the intention on the part of each defendant of

6  inducing plaintiff to enter a contract for employment, inducing plaintiff to relocate her

7  family from Iowa to California, depriving plaintiff of property or legal rights and/or

8  otherwise knowingly and intentionally causing injury. Said conduct was despicable and

9  subjected plaintiff and her family to cruel and unjust hardships in conscious disregard of

10  plaintiff's rights, so as to justify an award of exemplary and punitive damages against said

11  individual defendants.

12

13  **FIFTH CAUSE OF ACTION**

14  (Conspiracy Against Defendants Roberson, Huff, Thornton, Fraser

15  Marchat, School and College Services and District)

16      40.    Plaintiff realleges paragraphs 1-39.

17      41.    Plaintiff is informed and believes and thereon alleges that on or about July-

18  August, 2000, defendants Roberson, Huff, Thornton, Fraser, Marchat, School and College

19  and District, met at various times for the purpose of plotting and planning a scheme

20  whereby plaintiff could be terminated from her employment with the District. The named

21  defendants combined and agreed to consider various ways in which plaintiff's employment

22  could be terminated without reprisal to or for the District or its representatives. The named

23  defendants, having agreed to and acted upon their agreement to demote plaintiff from her

24  position as principal, thereafter agreed, combined and conspired to establish conditions for

25  plaintiff's continued employment which were unnecessary and not required by law, and

26  which defendants knew would be extremely difficult or incapable of performance by

27  plaintiff.

28  Windsor V. Sausalito School District, et al.          11

42.    In keeping with and in furtherance of their agreement and conspiracy to unlawfully deprive plaintiff of her employment, as reprisal for plaintiff's refusal to cooperate in defendants' discriminatory policies and practices and in an effort to silence plaintiff's complaints regarding defendants' nefarious, dishonest and unlawful activities in managing, administering and providing services to the students, teachers and parents in the school district, defendants established specific improper, unauthorized and unnecessary conditions for plaintiff's continued employment as follows:

1.    That plaintiff take and pass the CBEST exam on extremely short notice (within approximately one week, which exam ordinarily takes 6 months-1 year preparation time.)

2.    That plaintiff take said examination without benefit of the protections and safeguards afforded by California law (e.g. pass said exam in fewer attempts than allowed by law.)

3.    Comply with and abide by defendants' efforts to silence her legitimate criticism of the District, and the defendant representatives of the District.

43.    In addition, the defendants Marchat and School and College agreed to and did solicit trustee Starbird to commit perjury by falsely representing that she had received certain official meeting notices which Starbird had not received and which defendants knew she had not received.

44.    Plaintiff is informed and believes and thereon alleges that the above described conduct engaged in by the defendants named herein was known to, participated in, and authorized and approved by each named defendant. Said activities were contrary to the oaths of office taken by the defendant superintendent and Trustees, violative of the Code of Ethics and rules of conduct which govern Merchat's and School of College Legal Service's practice as attorneys and constituted an illegal conspiracy on the part of defendants and each of them, to deny to plaintiff her constitutional and statutory rights to

Windsor V. Sausalito School District, et al.                12

1    property, her rights under contract, and her rights to due process and equal protection of

2    the laws.

3        45.    As a proximate result of the conduct of defendants, and each of them, alleged

4    above, plaintiff has suffered and continues to suffer harm, including lost earnings and other

5    employment benefits, humiliation, embarrassment and mental anguish, all to her damage

6    in an amount exceeding $5,000,000 (five million dollars).

7        46.    The aforementioned conduct of defendants, and each of them, which

8    constituted an illegal conspiracy, was intentional, deceitful and was engaged in by each

9    defendant with knowledge of its illegality and with the intention of depriving plaintiff of

10    property and legal rights or otherwise causing injury to plaintiff. Said conduct was

11    despicable and subjected plaintiff to cruel and unjust hardship in conscious disregard of

12    plaintiff's rights so as to justify an award of exampling damages against each named

13    individual defendant and business entity named herein.

14                          <u>SIXTH CAUSE OF ACTION</u>

15        (Defamation Against Defendant Marchat, School and College and District)

16        47.    Plaintiff realleges paragraphs 1-46.

17        48.    On or about August 10, 2000, the defendant District, Marchat and School and

18    College, and each of them, published, or caused to be published, a letter concerning the

19    District's termination of plaintiff's employment charging that plaintiff had falsely

20    represented her qualifications and/or professional certifications. Said letter accused

21    plaintiff of having knowingly and intentionally failed to seek credentials in California

22    because plaintiff had allegedly been convicted of a crime (thereafter described by

23    defendants as "a felony"), the disclosure of which plaintiff allegedly feared would prohibit

24    her from becoming credentialed (Exhibit <u>G</u>). The statements concerning plaintiff and

25    published by defendants were false and were per se defamatory of plaintiff. Plaintiff is

26    informed and believes and therein alleges that the subject defamatory letter was

27    disseminated to third parties (persons other than plaintiff and her attorney), and that the

28    <sub>Windsor V. Sausalito School District, et al.</sub>              13

1  content thereof was also disclosed to plaintiff's prospective employers.

2    49.    As a proximate result of defendants' publication of the defamatory statements

3  described above, plaintiff has suffered and will continue to suffer harm to her reputation

4  in her community and harm to her professional reputation, lost earnings, humiliation,

5  embarrassment, and mental anguish all to her damage in an amount to be proved at trial.

6    Wherefore, plaintiff prays judgment against the defendants named in this cause, and

7  each of them, as follows:

8    1.    For damages for breach of contract according to proof, including lost earnings

9  and other employee benefits, past and future;

10    2.    For compensatory damages in the amount of $5,000,000 (five million dollars),

11  or in an amount to be established at trial, including lost earnings and other employee

12  benefits, loss of future earnings, damages for mental anguish, emotional distress,

13  humiliation, and damages for conspiracy and defamation;

14    3.    For interest on lost earnings and benefits at the prevailing rate from August

15  10, 2000;

16    4.    For punitive damages in an amount appropriate to punish each non-public

17  defendant entity and each individual defendant, and deter others from engaging in similar

18  conduct.

19    5.    For reasonable attorneys fees incurred by plaintiff in obtaining the benefits

20  due her under the employment contract with the defendant District;

21    6.    For costs of suit incurred by plaintiff; and,

22    7.    For such other and further relief as the court deems appropriate.

23

24  DATED: August 26, 2002                    LAW OFFICES OF AMANDA METCALF

25                                            BY _____

26                                            Amanda Metcalf
                                              Attorney for Plaintiff
27                                            Christina Windsor

28  Windsor V. Sausalito School District, et al.          14

# EXHIBIT B

10/24/0

# MARIN SUPERIOR COURT

DATE: 10/24/02  TIME: 9:00 A.M.      DEPT NO: C    CASE NO: CV012272

PRESENT:    HON. MICHAEL B. DUFFICY, JUDGE

REPORTER:    ~~CAROL McCLENDON~~                CLERK: CASIE SOTELO

PLAINTIFF:   CHRISTINA WINDSOR

vs.

DEFENDANT: SAUSALITO SCHOOL
DISTRICT, ET AL.

NATURE OF PROCEEDINGS:  HEARING ON DEMURRER TO FIRST AMENDED
COMPLAINT (DEFT) SAUSALITO SCHOOL DISTRICT (DEFT) ROSE MARIE
ROBERSON (DEFT) BRUCE HUFF (DEFT) SHIRLEY THORNTON (DEFT) RONNIE
JONES (DEFT) STEPHEN FRASER

### RULING

DEFENDANT SCHOOL DISTRICT'S DEMURRER TO THE FIRST CAUSE OF
ACTION IS OVERRULED.  PLAINTIFF HAS CLARIFIED ALLEGATIONS OF THIS
CAUSE OF ACTION TO CENTER ON HER TERMINATION AS A CLASSIFIED
EMPLOYEE, IN VIOLATION OF PUBLIC POLICIES AGAINST RACE
DISCRIMINATION. (SEE, E.G., FIRST AMENDED COMPLAINT, ¶¶14, 15.)
FURTHER, THIS CAUSE OF ACTION IS NOT BARRED BY RES JUDICATA,
BECAUSE THE UNDERLYING PRIMARY RIGHT IS THE RIGHT TO NOT
PARTICIPATE IN RACE DISCRIMINATION.  (SEE, E.G., *ACUNA V. REGENTS OF
CAL.* (1997) 56 CAL.APP.4TH 639, 649 (DEFINING PRIMARY RIGHT AS FREEDOM
FROM "INVIDIOUS EMPLOYMENT DISCRIMINATION").) IN CONTRAST, THE
RELATED ACTION WAS FOUNDED ON THE RIGHT TO CERTAIN PROCEDURAL
PROTECTIONS AS A PUBLIC SCHOOL EMPLOYEE.

DEFENDANT DISTRICT'S DEMURRERS TO THE SECOND AND THIRD CAUSES OF
ACTION ARE SUSTAINED WITHOUT LEAVE TO AMEND.  IN SUSTAINING THE
PRIOR DEMURRER, THE COURT DID NOT GRANT LEAVE TO AMEND THESE
CAUSES OF ACTION.  AT ANY RATE, PLAINTIFF'S NEW ALLEGATIONS WOULD
NOT STATE A CAUSE OF ACTION.  IN CALIFORNIA, PUBLIC EMPLOYEES HOLD
THEIR POSITIONS BY STATUTE, NOT BY CONTRACT.  (SEE, E.G., *KIM V.
REGENTS OF UNIV. OF CALIFORNIA* (2000) 80 CAL.APP.4TH 160, 164-165.)

THE DEMURRERS TO THE FOURTH CAUSE OF ACTION ARE SUSTAINED
WITHOUT LEAVE TO AMEND.  THE FIRST AMENDED COMPLAINT CONTAINS
NO FACTS TO SUPPORT THE CONCLUSORY ALLEGATIONS IN PARAGRAPH
39—I.E., TO SHOW THAT *AT THE TIME OF THE ALLEGED REPRESENTATIONS,*

WINDSOR V. SAUSALITO SCHOOL DISTRICT #012272
PAGE TWO

DEFENDANTS INTENDED TO INDUCE PLAINTIFF TO MOVE TO CALIFORNIA, *DEPRIVING HER OF LEGAL RIGHTS AND OTHERWISE CAUSING HER INJURY.* THE COMPLAINT DISCLOSES NO PRIOR RELATIONSHIP BETWEEN PLAINTIFF AND DEFENDANTS OR ANY POSSIBLE MOTIVE BY DEFENDANTS TO INJURE HER. PLAINTIFF'S OPPOSITION SUGGESTS NO FURTHER FACTS THAT MIGHT BE PLEADED TO AVOID THE QUALIFIED IMMUNITY OF GOVERNMENT CODE, §822.2. THIS RULING MAKES IT UNNECESSARY TO RESOLVE DEFENDANTS' ALTERNATIVE ARGUMENT THAT PLAINTIFF'S GOVERNMENT TORT CLAIM COULD NOT BE CONSTRUED TO ENCOMPASS FRAUD.

IN THE ABSENCE OF AN UNDERLYING CAUSE OF ACTION, THE DEMURRERS TO THE FIFTH CAUSE OF ACTION ARE SUSTAINED WITHOUT LEAVE TO AMEND.

THE DEMURRERS TO THE SIXTH CAUSE OF ACTION ARE SUSTAINED WITHOUT LEAVE TO AMEND. THE FIRST AMENDED COMPLAINT DOES NOT IDENTIFY THE "THIRD PARTIES" WHO ALLEGEDLY RECEIVED DEFENDANT MERCHAT'S LETTER. THE COURT TAKES JUDICIAL NOTICE OF PLAINTIFF'S GOVERNMENT TORT CLAIM (SEE DEFENDANT'S RJN EXH.B), WHICH GIVES INADEQUATE NOTICE OF CLAIM FOR DEFAMATION. EVEN IF PLAINTIFF HAD ALLEGED ACTUAL KNOWLEDGE BY DEFENDANT, SUCH KNOWLEDGE DOES NOT CONSTITUTE SUBSTANTIAL COMPLIANCE WITH THE CLAIMS STATUTE OR SERVE AS A BASIS FOR ESTOPPEL. (*DEPT. OF WATER & POWER V. SUP. CT.* (2000) 82 CAL.APP.4TH 1288, 1296.)

# EXHIBIT C

REC'D SEP 0 9 2005

FILED

SEP - 7 2005

JOHN P. MONTGOMERY
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Sotelo, Deputy

SUPERIOR COURT OF CALIFORNIA

COUNTY OF MARIN

CHRISTINA WINDSOR,                          )
                                            )   Case No.  CV 012272
              Plaintiff,                    )
                                            )
       v.                                   )
                                            )   **DECISION**
SAUSALITO SCHOOL DISTRICT, et al.           )
                                            )
              Defendant.                    )
                                            )

Following oral argument on the Court's Law and Motion Calendar of August 25, 2005, the Court took under submission Defendant Sausalito School District's Motion for Summary Judgment, Plaintiff's Motion for Reconsideration, and Plaintiff's Motion for Leave to File Supplemental Complaint and Compel Discovery.  Prior to oral argument the Court had issued a Tentative Ruling on all three motions.

Having reviewed the matter, the Court adopts the Tentative Ruling as the final ruling of the Court in regard to each of the three motions presented.

Dated:  September 6, 2005

_____
JUDGE OF THE SUPERIOR COURT

STATE OF CALIFORNIA)
COUNTY OF MARIN    )

CHRISTINA WINDSOR VS. SAUSALITO SCHOOL DISTRICT, ET AL.

ACTION NO:  *CIV 012272*

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.) AND **FAX**
I AM A CITIZEN OF THE UNITED STATES AND AN EMPLOYEE OF THE COUNTY OF MARIN; I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF JUSTICE, SAN RAFAEL, CA 94903.  ON *September 6, 2005* I SERVED THE WITHIN **DECISION FILED 6/17/2005**  IN SAID ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA, ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *AMANDA METCALF*<br>*ATTORNEY AT LAW*<br>*29 MARIN BAY PARK COURT*<br>*SAN RAFAEL, CA 94901*<br>*415-454-9145 FAX* | *DENNIS WALSH*<br>*ATTORNEY AT LAW*<br>*16633 VENTURA BOULEVARD, STE. 1210*<br>*ENCINO, CALIFORNIA 91436*<br>*818-382-2071 FAX* |
| | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

*DATE:* SEP - 7 2005

C. SOTELO

# MARIN SUPERIOR COURT

DATE: 08/25/05    TIME: 9:00 A.M.    DEPT: C    CASE NO: CV012272

PRESIDING: HON. MICHAEL B. DUFFICY

REPORTER: CAROL MCCLENDON

CLERK: CASIE SOTELO

PLAINTIFF: CHRISTINA WINDSOR

vs.

DEFENDANT: SAUSALITO SCHOOL DISTRICT, ET AL

*D. WALSH 8183822071*
*A. METCALF 4549145*

NATURE OF PROCEEDINGS: 1) MOTION FOR SUMMARY JUDGMENT (DEFT) SAUSALITO SCHOOL DISTRICT

2) MOTION FOR RECONSIDERATION (PLTF) CHRISTINA WINDSOR

3) MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT AND COMPEL DISCOVERY (PLTF) CHRISTINA WINDSOR

### RULING

PLAINTIFF'S MOTION FOR RECONSIDERATION IS DENIED. PLAINTIFF DID NOT SUBMIT A DECLARATION IDENTIFYING ANY *"NEW OR DIFFERENT* FACTS, CIRCUMSTANCES, OR LAW," ON WHICH THIS MOTION IS BASED. (SEE CODE CIV. PROCEDURE, §1008, SUBD.(A), AND, E.G., WEIL & BROWN, CAL. PRACTICE GUIDE, CIV. PROCEDURE BEFORE TRIAL, §§9:328-9:331.)

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION IS DENIED. EVEN WITHOUT THE STARBIRD DECLARATION, DEFENDANT HAS NOT SHOWN AN ENTITLEMENT TO PREVAIL IN THIS CASE, AS A MATTER OF LAW.

THE COURT OF APPEAL OPINION ESTABLISHED THAT DEFENDANT HAD A LEGITIMATE REASON FOR TERMINATING PLAINTIFF'S CERTIFICATED EMPLOYMENT, IN A CASE ALLEGING VIOLATION OF PLAINTIFF'S *PROCEDURAL* RIGHTS. (SEE DEFENDANT'S REQUEST FOR JUDICIAL NOTICE, EXH.1, PP.3-6.) HOWEVER, THE PRESENT CASE ALLEGES VIOLATION OF A DIFFERENT PRIMARY RIGHT—THE RIGHT TO BE FREE OF RACIAL DISCRIMINATION, AND NOT TO PARTICIPATE IN RACIAL DISCRIMINATION. (SEE, E.G., *ACUNA* V. *REGENTS OF CAL.* (1997) 56 CAL.APP.4[TH] 639, 649.) DEFENDANT COULD BE LIABLE EVEN IF PLAINTIFF'S TERMINATION WAS MOTIVATED ONLY *IN PART* BY AN ILLEGAL REASON. (SEE, GENERALLY, C.E.B., WRONGFUL TERMINATION EMPLOYMENT PRACTICE, §5.46, P.315, AND *BALOG* V. *LRJV, INC.* (1988) 204 CAL.APP.3D 1295, 1304-1305.) THE COURT OF APPEAL OPINION DID NOT ADDRESS PLAINTIFF'S

DISCRIMINATION ALLEGATIONS, BECAUSE THEY WERE NOT MADE IN THE PRIOR ACTION.  THUS, THE OPINION IS NOT DISPOSITIVE AS TO PLAINTIFF'S ALLEGATIONS THAT SHE WAS DEMOTED FOR HER REFUSAL TO CONDONE DISCRIMINATORY PRACTICES——INCLUDING AN ORDER TO IMPOSE DISPROPORTIONATE PUNISHMENT ON TWO BLACK STUDENTS.  (SEE LYON DECL., EXH.J, FIRST AMENDED COMPLAINT, ¶¶14, 9(B).)

DEFENDANT OFFERED NO AFFIRMATIVE EVIDENCE TO NEGATE PLAINTIFF'S CLAIMS THAT SHE HAD OBJECTED TO THE DISPORTIONATE PUNISHMENT OF NON-WHITE STUDENTS, AS WELL AS THE RACIALLY INSENSITIVE REMARKS OF A BOARD MEMBER.  (SEE PLAINTIFF'S DECLARATION, ¶¶17, 18, 28-29, AND 31, AND DEFENDANT'S "FACTS" 17, 18, 28-29 AND 31.)   NOR DID IT FRAME ITS SEPARATE STATEMENT TO SHOW THAT "PLAINTIFF DOES NOT POSSESS, AND CANNOT REASONABLY OBTAIN NEEDED EVIDENCE."  (SEE WEIL AND BROWN, CAL. PRACTICE GUIDE, CIV. PROCEDURE BEFORE TRIAL, §10:244; SEE ALSO §§10:245- 10:245.40.)  PLAINTIFF'S REFUSAL TO PARTICIPATE IN RACIALLY DISCRIMINATORY ACTS WOULD IMPLICATE PUBLIC POLICIES AGAINST RACE DISCRIMINATION, WHICH ARE "AMONG THE STATE AND NATION'S *MOST FUNDAMENTAL AND SUBSTANTIAL* PUBLIC POLICIES...."  (SEE, E.G., *PHILLIPS* V. *ST. MARY REGIONAL MEDICAL CENTER* (2002) 96 CAL.APP.4[TH] 218, 238.)  DEFENDANT DID NOT MEET ITS BURDEN OF SHOWING THAT "PLAINTIFF'S ALLEGED PROTECTED ACTS DO NOT IMPLICATE FUNDAMENTAL PUBLIC POLICY."

DEFENDANT ALSO FAILED TO SHOW LACK OF CAUSATION AS A MATTER OF LAW. IN HER DEPOSITION TESTIMONY, PLAINTIFF STATED THAT *SHE WAS TOLD* HER TERMINATION RESULTED FROM HER FAILURE TO TAKE THE AUGUST 5, 2000 CBEST EXAM.  (LYON EXH.I, PP.120:9-130:2, AND DEFENDANT'S "FACT" 44.)   THAT IS NOT THE SAME AS ADMITTING HER FAILURE TO TAKE THE TEST WAS THE ACTUAL REASON FOR HER TERMINATION. (SEE LYON DECL., P.129:3-130.2.)  DEFENDANT'S ONLY OTHER EVIDENCE ON THIS FACT IS THE ROBERSON DECLARATION AND TWO EXHIBITS INDICATING WHAT PLAINTIFF WAS *TOLD* ABOUT THE DISTRICT'S REASONS.  ROBERSON WAS THUS THE SOLE WITNESS AS TO THE DISTRICT'S REASONING.  THE COURT EXERCISES ITS DISCRETION TO DENY SUMMARY JUDGMENT BASED ON THAT EVIDENCE, AND TO ALLOW PLAINTIFF TO CROSS-EXAMINE ROBERSON AT TRIAL. (CODE CIV. PROCEDURE, §437C, SUBD.(E).)  FURTHER, DEFENDANT FRAMED THIS PART OF THE SEPARATE STATEMENT TO OMIT ANY MENTION OF WHAT IT ADVISED PLAINTIFF ABOUT HER LACK OF CREDENTIALS AT THE TIME SHE WAS HIRED. PLAINTIFF'S EVIDENCE RAISED A TRIABLE ISSUE ON THAT POINT.  (COMPARE DEFENDANT'S "FACT" 3 WITH PLAINTIFF'S DECLARATION FILED 1/20/05, P.2:14-17.) IF DEFENDANT HIRED PLAINTIFF *KNOWING* SHE DID NOT HAVE THE PROPER CREDENTIALS AND THEN FAILED TO CAUTION HER ABOUT THE NEED TO OBTAIN CREDENTIALS, IT COULD BE REASONABLY INFERRED THAT DEFENDANT HAD SOME REASON TO TERMINATE PLAINTIFF OTHER THAN THE LACK OF CREDENTIALS.  (SEE ALSO DEFENDANT'S OWN "FACT" 17.)  DEFENDANT GAVE

PLAINTIFF WHAT MIGHT BE VIEWED AS AN ARBITRARY DEADLINE TO *TAKE* THE CBEST (RATHER THAN SIMPLY SETTING A DEADLINE FOR HER TO *PASS* THE CBEST). BY WAY OF ITS OWN "FACT" 10, DEFENDANT EFFECTIVELY CONCEDED THAT PLAINTIFF COULD HAVE LEGALLY HELD HER POSITION BEYOND THE DATE OF HER TERMINATION, AT LEAST UNTIL SHE PASSED THE CBEST IN OCTOBER 2000. A FACTUAL QUESTION REMAINS AS TO *WHY* DEFENDANT TERMINATED PLAINTIFF'S EMPLOYMENT, THE ESSENCE OF ITS "ISSUE" REGARDING CAUSATION. PLAINTIFF'S REQUEST THAT THE COURT STRIKE DEFENDANT'S NEW EVIDENCE, INCLUDING THE SUPPLEMENTAL DECLARATION OF ROBERSON AND DECLARATION OF SHIRLEY THORNTON, IS GRANTED. THIS EVIDENCE WAS NOT CITED IN DEFENDANT'S SEPARATE STATEMENT, AND ITS CONSIDERATION WOULD LEAVE PLAINTIFF WITH AN INADEQUATE OPPORTUNITY TO RESPOND.

PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL OR AMENDED COMPLAINT IS DENIED. THE PROPOSED "SUPPLEMENTAL" COMPLAINT IS NOT BASED ON *NEW* FACTS. (CODE CIV. PROCEDURE, §464.) PLAINTIFF DID NOT ACT DILIGENTLY IN MAKING THIS MOTION, AND DEFENDANT WOULD BE PREJUDICED BY HAVING TO BRING AN ENTIRELY NEW ROUND OF MOTIONS TO CHALLENGE THE PROPOSED PLEADING. THE FORM OF THE PROPOSED AMENDED COMPLAINT IS CLEARLY IMPROPER, IN THAT IT WOULD INCORPORATE THE ENTIRE DECLARATION OF CATHOMAS STARBIRD. SUCH EVIDENTIARY MATERIAL HAS NO PLACE IN THE PLEADINGS. (SEE, GENERALLY, 4 WITKIN, CIV. PROCEDURE (4TH ED.1997), §353, P.453.)

PLAINTIFF'S MOTION TO COMPEL DISCOVERY IS DENIED. IT APPEARS THAT PLAINTIFF UNDERTOOK THIS DISCOVERY BEYOND THE DISCOVERY CUT-OFF DATE. NONETHELESS, GIVEN THE LACK OF A PRESENT TRIAL DATE AND PLAINTIFF'S DEMONSTRATED NEED TO DEPOSE ROSE ROBERSON, THE COURT FINDS THAT EXTENSION OF THE DISCOVERY CUT-OFF IS APPROPRIATE. PLAINTIFF'S ALTERNATIVE MOTION TO REOPEN DISCOVERY IS GRANTED. (SEE CODE CIV. PROCEDURE, §§2024.020, 2024.050.) DISCOVERY MAY BE COMPLETED UP TO THE 30TH DAY BEFORE THE NEW TRIAL DATE TO BE SET BY THE COURT.

# EXHIBIT "D"

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***
ROSE MARIE ROBERSON,
DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***
CHRISTINA WINDSOR

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED

JAN 20 2006

Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: A. Garcia, Deputy

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.   There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.   Una carta o una llamada telefónica no lo protegen.   Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.   Es posible que haya un formulario que usted pueda usar para su respuesta.   Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.   Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.   Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
   Hay otros requisitos legales.   Es recomendable que llame a un abogado inmediatamente.   Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.   Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.   Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Marin County Superior Court, Marin County Civic Center, Marin
County Hall of Justice, San Rafael, CA. 94903

CASE NUMBER:
*(Número del Caso):*
CV 060248

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Amanda  Metcalf, Law Offices of Amanda Metcalf, 29 Marin Bay Park Court, San Rafael, CA. 94901
Tel: 415-454-0945; Fax: 415-454-9145

DATE:                    JAN 20 2006                                          A. Garcia
*(Fecha)*                                                 Clerk, by _____, Deputy
                                                                    *(Secretario)*                                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

SEAL

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. | www.USCourtForms.com

1  Amanda Metcalf  SB 57177
   Law Offices of Amanda Metcalf
2  29 Marin Bay Park Court
   San Rafael, CA. 94901
3  Tel: 415-454-0945
4  Fax: 415-454-9145

5  Attorneys for Plaintiff
   CHRISTINA WINDSOR
6

7
                    SUPERIOR COURT OF CALIFORNIA
8
                          COUNTY OF MARIN
9

10  CHRISTINA WINDSOR,                    CASE NO.  060248
11
                                          **COMPLAINT**
12          Plaintiff,                    **FOR DAMAGES**
13  v.

14  ROSE MARIE ROBERSON,
    DOES 1-20.
15
            Defendants.
16  _____/

17      Plaintiff alleges:

18      1.      Plaintiff, Christina Windsor (Plaintiff), is and at all relevant time mentioned

19  herein was, a resident of the State of California, County of Marin.

20      2.      Defendant Rose Marie Roberson (Roberson) was at all relevant times mentioned

21  herein was the Superintendent of the Marin City/Sausalito School District and a resident of

22  Marin County, California.

23      4.      Plaintiff is unaware of the true names and identities of defendant sued herein as

24  Does 1-20, and will amend this complaint to allege that information when said names and

25  identities are ascertained.

26  **PROCEDURAL BACKGROUND INFORMATION**

27
        5.      The Sausalito School District of which defendant Roberson was Superintendent·
28

LAW OFFICES OF        Windsor v. Roberson, Marin Sup. Ct
AMANDA METCALF        Complaint

1  during the period 1999-2005, is composed of two societal extremes.  The majority of its

2  constituents are poor, uneducated, black families who live in public housing in an area known as

3  Marin City.  The remaining families are primarily well educated, upper middle class whites who

4  live in posh homes in Sausalito.  Just a few years ago the District was the subject of a Marin

5  County Grand Jury report which focused on how poorly the District was run.  Sausalito has a

6

7  long history of racial strife and devastating academic underachievement by the bulk of its student

8  population (approximately 250 students each year).  Traditionally, the District's black students

9  have attended one school, while its white students attended the other of the District's two

10  schools.

11        6.     Plaintiff was regarded as one of the most successful school principals in Iowa as

12  she had achieved tremendous success in raising the achievement levels of disadvantaged

13  students.  Plaintiff was recruited by the Sausalito School District because it was felt that she

14  could improve the much maligned district.  Plaintiff had a major positive impact on the Sausalito

15

16  School District and was respected and admired by teachers, parents and students.  Soon,

17  however, the District became disenchanted with plaintiff because she refused to carry-out

18  racially discriminatory directives and refused to participate in other unethical and illegal conduct

19  which had become standard practice under Superintendent, Rose Roberson.

20

21        7.     After being fired from her position as principal of the two schools in the District

22  on August 10, 2000, Plaintiff filed a Petition for Writ of Mandate seeking restoration to her

23  former position.  Plaintiff's claim was based on the fact that the District had failed to advise her

24  of the fact that she could not be employed under her Iowa teacher's and administrator's

25  credentials, failed to seek the temporary credential customarily secured by school districts for

26  new out-of-state employees, and used the lack of credentials issue as a pretext for dismissing

27  plaintiff on account of her refusal to participate in or condone the District's racially

28

2

1    discriminatory policies and practices. The court of appeal sustained the trial court's ruling

2    denying the writ because California does not recognize reciprocity (as most states do), and

3    without California credentials, plaintiff could not compel the District to reinstate her.

4         8.    Plaintiff's original complaint filed in the Superior Court of Marin County alleged

5    causes of action against Superintendent Roberson for Conspiracy and other intentional torts.  In

6    response to demurrers filed by Roberson and the District, this court ruled that plaintiff had not

7    and could not allege sufficient facts of intentional misconduct to support her claims.  The court

8    allowed, however, that if, during the course of discovery, plaintiff learned sufficient facts to sate

9    a cause of action for intentional misconduct, she could file a motion to amend her complaint.

10        9.    After obtaining discovery from Cathomas Starbird, a member of the Sausalito

11   School District Board of Trustees in January and May, 2005, plaintiff filed a Motion in July,

12   2005 to amend her complaint to state additional claims against the District and to reinstate causes

13   of action as well as allege new causes of action against Rose Roberson.  In August, 2005 this

14   court denied plaintiff's motion to amend her complaint to assert claims against Roberson on the

15   ground that allowing such amendment would be "unfair to the District."

16

## FACTUAL BACKGROUND

17        10.   Christina Windsor, a black, female, single mother of two adopted sons (one of

18   whom is still in elementary school) was born, raised, educated and lived in Iowa until she was

19   recruited by the Sausalito School District to serve as principal.  Plaintiff graduated from the

20   University of Northern Iowa with a Bachelor's Degree in Education in 1981, and received her

21   Master's Degree in 1993.  She received both teaching and administrative credentials form the

22   State of Iowa and was employed as a principal by the school district in Waterloo from 1995 until

23   she accepted the position as principal of the defendant school district in 1999.

24        11.   Plaintiff initially refused to consider the District's offer of employment because of

3

her mother's poor health. When her mother died, however, plaintiff agreed to come to California for an interview. Plaintiff completed a written application in which she clearly stated that she did not have any California credentials. At no time prior to July, 2000 did Defendant Roberson raise any issue regarding the adequacy of plaintiff's Iowa credentials, which believed entitled her to reciprocity in California.

12.    Plaintiff was employed plaintiff as a principal for over a year (having extended her one year contract to three years), during that time defendant Roberson failed to communicate any concern regarding her credentials or lack thereof.

13.    Plaintiff is informed and believed and thereon alleges that or about April 24, 2000, Roberson and the District reviewed plaintiff's personnel file and discovered at that time that she not submitted a tuberculosis test. The District sent plaintiff a memorandum emphasizing the need to submit the missing test result.

14.    In July, 2000 as a result of a dispute between the District and certain teachers who had been laid-off in violation of Education Code procedures, the teacher's union conducted an audit of the District's files. At that point the Roberson and the District alleged that it was discovered that plaintiff's file did not contain California credentials. On July 13, 2000, defendant Roberson sent plaintiff a letter demanding that she produce "within 48 hours" copies of California credentials she knew plaintiff did not have. At no time prior to July 13, 2000 did defendant Roberson or anyone on her behalf advise plaintiff (nor did plaintiff know) that she was required to obtain California credentials.

15.    On July 17, 2000, plaintiff secured and presented to defendant Roberson an application for issuance of California credentials that would have allowed plaintiff to continue working for one year during which time she could study for and take the California credentials examination. Roberson accepted the application but, without explanation and in violation of her

4

1    employer's directives, refused to sign it. Instead, on July 27, 200o Roberson caused plaintiff to

2    be notified that she had been demoted from her position as principal and reassigned as a member

3    of the classified staff. At Roberson's direction the District demanded that plaintiff take the

4    credential examination (for which most applicants study for six months to a year) in less than a

5    week (on August 5, 2000).

6

7        16.    Plaintiff contacted the California Teacher Credentialing Committee which

8    advised her that the Superintendent should have and still could apply for a one year temporary

9    credential for her, which would allow plaintiff to continue working while she studied for the

10   exam. Plaintiff was told that she could take the exam at any time during the next twelve months,

11   and that she could legally be employed during that time. On August 5, plaintiff was ill, and

12   notwithstanding her illness, could not have been adequately prepared to take the exam. Plaintiff

13   notified the Roberson that she had registered to take the exam on October 7, 2000. On August

14   10, 2000 Roberson caused the District to notify plaintiff that she was terminated effective

15   immediately for "insubordination" for having failed to take the test on August 5.

16

17       17.    Plaintiff submitted the application to the credentialing committee which the

18   Superintendent had failed to sign and submit on plaintiff's behalf. On October 7, 2000, plaintiff

19   took and passed the examination and was issued California credentials. The Superintendent and

20   the District objected to the issuance of the credentials to plaintiff on the ground that plaintiff had

21   already been terminated, and forced the credentialing committee to revoke the credentials issues

22   to plaintiff. Thereafter, Roberson and the District thwarted plaintiff's attempts to gain

23   employment wit other districts and revoked the license of the Marin City Charter School (which

24   was comprised of virtually all black students) because the board of trustees of the charter school

25   had hired plaintiff as its principal.

26

27       18.    On or about May 26, 2005, the deposition of former Sausalito School District

28

5

1  Board Trustee, Cathomas Starbird was taken by counsel for the Marin City/Sausalito School

2  District. The information revealed by Cathomas Starbird in her deposition (and in a declaration,

3  executed in January, 2005) disclosed to plaintiff for the first time that defendant Roberson had

4  engaged in intentional misconduct regarding plaintiff's that was designed to cause injury to

5  plaintiff.  Specifically, information given by former Board member Starbird disclosed that

6  defendant Roberson had been directed by her employer to take all necessary steps to ensure that

7  plaintiff received temporary credentials that would allow her to remain employed in her position

8  as principal; had directed Roberson to communicate with plaintiff regarding her need to obtain

9  regular California credentials; and had directed Roberson to keep the Board informed of progress

10  made toward accomplishing these goals.

11  

12      19.    From the declaration and deposition testimony given by former Board member

13  Starbird in 2005, plaintiff also learned that defendant Roberson, failed to communicate with

14  plaintiff regarding her need to acquire California Credentials, failed to take steps to acquire

15  temporary credentials for plaintiff, failed to inform her employer that she had not carried out the

16  directives she had received regarding plaintiff's credentials and knowingly made false reports to

17  Board members that she was actively engaged in obtaining the required temporary credentials for

18  plaintiff, and that she had "everything under control."

19  

20      20.    In addition to failing to take action to safeguard plaintiff's employment, defendant

21  Roberson engaged in a course of conduct designed and intended to deprive plaintiff of her

22  employment and to retaliate against plaintiff for refusing to support Roberson in her

23  discriminatory, deceptive and illegal conduct.

24  

25      21.    On May 26, 2005, the deposition of Cathomas Starbird was taken in this action.

26  In her deposition, Mrs. Starbird reiterated particular allegations contained in her declaration and

27  testified to further facts which indicate that defendants, and each of them, engaged in deceit,

28  

6

1  culpable acts and omissions, and other actionable conduct against plaintiff during the period of

2  her employment with the Sausalito School District.  Plaintiff is informed and believes, and

3  thereon alleges, that the facts alleged in the declaration of Cathomas Starbird, dated January 25,

4  2005, and testified to by her in her deposition of May 26, 2005, are true.

5

6  ## VIOLATIONS OF LAW

7

8      22.     Defendants Roberson and the District failed to comply with Education Code

9  Section 45305 which prohibits termination of classified employees without compliance with the

10  provisions of the Education Code.  Defendants District, Roberson and third parties (including but

11  not limited to attorney Margaret Merchat) illegally conspired to deprive plaintiff of her

12  employment and her livelihood in violation of the Fourteenth Amendment to the United States

13  Constitution and California statutes.  Roberson caused the District to illegally condition

14  plaintiff's continued employment on her taking a test under unreasonable circumstances and

15  without any justification for the shortened time.  When plaintiff, for good cause, failed to comply

16  with the District's unreasonable, arbitrary and unjustified conditions, Roberson and the District

17  used her non-compliance as a pretext for discharging plaintiff, in fact, because of her refusal to

18  cooperate in the District's and Roberson's long term discrimination against black students and

19  their unethical and dishonest treatment of District employees whom plaintiff was required to

20  supervise.

21

22      23.     During the period of plaintiff's employment, the District, defendant Roberson and

23  District Trustee Huff engaged in misconduct related to the administration of the Sausalito/Marin

24  City Schools.   On or about April 16, 2000, Roberson gave false testimony, under oath regarding

25  school administration matters.  Plaintiff was present when Roberson testified and knew her

26  testimony to be false because of the following:

27

28

7

a)    In late September, 1999, at a gathering attended by plaintiff at the home of Bruce Huff in Sausalito (prior to Huff's appointment to the School Board), Roberson and Huff discussed forming a charter school in Sausalito as a means by which they could get rid of specific teachers who were "causing trouble in the District." Huff and Roberson named specific teachers whom they wanted to discharge, but feared the lengthy and difficult process required to accomplish their terminations. Huff explained to Roberson and plaintiff that he had researched the issue and learned that by starting a charter school in Sausalito, all the teachers could be laid-off and only the ones they wanted would be hired back, because procedures that applied to charter schools did not require following a seniority list. Roberson commented favorably upon this idea and expressed enthusiasm and approval for the plan.

b)    At subsequent meetings at Huff's home between August and November, 1999, Huff and Roberson discussed their plans for starting a Sausalito charter school and getting rid of particular teachers. Plaintiff objected by expressing her concerns and misgivings regarding the plan to deprive teachers of their jobs in the devious manner described by Huff and Roberson and by November, 1999 stopped attending the meetings at Huff's home where District business was discussed. Roberson instructed plaintiff not to mention the discussion regarding the charter school plan to anyone.

c)    In January, 2000, Bruce Huff was appointed to the School Board to fill one of the vacancies created by the resignation of previous Board members. In March 2000, the District announced the lay-off of all teachers and in April 2000, hearings into the wholesale lay-offs were called for by the teachers.

d)    At the hearing conducted on or about April 14, 2000, before Administrative Law Judge, Ruth S. Astle, Roberson was called as a witness and place under oath. In response to questions put to her by Joseph Calton, the attorney for the teachers, Roberson denied that she and

8

1  Huff had discussed the formation of a charter school in Sausalito as a means of getting rid of

2  particular teachers and denied that there was any connection between the lay-offs and plans for a

3  prospective charter school. After Roberson testified, she expressed relief to plaintiff that she

4  (Roberson) had been able to evade many of the attorney's questions regarding Huff and the

5  relationship between the lay-offs and the charter school.

6

7        e)      From time to time during plaintiff's employment Roberson knowingly gave false

8  and/or intentionally misleading information to teachers and other staff regarding their

9  employment and the administration of the District. Roberson routinely called upon plaintiff to

10  participate in her deceitful acts by soliciting plaintiff to confirm and/or support her (Roberson's)

11  false statements and deceitful acts, which plaintiff failed and refused to do.

12

13        24.      In late October 1999, Roberson ordered plaintiff to impose extraordinary and

14  excessive discipline on two black, male, second-grade students as a result of complaints from the

15  with mother of a female first grade student related to a school yard prank involving the three

16  children. Despite the fact that plaintiff had already imposed customary and appropriate

17  discipline (three day suspension), Roberson feared that the white parent (who had demanded that

18  the boys be expelled) would remove her child from school. On or about October 29, 1999, at

19  approximately 11:00 p.m., Roberson telephoned plaintiff at her home and ordered plaintiff to

20  "find those black boys and suspend them for five days." Roberson went on to state, "We can't

21  afford to lose this white family…they're equivalent to the Huffs." Plaintiff refused to impose the

22  additional discriminatory punishment ordered by Roberson.

23

24        25.      In or about October or November, 1999, plaintiff reported Roberson's unlawful

25  conduct (including but not limited to the plan to fire teachers, Roberson's perjury, her racially

26  discriminatory directive to plaintiff, concerns related to questionable financial dealings between

27  Huff and Roberson and other improper conduct and practices ongoing in the District, to Board

28

9

1    President, Shirley Thornton and thereby to her employer District.

2        26.    The discriminatory actions Roberson ordered plaintiff to engage in would have

3    violated the United States and California Constitutions, as well as specific federal and state

4    statues which prohibit discrimination in education.  Roberson's directives that plaintiff

5    participate in and/or remain silent about various deceptive practices engaged in by Roberson and

6    the District regarding personnel and employment would have required plaintiff to become

7    

8    involved in an unlawful scheme to deprive public employees of their employment rights.

9        27.    As a proximate result of plaintiff's refusal to support or condone Roberson's and

10   the District's illegal and improper policies and practices described herein above Roberson caused

11   plaintiff to be demoted on July 27, 2000 by reassigning her to a lower position as a member of

12   

13   the classified staff.

14       28.    As a further proximate result of plaintiff's refusal to support or condone

15   Roberson's and the District's illegal and improper policies and practices described herein above,

16   Roberson caused plaintiff to be reprimanded as being "confrontational and lacking appropriate

17   "communication skills."  These complaints and other negative statements were contained in a

18   letter from Roberson to plaintiff and resulted from Roberson's dissatisfaction with plaintiff

19   

20   because of her opposition to defendants' illegal activities and plaintiff's "whistle-blowing."

21       29.    On or about July 28, 2000, plaintiff was summoned to a meeting at the District's

22   office to discuss her "continued employment."  At that meeting, plaintiff restated to the trustees

23   who were present, Roberson and Roberson's counsel Margaret Merchat that she objected to and

24   would not participate in Roberson's unlawful and deceitful practices.  As a further proximate

25   result of plaintiff's refusal to support or condone Roberson's and the District's illegal and

26   

27   improper policies and practices described herein above, Roberson caused plaintiff's employment

28   to be terminated on August 10, 2000.

10

Windsor v. Roberson, Marin Sup. Ct.
Complaint

1

2

### FIRST CAUSE OF ACTION

3

(Violation of 42 USC Section 1983)

4

30.    Plaintiff re-alleges paragraphs 1-29.

5

6

31.    42 U.S.C. § 1983, provides as follows:

7

<u>Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State</u> or Territory or the District of Columbia, <u>subjects, or causes to be subjected, any citizen</u> of the United States or other person within the jurisdiction thereof <u>to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress,</u> except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

8

9

10

11

12    Under Section 1983, municipalities and local governments are persons subject to suit for

13    damages, along with individual employees of federal, state and local government who may be

14    sued in their individual capacities for damages, declaratory or injunctive relief.

15

16    32.    As a direct and proximate result of the actions of the District and defendant

17    Roberson and each of them as alleged herein above, which conduct violated 42 USC Section

18    1983, plaintiff suffered damages including but not limited to loss of employment, and physical,

19    mental and emotional damages in a sum to be proved at trial

20

### SECOND CAUSE OF ACTION

21

(Intentional Interference with Economic Relations)

22

33.    Plaintiff re-alleges paragraphs 1-32.

23

24    34.    At all relevant times mentioned herein, plaintiff had an economic relationship

25    (employment) with the Sausalito School District which contained the probability of future

26    economic benefit to plaintiff.  At all times mentioned herein, defendant Rose Marie Roberson

27    and Margaret Merchat had actual knowledge of the existence of the relationship between

28    plaintiff and the District and intentionally engaged in acts, described hereinabove, designed to

11

1  disrupt that relationship.

2      35.    On or about August 10, 2000 as a result of the acts of defendant Roberson,

3  plaintiff was discharged from her employment with the District, which termination disrupted the

4  economic relationship between plaintiff and the District.  As a result of the actions of defendant

5  Roberson plaintiff has suffered damages which were proximately caused by the acts of defendant

6  Roberson in an amount to be proved at trial.

7

8  **THIRD CAUSE OF ACTION**

9  (Conspiracy to Interfere with Economic Relations)

10      36.    Plaintiff re-alleges paragraphs 1-35.

11      37.    Defendant Roberson and attorney, Margaret Merchat and others whose identities

12  are not known to plaintiff at this time, formed an agreement to engage in acts that would result in

13  the destruction of the economic relationship between plaintiff and the District.  In Furtherance of

14  their agreement, conspiracy and common design, defendant Roberson falsely represented to

15  Board Member Starbird and other Board members, that she was taking measures to ensure that

16  plaintiff would receive credentials necessary for her continued employment; intentionally failed

17  and refused to take the steps required to secure plaintiff's credentials, falsely claimed that she did

18  not know about the credentialing issue until July, 2000 and advocated for plaintiff's termination

19  when plaintiff failed to comply with the arbitrary and punitive testing deadline Roberson had

20  prescribed.  In furtherance of their agreement and conspiracy defendant Roberson and Merchat

21  attempted to induce Board member Starbird to falsely represent that she had attended and

22  participated in an improperly convened Board meeting held to terminate plaintiff's employment;

23  and otherwise conferred and conspired with each other regarding their plan to deprive plaintiff of

24  her employment.

25      38.    As a direct and proximate result of the acts of defendant Roberson and her co-

26

27

28

12

conspirator Margaret Merchat alleged herein, plaintiff's economic relationship with the District was damaged and ultimately terminated, thereby causing damage to plaintiff in an amount to be proved at trial.

## FOURTH CAUSE OF ACTION

(Intentional Infliction of Emotional Distress)

39.    Plaiintiff re-alleges paragraphs 1-38.

40.    The actions engaged in by defendant Roberson described herein above exceeded the course and scope of her authority as Superintendent of the defendant District.  Defendant's acts were, therefore, not privileged or protected and she is personally and individually liable to plaintiff for the consequences of said acts which were intended to and did cause plaintiff to suffer serious, severe and extreme emotional distress or were engaged in with reckless disregard and complete indifference for plaintiff's rights.  As a direct and proximate result of the actions of defendant Roberson plaintiff suffered extreme emotional, physical and mental distress, all to her damage in an amount to be proved at trial.

## FIFTH CAUSE OF ACTION

(Negligent Infliction of Emotional Distress)

41    Plaintiff re-alleges paragraphs 1-40

42.    The actions engaged in by defendant Roberson described herein above exceeded the course and scope of her authority as Superintendent of the defendant District.  Defendant's acts were, therefore, not privileged or protected and she is personally and individually liable to plaintiff for the consequences of said acts. By engaging in the conduct alleged herein, defendant Roberson breached the duty of care she owed to plaintiff not to cause plaintiff injury.  As a direct and proximate result of the actions of defendants Roberson which constituted negligence, plaintiff suffered extreme emotional, physical and mental distress, all to her damage in an

13

1  amount to be proved at trial.

## SIXTH CAUSE OF ACTION

### (Deceit)

43     Plaintiff re-alleges paragraphs 1-42

44.     The acts of defendants Roberson described herein above constitute the tort of deceit. Said actions were illegally approved and ratified by and are, therefore, attributable to defendant Sausalito School District. As a direct and proximate result of the deceit engaged in by defendants Roberson and the District plaintiff was damaged in an amount to be proved at trial.

## PUNITIVE DAMAGES

45.     The conduct of defendant Roberson as alleged in the FIRST, SECOND, THIRD, FOURTH, FIFTH and SIXTH CAUSES OF ACTION, constitutes oppression in that her acts despicable conduct that subjected plaintiff to cruel and unjust hardships (including the loss of her only source of income, eviction from her home in California, the loss of her family home in Iowa and multiple other severe hardships visited upon plaintiff and her family) in conscious disregard for plaintiff's rights. The conduct of defendant Roberson also constituted malice in that said conduct was intended by defendant to cause injury to the plaintiff, and was despicable conduct which was engaged in by defendant with a willful and conscious disregard for the rights or safety of plaintiff and her family. Such conduct warrants the imposition of punitive or exemplary damages.

WHERFORE, plaintiff prays judgment against defendants and each of them as follows:

1.     For compensatory damages according to proof,

2.     For punitive damages in an amount appropriate to punish defendant and deter others from

14

1   engaging in similar conduct,

2   3.      For reasonable attorneys fees pursuant to statute,

3   4.      For costs of suit, and,

4   5.      For such other and further relief as the court deems appropriate.

5

6   Dated:  January 18, 2006                              LAW OFFICES OF AMANDA METCALF

7

8

9                                                         Amanda Metcalf

10                                                        Attorneys for Plaintiff, Christina Windsor

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15

# EXHIBIT "E"

1    LAW OFFICES OF DENNIS WALSH, APC
2    16633 Ventura Boulevard, Suite 1210
     Encino, CA 91436
3    Telephone: (818) 986-1776
     Facsimile: (818) 382-2064
4    Dennis J. Walsh, Esq. (State Bar No. 106646)
     Stephan Birgel, Esq. (State Bar No. 176668)

5    Attorneys for Defendant
     ROSE MARIE ROBERSON (former employee of a public entity
6    SAUSALITO SCHOOL DISTRICT)

(SPACE BELOW FOR FILING STAMP ONLY)
Exempt from Fees Per Govt. Code §6103

**FILED**

JUL 1 8 2006
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: E. Turner, Deputy

7

8               IN THE SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF MARIN

10

11    CHRISTINA WINDSOR,

12            Plaintiff,

13

14    vs.

15    ROSE MARIE ROBERSON; DOES 1-20,

16

17           Defendants.

Case Number: 060248
*[Complaint filed: January 20, 2006]*
*[Assigned for all purposes to Hon. Judge John A. Sutro, Dept H]*

~~[PROPOSED]~~ ORDER RE DEFENDANT ROSE MARIE ROBERSON'S DEMURRER TO PLAINTIFF'S COMPLAINT

DATE     :    June 16, 2006
TIME      :    9:00 a.m.
DEPT     :    H

18    **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

19      **IT IS HEREBY ORDERED THAT** defendant ROSE MARIE ROBERSON'S (hereinafter "Dr.
20    Roberson" and/or "defendant") Demurrer to the Complaint of plaintiff CHRISTINA WINDSOR
     (hereinafter "plaintiff") is sustained without leave to amend for the following reasons:

21      A.      The complaint is a "sham" pleading designed to evade a prior ruling of this Court.
22            (*Ricard v. Grobstein, Goldman, Stevenson, Siegal, Levine & Mangel* (1992) 6
23            Cal.App.4th 157, 162.) Alternatively, the Court construes Defendant's Demurrer as a
24            Motion to Strike the Complaint as not filed in conformity with an order of the Court.
             (*Cal. Civ. Proc. Code* § 436(b).) As this ground for demurrer/motion to strike is
25            dispositive, it is not necessary to address Defendant's other grounds from Demurrer and
26            Motion to Strike.

   **IT IS SO ORDERED.**

27    Dated: ___7/18___, 2006

                           JOHN A. SUTRO, JR.

28

                      JUDGE OF THE SUPERIOR COURT

                               1

*COPY*

*BY FAX*

PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action; my business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

On the date hereinbelow specified, I served the foregoing document, described as set forth below on the interested parties in this action by placing the original thereof enclosed in sealed envelopes, at Encino, California, addressed as follows:

DATE OF SERVICE          :    June 30, 2006

DOCUMENT SERVED          :    [PROPOSED] ORDER RE DEFENDANT ROSE MARIE ROBERSON'S DEMURRER TO PLAINTIFF'S COMPLAINT

COUNSEL SERVED           :    Amanda Metcalf, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, CA 94901
(Fax No. (415) 454-9145)
Email: Metcalflawfirm@aol.com

<u>XXX</u>    (BY REGULAR MAIL) I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

____    (BY FACSIMILE) I caused such document to be faxed to the offices of the addressee.

____    (BY ELECTRONIC MAIL) I caused such document to be emailed to the offices of the addressee.

__    (BY FEDERAL EXPRESS) I caused such envelope(s) to be delivered by air courier, with next day service.

__    (BY PERSONAL SERVICE) I delivered such envelope by hand to the addressee(s).

*    *    *

<u>XXX</u>    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

____    (FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

EXECUTED at Encino, California on June 30, 2006

Deanna Zryd

2

# EXHIBIT "F"

1 Amanda Metcalf SBN 57177
  Nyanza Shaw, SBN 191423
2 Law Offices of Amanda Metcalf
  29 Marin Bay Park Court
3 San Rafael, CA. 94901
  Tel: 415-454-0945
4 Fax: 415-454-9145

5

6 Attorneys for Plaintiff
  CHRISTINA WINDSOR

7

8                   SUPERIOR COURT OF CALIFORNIA

9                        COUNTY OF MARIN

10

11 CHRISTINA WINDSOR,                    CASE NO. CV012272

12                                       **DECLARATION IN SUPPORT**
                Plaintiff,               **OF MOTION TO FILE**
13 v.                                    **AMENDED COMPLAINT**
                                         (Rule 3.1324)
14 MARIN CITY/SAUSALITO SCHOOL
15 DISTRICT, MARIN COUNTY OFFICE
   OF EDUCATION, ROSE ROBERSON,
16 SHIRLEY THORNTON, BRUCE HUFF,
   STEVE FRASER, RONNIE JONES,
17 And DOES 7-20,

18           Defendants.
19 _____/

20      I, Amanda Metcalf, declare that I am an attorney duly licensed to practice before this

21 court and represent the plaintiff in this action. Plaintiff proposes to amend the First Amended

22 complaint on file herein by filing the attached proposed Second Amended Complaint which adds

23 new defendant parties and alleges new facts and causes of action.  Pursuant to Rule 3.1324, I

24 allege as follows:

25 **NEW PARTIES:**

26 Plaintiff's proposed Second Amended Complaint adds the following new party defendants and

27 claims for relief:

28

Windsor v. Sausalito CV 012272
Declaration in Support of Motion to Amend

LAW OFFICE OF
AMANDA METCALF

1  **A. Marin County Office of Education**

2  Eighth Cause of Action for Negligence
   Thirteenth Cause of Action for Breach of Contract

3

4  1) The effect of the amendment(s) is to substitute the defendant for a defendant previously sued

5  herein as Doe 1.

6  2) The amendment(s) is/are necessary in order to allow plaintiff to seek relief for this

7  defendant's breach of a contract as to which plaintiff was an intended third party beneficiary.

8  3) The relevant facts were learned in the deposition of Rose Roberson on June 4, 2006.

9
   4) The request for amendment was not made earlier because plaintiff was not aware of the
10
   existence of the contract.
11

12 **B. Rose Marie Roberson, Former Superintendent, Marin City/Sausalito School District**

13 Fourth Cause of Action for violation of 42 USC Sec. 1983
   Fifth Cause of Action for Intentional Interference with Economic Relations
14 Sixth Cause of Action for Conspiracy to Interfere with Economic Relations
   Seventh Cause of Action for Intentional Infliction of Emotional Distress
15 Ninth Cause of Action for Fraud and Deceit
   Tenth Cause of Action for Conspiracy to Defraud
16

17 1) The effect of the amendment(s) is to substitute the defendant for the defendant previously

18 sued herein as Doe 2 and to allege appropriate causes of action against this defendant.

19 2) The amendment(s) is/are necessary in order to allow plaintiff to assert claims for intentional

20 torts committed by this defendant which caused injury to plaintiff. The amendment(s) is/are

21 proper because the law favors liberal amendment of pleadings before trial in order that all related

22 claims may be heard and resolved in one action. All new facts alleged were known to defendant

23
   prior to the filing of this action and all news causes of action alleged arise from the same
24
   transaction identified in the original complaint filed herein.
25

26 3) The new facts alleged in support of the additional causes of action asserted against this

27 defendant were learned in discovery from the declarations and depositions of former District

28 Trustee, Cathomas Starbird; former District Superintendent Rose Roberson, and Terri

Windsor v. Sausalito CV 012272
Declaration in Support of Motion to Amend

LAW OFFICES
AMANDA METCALF

1   Fesperman, Credentials Specialist for the California Commission on Teacher Credentialing taken

2   or received during the period January 17, 2005- January 8, 2007.

3   4. Plaintiff's previous attempts to assert claims for relief against this defendant failed on account

4   of a) insufficient information to alleged adequate facts to support those claims b) separate action

5   dismissed because of another action pending, c) failure to attach Rule 3.1324 Declaration to prior

6   motion to Amend.

7

8   **C. Shirley Thornton, Trustee, Marin City/Sausalito School District**

9   Fourth Cause of Action for violation of 42 USC Sec. 1983
    Seventh Cause of Action for Intentional Infliction of Emotional Distress
10  Ninth Cause of Action for Fraud and Deceit
11  Tenth Cause of Action for Conspiracy to Defraud

12  1) The effect of the amendment(s) is to substitute the defendant for the defendant previously

13  sued herein as Doe 3, and to allege appropriate causes of action against this defendant.

14  2) The amendment(s) is/are necessary in order to allow plaintiff to assert claims for intentional

15  torts committed by this defendant which caused injury to plaintiff. The amendment(s) is/are

16  proper because the law favors liberal amendment of pleadings before trial in order that all related

17  claims may be heard and resolved in one action. All new facts alleged were known to defendant

18

19  prior to the filing of this action and all news causes of action alleged arise from the same

20  transaction identified in the original complaint filed herein.

21  3) The new facts alleged in support of the additional causes of action asserted against this

22  defendant were learned in discovery from the declarations and depositions of former District

23  Trustee, Cathomas Starbird, former District Superintendent Rose Roberson, and Terri

24  Fesperman, Credentials Specialist for the California Commission on Teacher Credentialing taken

25  or received during the period January 17, 2005- January 8, 2007.

26

27  4. Plaintiff's previous attempts to assert claims for relief against this defendant failed on

28  account of a) insufficient information to alleged adequate facts to support those claims and, b)

1  failure to attach Rule 3.1324 Declaration to prior motion to Amend.

2

3  **D. Bruce Huff, Former Trustee, Marin City/Sausalito School District**

4  Fourth Cause of Action for violation of 42 USC Sec. 1983
   Seventh Cause of Action for Intentional Infliction of Emotional Distress
   Ninth Cause of Action for Fraud and Deceit
5  Tenth Cause of Action for Conspiracy to Defraud

6  1)  The effect of the amendment(s) is to substitute the defendant for the defendant previously

7  sued herein as Doe 4, and to allege appropriate causes of action against this defendant.

8
   2)  The amendment(s) is/are necessary in order to allow plaintiff to assert claims for intentional
9

10  torts committed by this defendant which caused injury to plaintiff.  The amendment(s) is/are

11  proper because the law favors liberal amendment of pleadings before trial in order that all related

12  claims may be heard and resolved in one action. All new facts alleged were known to defendant

13  prior to the filing of this action and all news causes of action alleged arise from the same

14  transaction identified in the original complaint filed herein.

15
   3)  The new facts alleged in support of the intentional torts asserted against this defendant were
16

17  learned in discovery from the declarations and depositions of Cathomas Starbird and Rose

18  Roberson during the period January 2005-June 2006.

19  4.  Plaintiff's previous attempts to assert claims for relief against this defendant failed on account

20  of a) insufficient information to alleged adequate facts to support those claims and, b) failure to

21  attach Rule 3.1324 Declaration to prior motion to Amend.

22  **E. Steve Fraser, Former Trustee, Marin City/Sausalito School District**

23  Fourth Cause of Action for violation of 42 USC Sec. 1983
   Seventh Cause of Action for Intentional Infliction of Emotional Distress
24  Ninth Cause of Action for Fraud and Deceit
   Tenth Cause of Action for Conspiracy to Defraud
25

26  1)  The effect of the amendment(s) is to substitute the defendant for the defendant previously

27  sued herein as Doe 5, and to allege appropriate causes of action against this defendant.

28  2)  The amendment(s) is/are necessary in order to allow plaintiff to assert claims for intentional

4

Windsor v. Sausalito CV 012272
Declaration in Support of Motion to Amend

1    torts committed by this defendant which caused injury to plaintiff. The amendment(s) is/are

2    proper because the law favors liberal amendment of pleadings before trial in order that all related

3    claims may be heard and resolved in one action. All new facts alleged were known to defendant

4    prior to the filing of this action and all news causes of action alleged arise from the same

5    transaction identified in the original complaint filed herein.

6

7    3) The new facts alleged in support of the additional causes of action asserted against this

8    defendant were learned in discovery from the declarations and depositions of former District

9    Trustee, Cathomas Starbird, former District Superintendent Rose Roberson, and Terri

10   Fesperman, Credentials Specialist for the California Commission on Teacher Credentialing taken

11   or received during the period January 17, 2005- January 8, 2007.

12

13   4. Plaintiff's previous attempts to assert claims for relief against this defendant failed on account

14   of a) insufficient information to alleged adequate facts to support those claims and, b) failure to

15   attach Rule 3.1324 Declaration to prior motion to Amend.

16   **F. Ronnie Jones, Former Trustee, Marin City/Sausalito School District**

17   Fourth Cause of Action for violation of 42 USC Sec. 1983
     Seventh Cause of Action for Intentional Infliction of Emotional Distress
18   Ninth Cause of Action for Fraud and Deceit
     Tenth Cause of Action for Conspiracy to Defraud
19

20   1) The effect of the amendment(s) is to substitute the defendant for the defendant previously

21   sued herein as Doe 6, and to allege appropriate causes of action against this defendant.

22   2) The amendment(s) is/are necessary in order to allow plaintiff to assert claims for intentional

23   torts committed by this defendant which caused injury to plaintiff. The amendment(s) is/are

24   proper because the law favors liberal amendment of pleadings before trial in order that all related

25   claims may be heard and resolved in one action. All new facts alleged were known to defendant

26   prior to the filing of this action and all news causes of action alleged arise from the same

27   transaction identified in the original complaint filed herein.

28

LAW OFFICES OF
AMANDA METCALF

1  3) The new facts alleged in support of the additional causes of action asserted against this

2  defendant were learned in discovery from the declarations and depositions of former District

3  Trustee, Cathomas Starbird, former District Superintendent Rose Roberson, and Terri

4  Fesperman, Credentials Specialist for the California Commission on Teacher Credentialing taken

5  or received during the period January 17, 2005- January 8, 2007.

7  4. Plaintiff's previous attempts to assert claims for relief against this defendant failed on account

8  of a) insufficient information to alleged adequate facts to support those claims and, b) failure to

9  attach Rule 3.1324 Declaration to prior motion to Amend.

10  **EXISTING PARTY**

11       Plaintiff's proposed Second Amended Complaint alleges the following additional Causes

12  of Action against the existing defendant MarinCity/Sausalito School District:

13  Second Cause of Action for Breach of Public Policy based on Retaliation
    Third Cause of Action for violation of Labor Code Section 11.02.5
14  Fourth Cause of Action for Civil Rights violations...42 USC Sec. 1983
    Eighth Cause of Action for Negligence
15  Ninth Cause of Action for Fraud and Deceit
    Tenth Cause of Action for Conspiracy to Defraud
16  Eleventh Cause of Action for Unfair Competition
    Twelfth Cause of Action for Breach of Contract
17  Fourteenth Cause of Action for Negligent Hiring, Training and Supervision

18  1) The effect of the amendment is to state in one action all additional grounds on which plaintiff

19  is entitled to damages or other relief.

20  2) The amendment(s) is/are necessary in order to allow plaintiff to assert claims for negligence,

21  intentional torts, civil rights violations and violations of California statutes committed by this

22  
23  defendant which caused injury to plaintiff. The amendment(s) is/are proper because the law

24  favors liberal amendment of pleadings before trial in order that all related claims may be heard

25  and resolved in one action. All new facts alleged were known to defendant prior to the filing of

26  this action and all news causes of action alleged arise from the same transaction identified in the

27  original complaint filed herein.

28

6

LAW OFFICES
AMANDA METCALF

1   3) The new facts alleged in support of the additional causes of action asserted against this

2   defendant were learned in discovery from the declarations and depositions of former District

3   Trustee, Cathomas Starbird, former District Superintendent Rose Roberson, and Terri

4   Fesperman, Credentials Specialist for the California Commission on Teacher Credentialing taken

5   or received during the period January 17, 2005- January 8, 2007.

6   

7   4. Plaintiff's previous attempts to assert claims for relief against this defendant failed on account

8   of a) insufficient information to alleged adequate facts to support those claims and, b) failure to

9   attach Rule 3.1324 Declaration to prior motion to Amend.

10  

11  **DELETED MATTER:**

12          The proposed Second Amended Complaint deletes the recitation of the Declaration of

13  Cathomas Starbird which was set forth in the First Amended Complaint from page

14  **NEW FACTUAL ALLEGATIONS**

15          The background information alleged in the Frist Amended Complaint is re-alleged

16  without significant change in the Second Amended Complaint.  Factual information is alleged in

17  

18  paragraphs 1-37 of the complaint.  Those paragraphs which contain new factual allegations are

19  indicated below:

20  Paragraphs 1-6:

21          Paragraphs 1-6 identify the parties and their capacities.

22  Paragraph 8:

23          Paragraph 8 recites background information regarding the investigations of the Marin

24  

25  County Grand Jury.

26  Paragraph 11:

27          Paragraph 11 alleges new facts regarding the qualifications and training of Rose

28  Roberson learned in Roberson's deposition.

7

Windsor v. Sausalito CV 012272
Declaration in Support of Motion to Amend

1    Paragraph 12:

2        Paragraph 12 alleges new facts regarding the history of plaintiff's relationship with

3    Roberson, that were learned in Roberson's deposition.

4    Paragraph 13:

5        Paragraph 13 alleges new facts regarding the credentialing process learned in the

6

7    deposition of Terri Fesperman.

8    Paragraph 14:

9        Paragraph 14 alleges new facts regarding defendant's knowledge about actions regarding

10    the credentialing process and plaintiff's employment that were learned in the depositions of

11    Roberson and Fesperman.

12

13

14    Paragraphs 17-20:

15        Paragraphs 17-20 allege new facts regarding the District's directives to Roberson

16

17    regarding securing credentials for plaintiff, and actions taken by the District and other defendants

18    regarding the cover-up and conspiracy engaged in by defendants, learned in the deposition of

19    Cathomas Starbird.

20    Paragraphs 26-30:

21        Paragraphs 26-30 allege new facts regarding plaintiff's discovery of relevant information

22    during discovery.

23    Paragraph 38:

24

25        Paragraph 38 recites the violations of law which resulted from the misconduct alleged on

26    the part of defendants in light of the new matter alleged in the Second Amended Complaint.

27    Paragraphs 39-81:

28        Paragraphs 39-81 state the causes of action alleged in the Second Amended Complaint.

8

1    The Second thru Fourteenth Causes of Action and the Claim for Punitive Damages are not

2    included in the First Amended Complaint.

3         I declare under penalty of perjury, under the laws of the State of California, that the

4    foregoing is true and correct.

5    Dated:  January 25, 2007

6                                    _____
                                     Amanda Metcalf

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Windsor v. Sausalito CV 012272

EXHIBIT "G"

FILED

APR - 2 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: V. Johanson, Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MARIN

|  |  |
|---|---|
| CHRISTINA WINDSOR, | ) Case No. **CV012272** |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| SAUSALITO SCHOOL DISTRICT, ET AL, | ) |
| Defendants. | ) |

At the hearing on March 13, 2007, with appearances by Amanda Metcalf for plaintiff and Thomas Dorogi for defendants, the court heard argument and took the matter under submission. Now, after reviewing the pleadings and argument, the court adopts its tentative ruling with the following addition.

The court continued the hearing on plaintiff's motion for leave to file an amended complaint in order to permit defendants to respond to alleged "new" evidence disclosed in plaintiff's reply brief to defendants' prior opposition brief. Now, after reviewing the moving papers and opposition thereto, the court denies plaintiff's motion for leave to file amended complaint. This is in the nature of a motion for reconsideration, and plaintiff has not shown new or different facts that would justify a

change in the court's prior rulings. Although new detail has been provided, it is all substantially similar to that which has been provided and contended many times before. The court is unwilling to allow an amendment some 4-plus years after the parties' dismissal from the case and 1 ½ years after a similar proposed amendment was denied.

Although defendants make a plausible argument, the request for sanctions is denied. This request cannot be considered, as defendants failed to meet procedural requirements of Code of Civil Procedure, Section 128.7. Further, the record suggests that Judge Dufficy may have previously contemplated such a motion.


Dated: March 30 , 2007

JAMES R. RITCHIE
Judge of the Superior Court

STATE OF CALIFORNIA  )
COUNTY OF MARIN      )

IN RE: **CHRISTINA WINDSOR v. SAUSALITO SCHOOL DISTRICT, ET AL**

ACTION NO.: **CV012272**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF JUSTICE, SAN RAFAEL, CA 94903.

ON **April 2, 2007** I SERVED THE WITHIN

**- ORDER**

IN SAID ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *AMANDA METCALF, ESQ.*<br>*29 MARIN BAY PARK COURT*<br>*SAN RAFAEL, CA 94901* | *DENNIS J. WALSH, ESQ.*<br>*16633 VENTURA BLVD.*<br>*SUITE 1210*<br>*ENCINO, CA 91436* |
| *MARK D. PETERS, ESQ.*<br>*645 FOURTH STREET*<br>*SUITE 213*<br>*SANTA ROSA, CA 95404* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:    4/2/07

M. MURPHY

# EXHIBIT H

1  Amanda Metcalf  SBN 57177
2  Nyanza Shaw, SBN 191423
   Law Offices of Amanda Metcalf
3  29 Marin Bay Park Court
   San Rafael, CA. 94901
4  Tel: 415-454-0945
   Fax: 415-454-9145
5
6  Attorneys for Plaintiff
   CHRISTINA WINDSOR
7
8              SUPERIOR COURT OF CALIFORNIA
9                    COUNTY OF MARIN
10
11 CHRISTINA WINDSOR,                    CASE NO. QV071483
12           Plaintiff,          COMPLAINT FOR DAMAGES
13    v.
14 MARIN COUNTY OFFICE OF
   EDUCATION, DOES 1-10,
15
16           Defendants.
                                    /
17
18 Plaintiff, Christina Windsor, alleges as follows:
19                        **PARTIES**
20     1.    Plaintiff, Christina Windsor (Plaintiff), is and at all relevant times mentioned
21 herein was, a resident of the State of California, County of Marin, and during the period 1999-
   2000 was employed as the Principal the Marin City/Sausalito Schools.
22
23     2.    Defendant Marin County Office of Education (MCOE) is a local education
24 agency operating and located in Marin County California.  On October 26, 2006, MCOE rejected
25 plaintiff's Tort Claim and advised plaintiff of her right to file a civil action based on her claim.
26
27     3.    Plaintiff is unaware of the true names and identities of defendants sued herein as
28 Does 1-10, and will amend this complaint to allege that information when said names and

LAW OFFICES OF
AMANDA METCALF

Windsor v. Marin County Office of Education,
COMPLAINT

FILED
APR - 3 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: C. Lucchesi, Deputy

1 │ identities are ascertained.

2 │     4.    At all times mentioned herein, each defendant was the agent in fact of each and

3 │ every other defendant and engaged in particular conduct complained of herein on behalf of

4 │ herself/himself/itself and on behalf of each and every other defendant and third party, MARIN

5 │ CITY / SAUSALITO SCHOOL DISTRICT (hereinafter "District"). Plaintiff is further informed

6 │

7 │ and believes and thereon alleges that each of the defendants named herein consented to, ratified

8 │ and authorized the acts of the remaining defendants alleged herein, including the acts of the third

9 │ District.

10 │ ## ALLEGATIONS OF FACT

11 │     5.    As part of its mission to better serve its large population of underachieving

12 │

13 │ students enrolled in the Marin City / Sausalito schools, in 1999 the governing board of the

14 │ District commenced a nationwide search for a new principal who was qualified to tackle the

15 │ District's unique problems. As a part of that search, the District's governing board recruited

16 │ Plaintiff from Iowa.

17 │     6.    Plaintiff was regarded as one of the most successful school principals in Iowa and

18 │

19 │ had been acknowledged as responsible for significantly raising the achievement levels of

20 │ disadvantaged students. For these reasons plaintiff was enthusiastically recruited by members of

21 │ the Sausalito School District Board of Trustees.  Plaintiff was hired by the District on July 6,

22 │ 1999 to serve as principal of its two schools. Plaintiff quickly won the cooperation, respect and

23 │ support of the vast majority of teachers, parents and students in the District and began to design

24 │ and implement changes that had a major, positive impact on the quality of education in the

25 │ District.

26 │     7.    The California Education Code authorizes the California Commission on Teacher

27 │ Credentialing, upon receipt of an "Employment Statement For The One-Year Nonrenewable

28 │

2

1 Credential" (Form CL-672, Exhibit B) signed by the Superintendent of a school district, to issue

2 a temporary California credential(s) that allows the district to employ an out-of-state

3 teachers/administrator while the employee prepares for, takes and passes the California

4 credential exam (California Basic Skills Test...CBST). Only the employing school district, not

5 the employee, may apply for this credential which is valid for one year.

6

7     15. Plaintiff performed her job as principal of the Marin City/Sausalito Schools

8 exceedingly well, operating under the assumption that she was covered by rules of reciprocity by

9 which most states allow teachers/administrators already credentialed in one state, to be employed

10 in another state. Four months into her one-year employment contract the District's Board of

11 Trustees extended plaintiff's contract for an additional two years

12

13     17. In July, 2000 the District claimed that it discovered for the first time that plaintiff

14 had been issued no California credentials, whereupon District claims it directed plaintiff to visit

15 the MCOE to "take care of" the credential matter. Mary Otto, the credentials specialist for

16 defendant MCOE expressed surprise that plaintiff had not been issued a temporary credential and

17 gave plaintiff a Form CL-672 (Exhibit B) with instructions to have Superintendent Roberson

18 sign and submit the form, and advised plaintiff that once she had done so, the problem would be

19 resolved. The "problem" was not resolved and plaintiff was dismissed from her position as

20 principal and later discharged from her employment.

21

22             **FIRST CAUSE OF ACTION**

23           (Breach of Contract...against MCOE)

24     18. Plaintiff re-alleges each preceding paragraph of the complaint.

25     19. On or about June 4, 2006, plaintiff was advised by former District Superintendent,

26 through testimony given under oath, that at the time of plaintiff's employment with the District,

27 there existed a contract between District and MCOE, whereby MCOE assumed responsibility for

28

1    securing temporary credentials for new, out-of-state employees such as plaintiff. Plaintiff is

2    informed and believes, and thereon alleges, that MCOE was informed by the District of

3    plaintiff's hire and the necessity of securing temporary credentials for plaintiff. MCOE and the

4    District each owed a duty to plaintiff to secure temporary credentials for plaintiff but failed to do

5    so at any time during the course of plaintiff's employment. MCOE failed to perform its

6    obligation to plaintiff under it contract with the District and the District failed to require MCOE

7    to perform the contractual duty it owed to plaintiff as a person for whose benefit the above-

8    referenced contract was created. As a direct and proximate result of MCOE's failure to perform

9    its contractual duty to secure temporary credentials for plaintiff, plaintiff lost her position as

10   principal and her employment and suffered financial losses as well as other reasonably

11   foreseeable injuries, all to her damage in an amount to be proved at trial.

12

13

14                            **SECOND CAUSE OF ACTION**

15                          (Negligence ...against  MCOE)

16       20.    Plaintiff re-alleges each preceding paragraph of the complaint.

17       21.    Having assumed the responsibility for ensuring that employees who required a

18   credential in order to be lawfully employed by the District, upon plaintiff's hire by the District,

19   MCOE owed a duty to plaintiff to ensure that all reasonable and necessary action was taken to

20   secure temporary credentials required by her employment.. MCOE breached its duty to plaintiff

21   by failing to secure temporary credentials required for plaintiff to be lawfully employed and paid

22   as Principal by the District.  As a direct and proximate result of MCOE's breach of the duty it

23   owed to plaintiff, plaintiff was injured and suffered damages in an amount to be proved at trial.

24

25   WHERFORE, plaintiff prays judgment against defendants and each of them as follows:

26       1.    For general and special damages according to proof,

27

28

                                    4

2.    For costs of suit, and,

3.    For such other and further relief as the court deems appropriate.

Dated: April 2, 2007

LAW OFFICES OF AMANDA METCALF

Amanda Metcalf
Attorneys for Plaintiff, Christina Windsor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

04/04/2007 10:27 FAX 5189960       TRIBBENS ASSOCIATES      009/019
Case 3:07-cv-02897-JSW    Document 48-6    Filed 02/22/2008    Page 73 of 88
APR-03-2007   16:21     MODE BUS OFFICE           4154916620     P.08

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7; or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

      Hearing on Failure to File Proof of Service _____ 9:00 A.M.

      Hearing on Failure to Answer _____ 9:00 A.M.

   b. Appear for a Case Management Conference on _____ 9:00 A.M.

2. Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. Counsel must discuss ADR options with their clients prior to attending the CMC and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. (A $150.00 sanction will be charged for late filing of a statement.)

   Case Management Statement must be filed by _____

5. All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

# EXHIBIT "I"

09/19/2007 08:06 FAX 818382.71    LAW OFFICE DENNIS WALSH    ☑002/004



FILED

SEP 2 5 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Naue, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF MARIN

BY FAX

| | |
|---|---|
| CHRISTINA WINDSOR, | Case Number: CV 071483 |
| Plaintiff, | [PROPOSED] ORDER FOLLOWING TENTATIVE RULING RE: DEFENDANT MARIN COUNTY OFFICE OF EDUCATION'S DEMURRER TO PLAINTIFF'S AMENDMENT TO COMPLAINT FOR DAMAGES |
| vs. | |
| MARIN COUNTY OFFICE OF EDUCATION; DOES 1-10, | |
| Defendants. | DATE:         August 29, 2007 |
| | TIME:         9:00 a.m. |
| | DEPARTMENT:   B |

Complaint filed: April 3, 2007

TO PLAINTIFF, CHRISTINA WINDSOR AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 29, 2007, Department B of Marin County issued the following tentative ruling regarding defendant MARIN COUNTY OFFICE OF EDUCATION's (hereinafter "MCOE" and/or "defendant") demurrer to plaintiff's amendment to complaint.

1.    Defendant's Request for Judicial Notice is denied as being untimely.

2.    **Demurrer to the First Cause of Action for Breach of Contract** is sustained, with twenty (20) days leave to amend.

3.    **Demurrer to the Second Cause of Action for General Negligence** is sustained, with twenty (20) days leave to amend.

10221348.tif - 9/19/2007 9:07:24 AM

4.   If Plaintiff elects to amend her complaint, it is to be in the form of an amended pleading and not an "amendment".

## SUMMARY

Defendant submitted its [Proposed] Order to plaintiff's counsel on September 13, 2007. On this same date at 1:54 p.m., plaintiff's attorney responded to the [Proposed] Order and advised she would submit a [Proposed] Order of her own "that more clearly conforms to the Tentative Ruling."

To date, defendant has not received said [Proposed] Order from plaintiff's attorney and, in accordance with California Rules of Court, rule 3.1310 is submitting its [Proposed] Order as the five (5) days have passed since it first submitted its [Proposed] Order to plaintiff's counsel.

**IT IS SO ORDERED.**

DATED: September 25, 2007

_Bennett_
JUDGE OF THE SUPERIOR COURT

Richard Bennett,
Assigned for
the hearing judge Husing

**ORDER FOLLOWING TENTATIVE RULING RE: DEFENDANT MARIN COUNTY OFFICE OF EDUCATION'S DEMURRER TO PLAINTIFF'S AMENDMENT TO COMPLAINT FOR DAMAGES**

10221348.tif - 9/19/2007 9:07:24 AM

**AMENDED PROOF OF SERVICE**

STATE OF CALIFORNIA          )
                             )§
COUNTY OF LOS ANGELES        )

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age, and am not a party to the within action. My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California.

On **October 2, 2007**, I served the document described as **ORDER FOLLOWING TENTATIVE RULING RE: DEFENDANT MARIN COUNTY OFFICE OF EDUCATION'S DEMURRER TO PLAINTIFF'S AMENDMENT TO COMPLAINT FOR DAMAGES** on the interested parties in this action, as follows:

Amanda Metcalf, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, California 94901
Telephone Number: (415) 454-0945
Facsimile Number:  (415) 454-9145

<u>**xxx**</u>    (BY UNITED STATES POSTAL SERVICE). I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the United States Postal Service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

<u>**xxx**</u>    (BY ELECTRONIC TRANSMISSION). I served a true and correct copy of the document upon the interested party via electronic transmission.

<u>**xxx**</u>    (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

(FEDERAL) I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on October 2, 2007, at Encino, California.

Cheryl C. Crowley

---

PROOF OF SERVICE RE: ORDER FOLLOWING TENTATIVE RULING RE: DEFENDANT MARIN COUNTY OFFICE OF EDUCATION'S DEMURRER TO PLAINTIFF'S AMENDMENT TO COMPLAINT FOR DAMAGES

# EXHIBIT J

1  Amanda Metcalf  SBN 57177
2  Nyanza Shaw, SBN 191423
   Law Offices of Amanda Metcalf
3  29 Marin Bay Park Court
   San Rafael, CA. 94901
4  Tel: 415-454-0945
   Fax: 415-454-9145
5
6  Attorneys for Plaintiff
   CHRISTINA WINDSOR
7

**FILED**

OCT 1 2 2007

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Dale, Deputy

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF MARIN

10

11  CHRISTINA WINDSOR,                CASE NO. CV 071483

12          Plaintiff,               **FIRST AMENDED COMPLAINT**
                                     **FOR DAMAGES**
13  v.

14  MARIN COUNTY OFFICE OF
15  EDUCATION, MARY OTTO,
    DOES 1-10
16          Defendants.
17  _____/

18  Plaintiff, Christina Windsor, alleges as follows:

19                    **PARTIES**

20

21      1.    Plaintiff, Christina Windsor (Plaintiff), is and at all relevant times mentioned

22  herein was, a resident of the State of California, County of Marin, and during the period 1999-

23  2000 was employed as the Principal the Marin City/Sausalito Schools.

24      2.    Defendant Marin County Office of Education (MCOE) is a local education

25  agency operating and located in Marin County California.

26      3.    Defendant Mary Otto is an individual employed as a Credentials Specialist with

27  defendant MCOE.

28

LAW OFFICES OF
AMANDA METCALF

Windsor v. Marin County Office of Education,
First Amended Complaint

1      4.    Plaintiff is unaware of the true names and identities of defendants sued herein as

2  Does 1-10, and will amend this complaint to allege that information when said names and

3  identities are ascertained.

4                    **STATUTORY COMPLIANCE**

5      5.    Having made multiple futile attempts (starting at or about the time of the

6

7  termination of her employment with the Sausalito School District) to take the deposition of the

8  District's Superintendent, Rose Roberson, in the related case pending before this court (*Windsor*

9  *v. Sausalito School District*, CV 012272), plaintiff was finally able to commence Roberson's

10  deposition on or about March 24, 2006.  On or about June 2, 2006, in taking continued deposition

11  testimony from Dr. Roberson, plaintiff learned of the existence of a contract between the school

12  district and MCOE for the processing of credential applications and matters related thereto.  After

13  filing a tort claim with the County of Marin, plaintiff learned that MCOE is not an agency of the

14  County of Marin and thereafter, on or about October 12, 2006, plaintiff filed a tort claim with

15  MCOE, which was rejected by letter dated October 26, 2006.  (Exhibit "A") Plaintiff's claim was

16  filed in a timely manner following her discovery of the contract and MCOE's obligation to secure

17

18  credentials for her (which could not reasonably have been discovered earlier due to the fact that

19  plaintiff was only allowed to commence discovery against the Sausalito School District in the

20  spring of 2006.  Following her discovery of the existence of the contract/agreement between the

21  District and MCOE, plaintiff thereafter became aware of the separate non-contractual duty owed

22  to her by MCOE as hereinafter alleged.

23

24      6.    At all times mentioned herein, each defendant was the agent in fact of each and

25  every other defendant and engaged in particular conduct complained of herein on behalf of

26  herself/himself/itself and on behalf of each and every other defendant and third party, MARIN

27  CITY / SAUSALITO SCHOOL DISTRICT (hereinafter "District").  Plaintiff is further informed

28  and believes and thereon alleges that each of the defendants named herein consented to, ratified

1  and authorized the acts of the remaining defendants alleged herein, including the acts of the

2  third-party, District.

3  ## ALLEGATIONS OF FACT

4

5      7.     As part of its mission to better serve its large population of underachieving

6  students enrolled in the Marin City / Sausalito schools, in 1999 the governing board of the

7  District commenced a nationwide search for a new principal who was qualified to tackle the

8  District's unique problems. As a part of that search, the District's governing board recruited

9  Plaintiff from Iowa.

10      8.     Plaintiff was regarded as one of the most successful school principals in Iowa and

11  was acknowledged as responsible for significantly raising the achievement levels of

12  economically disadvantaged students. For these reasons plaintiff was enthusiastically recruited

13  by members of the Sausalito School District Board of Trustees.  Plaintiff was hired by the

14

15  District on July 6, 1999 to serve as principal of its two schools. Plaintiff quickly won the

16  cooperation, respect and support of the vast majority of teachers, parents and students in the

17  District and began to design and implement changes that had a major, positive impact on the

18  quality of education in the District.

19      9.     The California Education Code authorizes the California Commission on Teacher

20  Credentialing, upon receipt of an "Employment Statement ForThe One-Year Nonrenewable

21  Credential" (Form CL-672) signed by the Superintendent of a school district, to issue temporary

22  California credential that allow the district to employ out-of-state teachers/administrators while

23  the employee prepares for, takes and passes the California credentials exam (California Basic

24  Skills Test...CBST).  Only the employing school district, not the employee, may apply for this

25  temporary credential which is valid for one year from the date of issuance.

26      10.    Plaintiff performed her job as principal of the Marin City/Sausalito Schools

27

28

3

1   exceedingly well, operating under the assumption that she was covered by rules of reciprocity by

2   which most states allow teachers/administrators already credentialed in one state, to be employed

3   in another state. Four months into her one-year employment contract the District's Board of

4   Trustees extended plaintiff's contract for an additional two years

5

6       11.     In July, 2000 the District claimed that it discovered for the first time that plaintiff

7   had been issued no California credentials, whereupon the District claims it directed plaintiff to

8   visit the MCOE to "take care of" the credential matter. Mary Otto, the credentials specialist for

9   defendant MCOE expressed surprise that plaintiff had not been issued a temporary credential and

10  gave plaintiff a Form CL-672 with instructions to have Superintendent Roberson sign and submit

11  the form; and advised plaintiff that once she had done so, the problem would be resolved. The

12  "problem" was not resolved and plaintiff was dismissed from her position as principal and later

13  discharged from her employment.

14

15                                  **FIRST CAUSE OF ACTION**

16                             (Breach of Contract...against MCOE)

17      12.     Plaintiff re-alleges each preceding paragraph of the complaint.

18      13.     Plaintiff is informed and believes and thereon alleges that at the time of her hire

19  by the  Sausalito School District in July, 1999 there existed an agreement/contract between the

20  District and the MCOE pursuant to which the District delegated to MCOE and MCOE assumed

21  responsibility for 1) securing temporary credentials for employees such as plaintiff who had

22  moved to California from another state and 2) advising, counseling and assisting such new

23  District employees regarding all matters related to the credentialing process. Plaintiff is

24  informed and believes and thereon alleges that said contract/agreement originated as an oral

25  agreement,  that the oral agreement was thereafter memorialized in writing, and that defendant

26  has in its possession written memoranda which relate to and confirm the details of said

27

28

LAW OFFICES OF
AMANDA METCALF
Windsor v. Marin County Office of Education,
First Amended Complaint

1   agreement.

2       14.     Pursuant to said contract/agreement MCOE assigned Mary Otto, its Credential

3   Specialist the responsibility of performing the obligations assumed by MCOE pursuant to its

4   contract/agreement with the District.  Plaintiff is further informed and believes, and thereon

5   alleges, that MCOE was informed by the District of plaintiff's hire and of the necessity of

6   securing temporary credentials for plaintiff.  The District directed plaintiff to see Mary Otto

7   regarding her credential status and requirements.

8

9       15.     As a new District hire, plaintiff was a third-party beneficiary of the

10  agreement/contract between the District and MCOE and was entitled to receive the benefit of

11  having MCOE obtain temporary California credentials for her.  Shortly after she was hired by the

12  District, the District directed plaintiff to go to the MCOE and speak with Mary Otto regarding

13  her credentials.  As she had been directed, plaintiff went to MCOE and spoke with Otto;

14  however, neither Ms. Otto nor anyone else at MCOE processed the paperwork required for

15  issuance of temporary credentials to plaintiff or otherwise performed the obligations MCOE

16  assumed under its contract with the District, to secure credentials for plaintiff.

17

18      16.     Plaintiff met all requirements for issuance of the temporary credentials required

19  for her employment with the District.  Through and by its contract with the District, MCOE owed

20  a duty to plaintiff to secure the temporary credentials plaintiff needed.  MCOE and the District

21  each owed a duty to plaintiff to secure temporary credentials for her but each failed to do so at

22  any time during the course of plaintiff's employment. MCOE failed to perform its obligation to

23  plaintiff under its contract with the District and the District failed to require MCOE to perform

24  the contractual duty it owed to plaintiff as a person for whose benefit the above-referenced

25  contract was created. As a direct and proximate result of MCOE's failure to perform its

26  contractual duty to secure temporary credentials for plaintiff, plaintiff lost her position as

27

28

LAW OFFICES OF
AMANDA METCALF

Windsor v. Marin County Office of Education,
First Amended Complaint

1  principal and her employment and suffered financial losses as well as other reasonably

2  foreseeable injuries, all to her damage in an amount to be proved at trial.

### SECOND CAUSE OF ACTION

(Negligence ...against  MCOE)

17.    Plaintiff re-alleges each preceding paragraph of this complaint.

18.    In addition to the duty owed to plaintiff by the District to secure temporary

credentials for her, the MCOE owed a duty to plaintiff, separate from and independent of its

contractual relationship with the District.  The MCOE website states:

> The Marin County Office of Education Personnel Department employs a credentials analyst who
> is responsible for registration, application and renewal of the credentials for all public school
> teachers in Marin County. Maintenance and distribution of the Marin County substitute list is also
> provided by this office, as is monitoring of teacher credentials to assure they match teacher
> assignments.

19.    Having assumed the responsibility for ensuring that employees who required a

credential in order to be lawfully employed by public schools, upon plaintiff's hire by the

District, MCOE owed a duty to plaintiff to ensure that all reasonable and necessary action was

taken to secure temporary credentials required for her employment. MCOE breached its duty to

plaintiff by failing to secure temporary credentials required for plaintiff to be lawfully employed

and paid as the Principal of a public school in Marin County.  As a direct and proximate result of

MCOE's breach of the duty it owed to plaintiff, plaintiff was injured and suffered damages in an

amount to be proved at trial.

### THIRD CAUSE OF ACTION

(Intentional Misrepresentation...against Mary Otto)

20.    Plaintiff re-alleges each preceding paragraph of this complaint.

6

21.    At all relevant times herein defendant Mary Otto was aware of the contract between the District and her employer MCOE and was otherwise aware of her obligation as MCOE's Credential Specialist, to secure temporary California credentials for plaintiff. Prior to the District's termination of plaintiff's employment Otto represented to the District that she had provided plaintiff with information regarding the process for securing the credentials she required and had done all things necessary to cause plaintiff to receive the credentials. Specifically Otto represented that she had provided written materials to plaintiff regarding the credentialing process and had advised plaintiff regarding all aspects of the credentialing process.

22.    Each of the representations made by Otto were false, were known by her to be false when they were made, and were made for the purpose of having plaintiff's employer conclude that she (Otto) had fulfilled her obligations to plaintiff and to the District respecting the credentialing process. In fact, Otto had provided no written materials to plaintiff and had not provided to plaintiff any of the information she claimed to have provided.

23.    Plaintiff's employer (the District) relied upon the false representations made by Otto and as a result demoted plaintiff from her position as Principal and thereafter terminated her employment. Plaintiff was unaware of MCOE's and Otto's obligations to her respecting the credentialing process until she discovered the existence of the contract/agreement between the District and MCOE and thereafter learned of the non-contractual duties owed to her by MCOE as alleged hereinabove.

24.    As a direct and proximate result of the acts of Mary Otto alleged herein above, plaintiff suffered damages in an amount to be proved at trial.

## PUNITIVE DAMAGES

25.    The false representations made by Mary Otto alleged hereinabove were made for the purpose of safeguarding her own employment and with the knowledge that said false

7

representations would jeopardize plaintiff's employment. In making said false representations Otto acted with the intent to cause injury to plaintiff and/or with reckless disregard for plaintiff's rights, safety and welfare. Said conduct was oppressive and malicious and warrants the imposition of punitive damages against Otto.

WHERFORE, plaintiff prays judgment against defendants and each of them as follows:

    1.    For general and special damages according to proof,

    2.    For punitive damages against defendant Mary Otto,

    2.    For costs of suit, and,

    3.    For such other and further relief as the court deems appropriate.

Dated: October 11, 2007

LAW OFFICES OF AMANDA METCALF

Amanda Metcalf
Attorneys for Plaintiff, Christina Windsor

LAW OFFICES OF
AMANDA METCALF

Windsor v. Marin County Office of Education,
First Amended Complaint

# PROOF OF SERVICE

I am a resident of Marin County, State of California.  I am over the age of

Eighteen years and not a party to the within action.  My business address is:  29 Marin

Bay Park Court, San Rafael, CA. 94901.

On the date hereof, following ordinary business practice, I served the
Following described document(s):

FIRST AMENDED COMPLAINT ...Windsor v. MCOE, et al

With Proof of Service attached, on the interested parties to this action by placing a true
Copy thereof enclosed in a sealed envelope addressed as follows:

Dennis J. Walsh
Adam Bouayad
Walsh and Associates
16633 Ventura Blvd., Suite 1210
Encino, CA. 91436


(x)    (By First Class Mail) I caused such envelope(s) with postage thereon fully prepaid
       to be placed in the United States Mail at San Rafael, California.

( )    (By email) I caused to be transmitted by email a true copy thereof
       to the confirmed email address of Dennis Walsh

( )    (By Express Mail) I caused such envelope with fees paid by sender to be sent by
       Express Mail/Next Business Day Delivery, to the parties identified above.

( )    (By personal delivery on counsel for defendant Sausalito School District in San
       Rafael, California.

Dated: October 12, 2007

_____
Amanda Metcalf

Preserve Our Planet...Use Recycled Paper

## CERTIFICATE OF SERVICE

STATE OF CALIFORNIA    )
                       )§
COUNTY OF LOS ANGELES  )

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years of age, and am not a party to the within action.  My business address is 16633 Ventura Boulevard, Suite 1210, Encino, California 91436.

     On **February 22, 2008** I served the document described **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES UNDER 42 U.S.C. §1988, 28 U.S.C. §1927, and _Code of Civil Procedure_ §1038; DECLARATION OF DENNIS J. WALSH IN SUPPORT THEREOF** on the interested parties in this action, as follows:

Amanda Metcalf, Esq.
Nyanza Shaw, Esq.
Law Offices of Amanda Metcalf
29 Marin Bay Park Court
San Rafael, California 94901
Telephone Number:  (415) 454-0945
Facsimile Number:  (415) 454-0145
Counsel for Plaintiffs, Christina Windsor
and Scottlan Windsor

     (BY UNITED STATES POSTAL SERVICE).    I deposited a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at Los Angeles, California.  I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  It is deposited with the United States Postal Service on that same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

xxx    (NEXT BUSINESS DAY).  I deposited a sealed envelope containing a true and correct copy of the above-entitled document, in a regularly maintained receptacle of the overnight courier, for delivery on the next business day.

     (ELECTRONIC TRANSMISSION).  I served a true and correct copy of the above-entitled document upon the interested party, via electronic transmission.

xxx    (FEDERAL).   I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

     Executed on February 22, 2008, at Encino, California.


_Adreana Rutter_
Adreana Rutter

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR ATTORNEYS' FEES-CASE NO: CV 07 02897 (JSW)